FILED

2009 JUN -4  PM 12: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1  CONNON & WOOD LLP
   NICHOLAS P. CONNON, State Bar No. 150815
2  Email:  nconnon@connonwood.com
   KATHLEEN M. WOOD, State Bar No. 149916
3  Email:  kwood@connonwood.com
   35 East Union Street, Suite C
4  Los Angeles, California  90017-3323
   Telephone:  (626) 389-3845
5  Facsimile:  (626) 792-9304

6  GREENBERG TRAURIG LLP
   Robert P. Charrow, State Bar No. 44962
7  Email: charrowr@gtlaw.com
   John F. Scalia, State Bar No. 154560
8  Email: scaliaj@gtlaw.com
   2101 L Street, N.W., Suite 1000
9  Washington, D.C. 20037
   Telephone: (202) 331-3100
10 Facsimile: (202) 331-3101

11 Attorneys for L-3 Communications
   Corporation, L-3 Communications
12 Holdings, Inc., and L-3 Services, Inc.
   (erroneously sued herein as "Titan
13 Translators")

BY FAX

14             UNITED STATES DISTRICT COURT

15          SOUTHERN DISTRICT OF CALIFORNIA

16                          '09 CV 1211 W     CAB

17 GEORGE HALLAK, an Individual,          CASE NO.

18             Plaintiff,                  NOTICE OF REMOVAL
                                          [28 U.S.C. 1331, 1367, 1441, and
19        vs.                             1446]

20 L3 Communications Corporation, a       [San Diego Superior Court Case No. 37-
   Corporation, L3 Communications         2009-00065301-CU-NP-EC ]
21 Holdings, Inc., a corporation, Titan
   Translators, a corporation, and TCS
22 Corporation, a corporation, and DOES 1
   through 100, inclusive,
23
              Defendants.
24

25

26     TO THE CLERK OF COURT FOR THE UNITED STATES DISTRICT

27 COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF

28 GEORGE HALLAK, ET AL, AND THEIR ATTORNEYS OF RECORD:

                              -1-
                      NOTICE OF REMOVAL



1  PLEASE TAKE NOTICE that Defendants L-3 Communications Corporation

2  and L-3 Communications Holdings, Inc., and Defendant L-3 Services, Inc.,

3  erroneously sued herein as "Titan Translators" (hereinafter collectively "L-3" or the

4  "L-3 Defendants")[1] hereby invoke this Court's jurisdiction and remove the state

5  court action described below from the Superior Court for the State of California for

6  the County of San Diego, East County Division, to the United States District Court

7  for the Southern District of California.  Defendants hereby remove the state court

8  action to this United States District Court pursuant to the provisions of 28 U.S.C. §§

9  1331, 1337, 1367, 1441, 1442, and 1442a and 1446 on the following grounds:

10  1.  **The State Court Action.**  On January 2, 2009, an action entitled

11  George Hallak, an Individual, and additional parties attached, and Roes 1 through

12  1000 v. L3 Communications Corporation, a corporation, L3 Communications

13  Holdings, Inc., a corporation, Titan Translators, a corporation, TCS Corporation

14  [sic], a corporation, and DOES 1 though 100 was filed in the Superior Court of the

15  State of California, County of San Diego, East County Division (El Cajon) and

16  assigned Case No. 37-2009-00065301-CU-NP-EC. The L-3 Defendants have not

17  been served with the initial complaint (the "Complaint") that was filed on January 2,

18  2009.  Defendant Thomas Computer Solutions, LLC, erroneously sued herein as

19  "TCS Corporation" ("TCS"), also has not been served with the Complaint.  On

20  information and belief, Plaintiffs lodged a first amended complaint with the state

21  court (the "First Amended Complaint") on May 6, 2009.  Counsel for the L-3

22  Defendants signed and returned Acknowledgments of Service of the First Amended

[1]  Plaintiffs purport to state claims against "Titan Translators," an entity erroneously named, which was formally the Titan Corporation, and which was acquired in July 2005 by L-3 Communications Corporation and renamed L-3 Communications Titan Corporation. It was subsequently renamed L-3 Services, Inc., and is a wholly owned subsidiary of L-3 Communications Corporation.  (*See* the accompanying Notice of Parties With a Financial Interest, filed herewith.)

1   Complaint, on June 1, 2009, for each of the L-3 Defendants.  Defendant TCS has

2   not yet been served with the First Amended Complaint and has not signed or

3   returned Acknowledgments of Service.

4        The Complaint, as well as the First Amended Complaint, purport to state

5   causes of action for California Labor Code violations; the Fair Labor Standards Act,

6   conversion, fraud, breach of the implied covenant of good faith and fair dealing (as a

7   separate claim), and violations of California Business and Professions Code §

8   17200, *et seq*.  True and correct copies of the Summons and Complaint and related

9   documents are attached as Exhibit A.  True and correct copies of the First Amended

10  Complaint and the attachments thereto are attached as Exhibit B.  True and correct

11  copies of the remaining matters from the state court file are attached hereto as

12  Exhibit C.

13       2.    This Court Has Federal Question Jurisdiction Over This Complaint.

14  The Complaint and the First Amended Complaint bring claims under the Fair Labor

15  Standards Act (the "FLSA") over which this court has original "federal question"

16  jurisdiction pursuant to 28 U.S.C. § 1331.  State court actions asserting FLSA

17  claims may properly be removed to federal district court under 28 U.S.C. § 1441

18  through application of §§ 1331 or 1337(a).  *Breuer v. Jim's Concrete of Brevard* 538

19  U.S. 691 (2003).

20       While the existence of the FLSA claims is by itself sufficient to permit

21  removal, both the geographical location of the operative events and the nature of the

22  activities involved in this case establish that Plaintiffs' action arises under the laws

23  of the United States, permitting removal under § 1441.  The Complaint and the First

24  Amended Complaint also both allege that the conduct at issue took place at Fort

25  Irwin, a United States Army base, at its National Training Center, as well as at

26  Twenty-Nine Palms, the Marine Corps Combat Training Center, located in San

27  Bernardino County, California.  Both of these geographical locations are federal

28  enclaves, where the governing law is exclusively federal.  *See Bussey v. Edison*

1 | *International, Inc.*, 2009 WL 481651, *2-3 (C.D. Cal. Feb. 23, 2009) (granting

2 | summary judgment in favor of government contractor defendant on worker's

3 | wrongful termination arising on federal enclave); *Stiefel v. Bechtel Corporation*, 497

4 | F.Supp.2d 1153, 1159 (S.D. Cal. 2007) (granting motion to dismiss worker's

5 | wrongful termination arising on federal enclave); *Mersnick v. USProtect*

6 | *Corporation*, 2006 WL 3734396, *7-8 (N.D. Cal. Dec. 18, 2006) (granting motion

7 | to dismiss California statutory wage claims based on federal enclave); *George v.*

8 | *Uxb International, Inc.*, 1996 WL 241624, *3-4 (N.D. Cal. May 3, 1996) (granting

9 | motion for partial summary judgment because California daily overtime laws do not

10 | apply on federal enclave); U.S. Const. art. I, § 8, cl. 17.   Accordingly, Plaintiffs'

11 | claims can only arise under federal law.  By the same token, Plaintiffs allege that

12 | they were engaged in the training of United States military personnel, on a United

13 | States military base, in preparation for United States military operations at locations

14 | overseas.  These activities involve a uniquely federal interest pursuant to which

15 | federal law entirely displaces any applicable state law under the principles set out in

16 | *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988).  Therefore,

17 | because federal law provides the exclusive cause of action, the case arises under

18 | federal law, allowing removal under § 1441(b). *See Beneficial National Bank v.*

19 | *Anderson*, 539 U.S. 1 (2003) (when only federal law applies, state law is completely

20 | pre-empted).  Federal law further displaces state law because the federal activities

21 | were undertaken under the "raise and support" clauses of the United States

22 | Constitution.  Even if something other than federal law provided the basis for the

23 | claims in this case, the case involves embedded federal questions and is, therefore,

24 | removable under *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S.

25 | 308 (2005).

26 |      3.   <u>This Court Also Has Jurisdiction Under 28 U.S.C. § 1442:</u>  Under 28

27 | U.S.C. § 1442(a)(1) a civil action may be removed against "the United States or any

28 | agency thereof or *any officer (or any person acting under that officer)* of the United

1 States or of any agency thereof, sued in an official or individual capacity for any act

2 under *color of such office*" may be removed.  Section 1442 provides for removal of

3 claims against defendants because they are "persons" acting under the direction and

4 the behest of the Federal Government, here the Department of Defense, the United

5 States Army and the Marine Corps.  *See Durham v. Lockheed Martin Corp.*, 445

6 F.3d 1247 (9th Cir. 2005).

7       4.    **This Notice Is Timely And All Defendants Consent to This**

8 **Removal.**  The L-3 Defendants signed and returned Acknowledgments of Receipt of

9 the First Amended Complaint on June 1, 2009, effectuating service on that day.

10 Defendant TCS has not been served with either the Complaint or the First Amended

11 Complaint. Defendant TCS has also consented to and joins in this removal, as

12 evidenced by the joinder and signature of Defendant TCS' counsel, below.

13 Accordingly, this Notice is proper and timely, within the thirty (30) day period

14 prescribed, under 28 U.S.C. §1446.

15       5.    **This Court Has Supplemental Jurisdiction Over the State Law**

16 **Claims.**  The Complaint and the First Amended Complaint also purport to raise state

17 law claims for wage and hour violations, fraud, breach of the implied covenant,

18 conversion as well as violations of the California Business and Professions Code

19 (Section 17200 *et seq.*).  As alleged in both complaints, all of these claims are based

20 on the same operative facts, the plaintiffs' performance of services as participants in

21 war games training missions, which took place at Fort Irwin, California, at the

22 Army's National Training Center, and Twenty Nine Palms Marine Combat Training

23 Center. (See Exhs. A and B at ¶¶ 8 – 11.)  As a result, this Court has supplemental

24 jurisdiction over those state law claims, pursuant to 28 U.S.C. §1367(a).

25       6.    **Notice of this Filing To Be Provided To Plaintiff.**  As required by 28

26 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice

27 of Removal to Plaintiffs, through counsel of record, and will promptly file a copy of

28 this Notice of Removal with the Clerk for the Superior Court of the State of

-5-
NOTICE OF REMOVAL

1  California for the County of San Diego, East County Division, Judge Sturgeon,

2  presiding, where the state court action is currently pending

3

4         WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1337, 1367, 1441,

5  1442, and 1446, the L-3 Defendants hereby remove Plaintiffs' state court action

6  from the Superior Court of the State of California to this United States District

7  Court.

8  DATED:  June 4, 2009          CONNON WOOD SCHEIDEMANTLE LLP
                                  NICHOLAS P. CONNON
9                                 KATHLEEN M. WOOD

10

11                             By: _____
                                   KATHLEEN M. WOOD
12                                 Attorneys for Defendants L-3
                                   Communications Corporation, L-3
13                                 Communications Holdings, Inc., and L-3
                                   Services, Inc. (erroneously sued herein as
14                                 "Titan Translators").

15
        Defendant Thomas Computer Solutions, LLC, erroneously sued herein as
16
"TCS Corporation," HEREBY consents to and joins in this Notice of Removal.
17
   DATED:  June 4, 2009          SHEPPARD MULLIN RICHTER &
18                                HAMPTON LLC
                                  RYAN MCCORTNEY
19

20                             By: _____
                                   RYAN MCCORTNEY
21                                 Attorneys for Defendant Thomas
                                   Computer Solutions, LLC
22                                 (erroneously sued herein as "TCS
                                   Corporation")
23

24

25

26

27

28

# EXHIBIT INDEX

EXHIBIT A.............................................................................page 8

EXHIBIT B.............................................................................page 46

EXHIBIT C.............................................................................page 87

**EXHIBIT A**

**EXHIBIT A**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
L3 COMMUNICATIONS CORPORATION, a Corporation, L3
COMMUNICATIONS HOLDINGS, INC., a Corporation, TITAN
TRANSLATORS, a Corporation and TCS COPORATION, a
Corporation and

Does 1-100, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GEORGE HALLAK, an individual; and "Additional Parties
Attachment from is attached"; and

Roes 1-1000 inclusive.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
Clerk of the Superior Court

JAN 0 2 2009

By: M. Navarro, Clerk
EAST COUNTY DIVISION

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO
250 E. Main Street

EL CAJON, CA  92020
EAST COUNTY DIVISION

CASE NUMBER:
*(Número del Caso):* 37-2009-00065301-CU-NP-EC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DAN ZEIDMAN, SBN: 73276                    619-440-3232    619-440-7864
LAW OFFICES OF DAN ZEIDMAN
MICHELLE AFONT, ESQ. SBN: 165450
260 E.CHASE AVE., STE. 201, EL CAJON, CA  92020

DATE:          JAN 0 2 2009        Clerk, by _____, Deputy
*(Fecha)*                          *(Secretario)*    M. Navarro    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**SUM-200(A)**

| SHORT TITLE: GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff    ☐ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

1. Xhanger Sofy
2. Khilat Mohammed Agid
3. Dia Aldin
4. Amad Hana
5. Muna Thamer
6. Aladin Al-Jabiri
7. Mudalad Al-Jabiri
8. Latif Obaid
9. Abdul Razzak Razzook
10. Mourad Chihi
11. Lee Hanna
12. Hasan Khazal
13. Muhamad Shifa Ahmed
14. Fakhir Hakim
15. Perwar Almissouri
16. Ayad Almissouri
17. Hafsa (Delene) Almissouri
18. Labieb Mussa
19. Samyan Selevani
20. Zaky Ahmed
21. Sagvan Salih
22. Nariman Mohammad
23. Raad Rumia
24. Azad Sadiq
25. Ali Ismail

27. John Kalabat

29. Reikan Alebadi
30. Louis Shamoon
31. Gazwan Aldebadi

33. Nassar Salman
34. Wisam Hindi
35. Dhafir Yousif

38. Boton Hawlery
39. Kadhim Albumohammed
40. Reham Majeed
41. Jaafar Nasser
42. Samir Mona
43. Haitham Oraha
44. Alfons Attia

Page _1_ of _8_

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
Plus

Exhibit A

**SUM-200(A)**

| | |
|---|---|
| SHORT TITLE: GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: |

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

```
45. Kosar Shiro
46. Suham Marrogi
47. Samy Mona
48. Kamil Yousif
49. Nabil Issa
50. George Hallak - Same as Captioned Plaintiff
51.  Rian Hanna

53.  Sam Kashat
54.  Xasser Yalda
55.  Serwa Barzangi
56.  Showbo Barzangi
57.  Fawzia Heidari
58.  Nadia Shamoun
59.  Esmael Obaid
60.  Mukhles Gorges
61.  Mark Sako
62.  Andy Cholagh
63.  Sarah Mewlud
64.  Thamer Gorges
65.  Mahir Gorges

67.  Howar Yousif
68.  Steve Zaya
69.  Ibrahim Mulla
70.  Salim Hannosh
71.  Sirajaldin Shamsaldin

73.  Hejar Mayi
74.  Breen Maii
75.  Rebin Mustafa
76.  Hujin Mustafa
77.  Hividar Khendari
78.  Issam Jajou
79.  Istaifan Maroki

81.  Ahlam Almissouri
82.  Zeen Almissouri
83.  Nabil Hassan aka Tony Valantino
84.  Hamdi Hassan

86.  Hoshang Sabir
87.  Furhang Sabir
88.  Hurman Sarky
```

Page 2 of 8

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal Solutions Plus

Exhibit A

**SUM-200(A)**

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

89.  Sesin Zeki

91.  Bashar Mallah

93.  Guran Faiq
94.  Aven Faiq
95.  Juan Faiq
96.  Saman Faki Mohammad
97.  Harman Peromari
98.  Muntaser Abouna
99.  Shivan Amin
100. Salam Tobia
101. Nadra Jajou
102. Nader Jajou
103. Muhand Jajou
104. Aram Saei
105. Nabaz Khdir
106. Taha Hassan

108. Adauy Alei
109. Abeer Alei
110. Janan Shamoon
111. Bassim Seman
112. Bernadit Seman
113. Latif Kassab
114. Eashuo M. Markos
115. Alan Quadir
116. Samir Houssin Ismail
117. Mowafak Greorgees Gaboory
118. Mehdi Salehi
119. Silov Barwari
120. Seeber Barwari
121. Talar Bustani

123. Tara Bustani
124. Scalla Aziz
125. Halis Sarkey
126. Revend Taha
127. Mazin M. Oaisso
128. Saad Shammas
129. Jamal Tahir
130. Jalal Tahir
131. Kamal Tahir
132. Govand Dizayi

Page  3  of  8
Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons
Exhibit A

Legal
Solutions
⚖ Plus

SUM-200(A)

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties (Check only one box.  Use a separate page for each type of party.):

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

134. Azad Fathawllah
135. Jalal Toma
136. Abdeulkarim Zangana
137. Jamal Amin
138. Pishawa Sharif
139. Raied Romayha
140. Nedhal Romayha
141. Arkan Haji
142. Talal Hilantu
143. Mona Putrus
144. Jinan Abood
145. Zori Majid


148. Rony Korkes

150. Hareth Shooni
151. Hoshang Omar
152. Ala Marogi
153. Aida Marougi
154. Sana Marougi
155. Afaf Marougi
156. Eba Banarji
157. Reiman Piromari
158. Kawar Zubair
159. Karouzh Zubair

161. Faridoon Ibrahim
162. Abdul Yasil
163. Hamdia Aziz
164. Rebwar Bustani
165. Sherwan Tahir
166. Nariman Kalabat
167. Majd Nazo
168. Robert Shamoo
169. Mazin M. Odisho
170. Morrif Malakha
171. Dean Sabir
172. Haj Sirajaddin Nakashabandi
173. Sarhang Sabir
174. Taha Alhabid
175. Azizd Aljabbar
176. Abdulrah Mulla

Page  4  of  8

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal Solutions Plus

**Exhibit A**

**SUM-200(A)**

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

177. Hadi Salehi
178. Wael Jajo
179. Firas Matia
180. Feras Matia
181. Salim Aljumaaily
182. Alan Bakelori
183. Mona Fathalla
184. Rafid Jebraeil
185. Sally Shamoon
186. Junaina Abou
187. Beywar Barwari
188. Newar Mustafa
189. Dawood Ahmed
190. Sharkar Mohammad
191. Seman M. Juwaideh
192. Monair
193. Sarkou Mahmood
194. Sangar Mahmood
195. Hadar Akraee
196. Masoud Hasan
197. Nahir Georges
198. Sal Gardy
199. Safa Saleh
200. Mohammed Khillawi
201. Uday Alea
202. Abeer Alea
203. Amer Rayis
204. Nidhal Salman
205. Ali Zada
206. Reving Taha
207. Herrish Saeed
208. Ranj Ahmed
209. Ribar Taha

211. Emad Mohammad
212. Siham P. Zoma
213. Reber Taha
214. Magid Terwonishe
215. Mahdi Terwanishy
216. Linda Shamon
217. Ghazwan Shamoun
218. Nashwan Gorgees
219. Zirak Amin
220. Jabar Khoshnaw

Page __5__ of __8__
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
Plus

Exhibit A

**SUM-200(A)**

| | |
|---|---|
| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: |

## INSTRUCTIONS FOR USE

➡  This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡  If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties (Check only one box.  Use a separate page for each type of party.):

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

221. Zyad Khoshnaw
222. Zahir Khoshnaw
223. Metin Mohammed
224. Kovan Abdul
225. Hoger Saleh
226. Yousif I. Hanna
227. Shakhwan Shiro
228. Karin Shiro
229. Bahroez Rasheed
230. Shorash Suleiman
231. Ridar Suleiman
232. Ahmed Ramahy
233. Bizhar Ameen
234. Mohammed Hamad
235. Ali Hamad
236. Naji Moshi
237. Abdulsalan Mulla
238. Mounir Maanmi
239. Warheel Khalid
240. Araz Khalid
241. Ziad Jazrawi
242. Siras Juwaideh
243. Rashad Kattoula
244. Choli Mustafa
245. Hajar Abdulla
246. Nazar Ahmad
247. Huda Alameri
248. Qudemaker Mewlud
249. Buhrooz Mewlud
250. Rostum Mewlud
251. Aram Berzenji
252. Suleiman Kiryakos
253. Ahmed Ahmad
254. Zheer Tawficz

256. Jamal Piyamari
257. Ahued Saedahmake
258. Karin Heidari
259. Dildar Yousif
260. Faris E. Shamon
261. Awaz Abbas
262. Bestoon Deloyi
263. Fenik Khoshnaw
264. Tony Korkes

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
Plus

**Exhibit A**

SUM-200(A)

| SHORT TITLE: GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

266. Dlovan Banavi
267. Botan Khoshnow
268. Mordan Akirayi
269. Warina Buni
270. Sardar Sindi
271. Karwav Sadi
272. Hassan Alassaly
273. Aklam Al-Nasrawi
274. Bassam Namo
275. Jawad Alaqrawi
276. Tony Y. Patros
277. Joan Doood
278. Sami Akraee
279. Ayad Date
280. Raad Kerlakoos
281. Rezan Khoshnow
282. Hanna Daloy
283. Muhammad Dosky
284. Ahmed Haji
285. Ribur Taha
286. Dahaz Weisu
287. Ary Ahmed
288. Samir Alsalehi
289. Saman Talabani
290. Nazar F. Beduhi
291. Haydar Karim
292. Thair Suwaideh
293. Sarmad Yousif
294. Sami Pauls
295. Noori Hermez
296. Azad Jaff
297. Mahmood Al-Maqshabandi
298. Suhaila Ibrahim
299. Delar Shamdeem
300. Andy Jarjis
301. Mark Younes
302. Sultana Yousif
303. Kamil Khalil
304. Salah Safo
305. Ahmed Kadhim
306. Sam Elsiedey
307. Ann Kakos
308. Sohaily Putris

Page 7 of 8
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**


Legal Solutions Plus

**Exhibit A**
**Page 15 of 99**

**SUM-200(A)**

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties *(Check only one box.  Use a separate page for each type of party.):*

[X] Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

309. Michael Shamoon
310. Ali Al-Azawy

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
Plus

Exhibit A
Page 16 of 99

3459.529

1  LAW OFFICES OF DAN ZEIDMAN
   Dan Zeidman, Esq. (SBN 73276)
2  Michelle Afont, Esq. (SBN 165450)
   260 East Chase Avenue
3  PO Box 1238
   El Cajon, CA 92022

4  Phone: (619) 440-3232
   Fax:   (619) 440-7864
5  dzlaw@cox.net

6  Attorneys for All Plaintiffs

**FILED ON DEMAND**

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       FOR THE COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

10

11 | GEORGE HALLAK, *an individual; and* and all plaintiffs named ) | Case No.  37-2009-00065301-CU-NP-EC
   | ~~in Exhibit "A"~~ Additional Parties )
12 | Attachment from is attached, and )
   | Does 1-1000 inclusive. )
13 |              Plaintiffs, ) | COMPLAINT FOR DAMAGES FOR:
   |                         )
   |                         ) | 1.  VIOLATIONS OF WAGE & HOUR
14 | vs.                     ) |     LAWS (State & Federal)
   |                         ) | 2.  FRAUD with punitive damages
15 |                         ) | 3.  CONVERSION with punitive
   |                         ) |     damages
16 | L3 COMMUNICATIONS CORPORATION, ) | 4.  VIOLATIONS OF CALIFORNIA
   | a corporation, L3 COMMUNICATIONS ) |     BUSINESS & PROFESSIONS
17 | HOLDINGS, INC., a corporation, TITAN ) |     CODE SECTIONS 17200, et.seq.
   | TRANSLATORS, a corporation, and TCS ) | 5.  BREACH OF COVENANT OF
18 | COPORATION, a corporation, and ) |     GOOD FAITH AND FAIR
   | DOES 1 to 100, inclusive, ) |     FAIR DEALING with punitive
19 |                         ) |     damages
   |              Defendants. ) |
20 | ─────────────────────── ) | Including interest, costs, & attorney fees

21

22

23 Plaintiffs allege the following:

24

Exhibit A
Page 17 of 99

## GENERAL ALLEGATIONS
### (Against All Defendants)

1. This is a claim for compensation brought against plaintiffs' employers pursuant to California Labor Code §§ 218 and 1194, and § 216(b) of the Fair Labor Standards Act [29 U.S.C. § 201 et seq., hereinafter referred to as the "Act"] for violations of state and federal wage and hour laws, as well as common law and/or statutory fraud/deceit, conversion, and violations of Cal. B & P Code Sections.  Plaintiffs are seeking to recover unpaid overtime and hourly wages, reimbursement of employee expenses, record keeping penalties, statutory waiting time penalties, compensatory damages for fraud/deceit and/or conversion, damages for violations of B & P Code, and punitive damages, pre-judgment interest and attorney fees and legal costs..

2. Defendants L3 Communications Corporation (hereinafter "L3"), L3 Communications Holdings, Inc. (hereinafter "L3H"),  Titan Corporation (hereinafter "Titan") and TCS Corporation (hereinafter "TCS") are, and at all times herein mentioned were, a business entity,  believed to be corporations, but true form unknown, doing business in the County of San Diego, California.

3. Defendants Does 1-100, inclusive were at all times herein doing business in the County of San Diego, California.

4. The employment which is the subject of this action was entered into in the County of San Diego, State of California and partly performed therein. Plaintiffs certify that venue lies within this judicial district.

1    5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants,

2    DOES 1 through 100, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such

3    fictitious names. Plaintiffs are informed and believes and therefore alleges that each of the defendants

4    designated herein as a DOE is legally responsible in some manner for the events and happenings

5    herein referred to, and legally caused injury and damages thereby to plaintiffs as herein alleged.

6

7    6. At all times herein mentioned, defendants, and each of them, were the agents and

8    employees of each of the remaining defendants, and were at all times acting within the purpose

9    and scope of said agency and employment, and each defendant has ratified and approved the acts

10   of his agent.

11

12   7. All named Defendants and DOES 1 through 100, inclusive, employed plaintiffs during

13   the years approximately 2004 through 2007. All Defendants employed plaintiffs in a very special and

14   unique role as more described below.

15

16   8. The gravamen of the employment is best described as follows:

17

18        a.  Defendants and each of them contracted, as private contractors, with the United States of

19   America to supply Iraqi born civilians to act as Iraqi Nationals during the training of U.S. Army

20   soldiers and U.S. Marine Corps marines in the United States before going to Iraq to fight the War on

21   Terror.

22

23

24

b.  Said Iraqi civilians, all of the Plaintiffs herein, had as their job to act as if they were IN Iraqi, breathing, sleeping, eating, working, and living AS IF they were actually in Iraq, in order to give the soldiers and marines as identical Iraqi environment, culture, and living conditions as if they all were in Iraq, even though this training was to be performed on United States military reservations in the United States, such as Ft. Irwin, CA and Twenty-nine Palms, CA.

c.  During their rotations for 3-week periods, Plaintiffs were confined to their living areas, could not wander off post or off base at will, and were literally "on the job" 24 hours every day, 7 days a week.  Because in Iraq there would be no distinction among the real Iraqi Nationals as far as their living their lives 24 a day, so too were the Plaintiffs, in acting as if they were IN Iraq, were to live Iraqi lives 24 hours a day as if they were actually living in Iraq.  This concept was a very important part of their jobs in helping to train the soldiers and marines of life in Iraq, Iraqi culture, and what they faced once they were deployed to the "real" Iraq.

d.  In fact, oftentimes Plaintiffs would be rousted from their beds in the middle of the night as if the Plaintiffs were members of a terrorist household.

e.  The Plaintiffs acting as translators also had to be available 24 hours a day, and were in fact required to assist the soldiers and marines in said mock exercises, such as the raiding of mock terrorist homes.

f. Defendants had the sole right to tell the Plaintiffs exactly how to do their jobs. The Defendants gave the Plaintiffs scenarios, and the Plaintiffs were required to abide by those scenarios. The Plaintiffs had no right to change the scenarios. Virtually every minute of every day while Plaintiffs were on rotations, their lives were controlled by the Defendants. It even got to the point whereby the Plaintiffs were told by the Defendants when and where to shower, for example. As another example, there were mandatory meetings every morning, and if anyone was absent from any meeting, that person would be literally punished by the Defendants.

g. In doing their jobs, even though Plaintiffs signed what was furnished by the Defendants and what the Defendants called an "independent contractor" contract, Plaintiffs were in fact in no way independent contractors, but instead were employees of Defendants by the specialness and uniqueness of their jobs, as well as the sensitivity of their jobs insofar as national security is concerned, such that they in every way acted as employees of Defendants rather than independent contractors.

h. Insofar as said independent contractor contract purported to make Plaintiffs "independent contractors" instead of "employees" of Defendants, and insofar as said contract was an oppressive contract against Plaintiffs (for example Virginia Law instead of California Law to apply), said contract was a fraud and a sham and oppressive, having nothing to do with reality on the job and/or the location of the job, and therefore was a nullity in said particulars since it deceived and defrauded and oppressed Plaintiffs. (A copy of an example of said contract is attached hereto as Exhibit "B".)

i. With regards to the lack of payment for wages and overtime alleged herein, all of said work was performed in the calendar year 2006 and 2007 and all of said actions by Defendants herein were intentional, and/or done with recklessly and without regard for the truth.

j. With regards to the fraud/deceit alleged herein, all of said actions by the Defendants of fraud/deceit were done within the past 3 years since the discovery of said fraud/deceit by the Plaintiffs. Plus, said fraud/deceit continued as an ongoing and continuous  tortious action through 2006 and 2007.

k.. Defendants from time to time took wages from Plaintiffs for alleged misdeeds of Plaintiffs without just cause and/or a legal basis to do so, also showing the total power and control that Defendants had over Plaintiffs.

l. Each of the Plaintiffs had a "site manager" who was an employee of Defendants, and that site manager had virtually total control over how the Plaintiffs lived their lives 24 hours a day.

9. At all times herein mentioned defendants required, suffered or permitted the following terms and conditions of plaintiffs' employment:

a.. Defendants required plaintiffs to drive their own vehicles on interstate highways, and travel to Los Angeles and/or  Riverside and/or San Bernardino Counties from San Diego County on dates and times specified by Defendants;

b. Defendants failed to pay plaintiffs for all regular hours worked, i.e., Plaintiffs were on the job for 24 hours a day, but were only paid for 12 hours a day;

c. Defendants failed to pay plaintiffs for all overtime hours worked during the three years preceding the filing of this action in excess of eight in a day or forty in a week at the appropriate overtime rate of one and one-half times plaintiffs' regular wage rate for all hours worked in excess of eight in a day and forty in a week;

d. Defendants failed to pay plaintiffs for all hours worked in excess of eight in a day or forty in a week at overtime rates.

10. At all times herein mentioned defendants failed to pay plaintiffs for all their regular and overtime hours worked as described above.

11. At all times herein-mentioned defendants failed to maintain wage and hour records regarding plaintiffs' employment as required by law. [California Labor Code §§ 226 and 1174(d) and subparagraph 7 of the applicable IWC Wage Order, 8 Cal. Code Regs. 11000 et seq.]

FIRST CAUSE OF ACTION

(Failure to Compensate Plaintiffs for All Hours Worked – Against All Defendants)

12. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 11, inclusive, above.

1    13. Defendants failed to pay plaintiffs at the contracted for wages for all the hours actually

2    worked. Defendants' failure to pay said compensation to plaintiffs was a violation of

3    California Labor Code §§ 510(a), 558 and 1198, and wage orders promulgated by the Industrial

4    Welfare Commission and published in the California Code of Regulations at 8 Cal. Code Regs.

5    §§ 11010 et seq., as well as the Act.

6

7    14. Plaintiffs are accordingly entitled to receive compensation at the applicable contracted rates,

8    including time and one half for overtime as alleged herein, in effect at the time in an amount according

9    to proof, e.g., for the 12 hours worked while Plaintiffs were working a 24-hour shift for 7 days a week

10   during their rotations, as noted above.

11

12   15. Plaintiffs are entitled by statute to reasonable attorney fees [California Labor Code

13   §§ 218.5 and 1194(a); 29 U.S.C. § 216(b)], and pre-judgment interest at the legal rate of 10%

14   [California Labor Code § 218.6] as a direct and legal result of defendants' failure to pay

15   minimum wage compensation.

16

17   16. Plaintiffs are entitled to statutory waiting time penalties [California Labor Code §§

18   201, 202 and 203] as a direct and legal result of defendants' willful failure to pay all unpaid

19   compensation immediately upon the termination of their employment. Plaintiffs are also

20   entitled to liquidated damages in an amount equal to the wages owed. [29 U.S.C. § 216(b);

21   California Labor Code § 1194.2.] Plaintiffs are further entitled to receive a penalty assessment in

22   the amount of $50 for the first pay period in which they were underpaid, and $100 for each

23   successive pay period that they were underpaid. [California Labor Code § 558.]

24

## SECOND CAUSE OF ACTION

### (Non-Payment of Overtime – Against All Defendants)

17. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 16, inclusive, above.

18. Defendants' failure to pay overtime compensation to plaintiffs was a violation of California Labor Code § 510(a) and wage orders promulgated by the Industrial Welfare Commission and published in the California Code of Regulations at 8 Cal. Code Regs. §§ 11010 et seq., as well as the Act.

19. Plaintiffs are accordingly entitled to receive compensation at one and one-half times their regular rate of pay for the work described above in an amount according to proof.

20. Plaintiffs are entitled by statute to reasonable attorney fees [California Labor Code § 1194(a); 29 U.S.C. § 216(b)], and pre-judgment interest at the legal rate of 10% [California Labor Code § 218.6] as a direct and legal result of defendants' failure to pay overtime compensation.

21. Plaintiffs are entitled to statutory waiting time penalties [California Labor Code §§ 201, 202 and 203] as a direct and legal result of defendants' willful failure to pay overtime compensation immediately upon the termination of their employment. Plaintiffs are also entitled to liquidated damages in an amount equal to the wages owed. [29 U.S.C. § 216(b).] Plaintiffs are further entitled to receive a penalty assessment in the amount of $50 for the first

1  pay period in which they were underpaid, and $100 for each successive pay period that they

2  were underpaid. [California Labor Code § 558.]

3

4

5                          THIRD CAUSE OF ACTION

6                       (Conversion – Against All Defendants)

7

8  22. Plaintiffs restate and incorporate herein by reference each and every allegation

9  contained in paragraphs 1 through 21, inclusive, above.

10

11  23. Plaintiffs had a property ownership right in their wages that vested as soon as they

12  performed their work for defendants.

13

14  24. Defendants converted plaintiffs' wages by intentionally and wrongfully failing and

15  refusing to pay plaintiffs' their required wages.  Defendants converted said wages intentionally to

16  harm Plaintiffs, i.e., maliciously, and/or recklessly and without regard for the truth.

17

18  25. Plaintiffs have been damaged by defendants' conversion of their wages in the

19  amount of the wages and expenses withheld, along with all attorney fees and costs incurred in

20  recovering said property.

21

22  26. Plaintiffs have further sustained general damage in an amount according to proof

23  because of defendants' tortious conversion of their wages.

24

27. The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiffs' rights under California Civil Code § 3294 and in violation of the public policy of California. Specifically defendants intentionally withheld plaintiffs' wages, and therefore are responsible for punitive damages according to proof at trial.

## FOURTH CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing – Against All Defendants)

28. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, above.

29. The defendants' contract with plaintiffs (sample Exhibit "B") contained an implied covenant of good faith and fair dealing by which defendants promised to deal fairly and in good faith with plaintiffs with regard to defendants' performance of their obligations under the contract, including the prompt and full payment of all wages. Plaintiffs are informed and believe that defendants sought to wrongfully withhold a portion of the wages due, and therefore tortuously breached the covenant.

30. Plaintiffs have been damaged in the amount of all wages and expenses owed in an amount according to proof.

31. Plaintiffs have furthered sustained general damage in an amount according to proof.

1    32. Defendants breached said covenant with oppression and/or malice and therefore are responsible

2    for punitive damages according to proof at trial.

3

4

5                              FIFTH CAUSE OF ACTION

6        (Violation of Business and Professions Code § 17200 et seq. – Against All Defendants)

7

8    33. Plaintiffs restate and incorporate herein by reference each and every allegation

9    contained in paragraphs 1 through 32, inclusive, above.

10

11   34. Defendants' repeated violation of said statutes and regulations during the three

12   years preceding the filing of this action was unfair and/or unlawful and/or fraudulent and

13   therefore constituted an unlawful business practice prohibited by California Business &

14   Professions Code §§ 17200 et seq., and California Civil Code §§ 43, 51.7, 51.9, 1708 and

15   1708.5. Defendants gained an unfair business advantage by means of these practices and gained

16   an unfair competitive advantage with respect to competing businesses, which adhered to lawful

17   norms of business conduct. Defendants have therefore been unjustly enriched and plaintiffs have

18   been systematically harmed.

19

20   35. Plaintiffs are entitled to all relief available under Business and Professions Code §

21   17200, et seq., including punitive damages according to proof.

22

23

24

SIXTH CAUSE OF ACTION

(Penalties Assessed Under California Labor Code §2699 –Against All Defendants)

36. Plaintiff restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, above.

37. Defendants' failure to pay plaintiff their full wages in a timely manner and reimburse them for their gas/mileage expenses constituted violations of California Labor Code §§ 216, 225.5, 226, 558, and applicable wage orders [8 Cal. Code Regs. § 11010 et seq.] Defendants are accordingly subject to civil penalties of $50.00 for the first pay period during which any of these violations occurred, and $100.00 for each subsequent pay period that a violation occurred.

38. Defendants are further subject to civil penalties for their failure to maintain employment records as alleged above. [California Labor Code §§ 226.3 and 1174.5.]

39. California Labor Code § 2699 empowers plaintiffs to recover said penalties and retain 25% of the recovery, with the balance payable to the State of California. Plaintiffs are further entitled to recover their attorney fees and costs from defendants incurred in the prosecution of said recovery of penalties.

40. Plaintiffs have given written notice by certified mailed to the Labor and Workforce Development Agency and the defendants of defendants' violations of the Labor Code as specified above. Plaintiffs have either been notified by the Labor and Workforce Development

1    Agency that it does not intend to investigate the alleged violations, or the Labor and Workforce

2    Development Agency has failed to give notice of its intentions within the time specified in Labor

3    Code § 2699.3. Plaintiffs are accordingly entitled to pursue this civil action under Labor Code §

4    2699.

5

6                               SEVENTH CAUSE OF ACTION

7    (Fraud and/or Deceit for Sham Contract Purporting to be Independent Contractor Contract, Failure

8    to Pay Wages, and/or Failure to Pay Overtime)

9

10   41. Plaintiff restates and incorporates herein by reference each and evey allegation contained in

11   paragraphs 1 through 40, inclusive, above.

12

13   42. Defendants committed fraud and/or deceit when they required Plaintiffs to sign a sham contract

14   (example Exhibit "B") purporting to be an "independent contractor" contract, when Defendants

15   KNEW, ane/or with a reckless disregard for the truth failed to know, that the jobs of Plaintiffs would

16   legally place them in a position of "employee" and not "independent

17

18   43. Part of Defendants' purpose in fraudulently leading Plaintiffs to believe they were independent

19   contractors, when Defendants KNEW they were really employees in actions and job requirements,

20   was so that Defendants could not only defraud Plaintiffs out of their rightful wages and/or overtime,

21   but also to save money so as to illegally not pay withholding taxes and/or social security taxes and/or

22   state disability insurance and/or workers compensation insurance.

23

24                                        Exhibit A
                                        Page 30 of 99

44. In so doing as alleged, Defendants did in fact defraud and/or deceive Plaintiffs from receiving wages and/or overtime as well as other benefits of employment as employees, and Plaintiffs have been damaged thereby in reliance on the intentional misrepresentations (fraud and/or deceit) of Defendants according to proof at trial.

45. In so doing as alleged, Defendants defrauded and/or deceived Plaintiffs with oppression and/or malice, such that puntive damages should be awarded for said fraud, oppression, and/or malice.

46. In so doing as alleged, Plaintiffs have been damaged by compensatory damages including emotional distress and the like.

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them, as follows:

1. Damages for non-payment of regular and overtime compensation each according to proof; Waiting time penalties in the amount of thirty days' pay each;

2. Civil penalties in an amount according to proof for defendants' violations of the California Labor Code, including but not limited to §§ 216, 225.5, 226, 558;

3. Compensatory and general damages for all Causes of Action.

4. Compensatory and general damages for conversion and breach of the implied covenant of good faith and fair dealing and fraud/deceit in an amount according to proof;

5. Punitive damages as alleged herein;

6. Reasonable attorney fees;

7. Pre-judgment interest;

8. Costs of suit.

9. Liquidated damages in an amount equal to the unpaid wages due;

10. Such other and further relief as the court may deem proper.

Dated: January 2, 2009

LAW OFFICE OF DAN ZEIDMAN

By: _____
Dan Zeidman, Esq.
Attorneys for Plaintiffs

Exhibit A
Page 32 of 99

EXHIBIT "A"          1/2/2009

Page 1

| | |
|---|---|
| 1. | Xhanger Sofy |
| 2. | Khilat Mohammed Agid |
| 3. | Dia Aldin |
| 4. | Amad Hana |
| 5. | Muna Thamer |
| 6. | Aladin Al-Jabiri |
| 7. | Mudalad Al-Jabiri |
| 8. | Latif Obaid |
| 9. | Abdul Razzak Razzook |
| 10. | Mourad Chihi |
| 11. | Lee Hanna |
| 12. | Hasan Khazal |
| 13. | Muhamad Shifa Ahmed |
| 14. | Fakhir Hakim |
| 15. | Perwar Almissouri |
| 16. | Ayad Almissouri |
| 17. | Hafsa (Delene) Almissouri |
| 18. | Labieb Mussa |
| 19. | Samyan Selevani |
| 20. | Zaky Ahmed |
| 21. | Sagvan Salih |
| 22. | Nariman Mohammad |
| 23. | Raad Rumia |
| 24. | Azad Sadiq |
| 25. | Ali Ismail |
| 26. | BLANK |
| 27. | John Kalabat |
| 28. | BLANK |
| 29. | Reikan Alebadi |
| 30. | Louis Shamoon |
| 31. | Gazwan Aldebadi |
| 32. | BLANK |
| 33. | Nassar Salman |
| 34. | Wisam Hindi |
| 35. | Dhafir Yousif |
| 36. | BLANK |
| 37. | BLANK |
| 38. | Boton Hawlery |
| 39. | Kadhim Albumohammed |
| 40. | Reham Majeed |

EXHIBIT "A"

Exhibit A

EXHIBIT "A"          1/2/2009

Page 2

| 41. | Jaafar Nasser |
|-----|---------------|
| 42. | Samir Mona |
| 43. | Haitham Oraha |
| 44. | Alfons Attia |
| 45. | Kosar Shiro |
| 46. | Suham Marrogi |
| 47. | Samy Mona |
| 48. | Kamil Yousif |
| 49. | Nabil Issa |
| 50. | George Hallak - Same as Captioned Plaintiff |
| 51. | Rian Hanna |
| 52. | BLANK |
| 53. | Sam Kashat |
| 54. | Xasser Yalda |
| 55. | Serwa Barzangi |
| 56. | Showbo Barzangi |
| 57. | Fawzia Heidari |
| 58. | Nadia Shamoun |
| 59. | Esmael Obaid |
| 60. | Mukhles Gorges |
| 61. | Mark Sako |
| 62. | Andy Cholagh |
| 63. | Sarah Mewlud |
| 64. | Thamer Gorges |
| 65. | Mahir Gorges |
| 66. | BLANK |
| 67. | Howar Yousif |
| 68. | Steve Zaya |
| 69. | Ibrahim Mulla |
| 70. | Salim Hannosh |
| 71. | Sirajaldin Shamsaldin |
| 72. | BLANK |
| 73. | Hejar Mayi |
| 74. | Breen Maii |
| 75. | Rebin Mustafa |
| 76. | Hujin Mustafa |
| 77. | Hividar Khendari |
| 78. | Issam Jajou |
| 79. | Istaifan Maroki |
| 80. | BLANK |

EXHIBIT "A"
Exhibit A
Page 34 of 99

EXHIBIT "A"          1/2/2009

Page 3

| 81. | Ahlam Almissouri |
|------|------------------|
| 82. | Zeen Almissouri |
| 83. | Nabil Hassan aka Tony Valantino |
| 84. | Hamdi Hassan |
| 85. | BLANK |
| 86. | Hoshang Sabir |
| 87. | Furhang Sabir |
| 88. | Hurman Sarky |
| 89. | Sesin Zeki |
| 90. | BLANK |
| 91. | Bashar Mallah |
| 92. | BLANK |
| 93. | Guran Faiq |
| 94. | Aven Faiq |
| 95. | Juan Faiq |
| 96. | Saman Faki Mohammad |
| 97. | Harman Peromari |
| 98. | Muntaser Abouna |
| 99. | Shivan Amin |
| 100. | Salam Tobia |
| 101. | Nadra Jajou |
| 102. | Nader Jajou |
| 103. | Muhand Jajou |
| 104. | Aram Saei |
| 105. | Nabaz Khdir |
| 106. | Taha Hassan |
| 107. | BLANK |
| 108. | Adauy Alei |
| 109. | Abeer Alei |
| 110. | Janan Shamoon |
| 111. | Bassim Seman |
| 112. | Bernadit Seman |
| 113. | Latif Kassab |
| 114. | Eashuo M. Markos |
| 115. | Alan Quadir |
| 116. | Samir Houssin Ismail |
| 117. | Mowafak Greorgees Gaboory |
| 118. | Mehdi Salehi |
| 119. | Silov Barwari |
| 120. | Seeber Barwari |

EXHIBIT "A"

Exhibit A

Page 35 of 99

EXHIBIT "A"          1/2/2009

Page 4

| 121. | Talar Bustani |
| 122. | BLANK |
| 123. | Tara Bustani |
| 124. | Scalla Aziz |
| 125. | Halis Sarkey |
| 126. | Revend Taha |
| 127. | Mazin M. Oaisso |
| 128. | Saad Shammas |
| 129. | Jamal Tahir |
| 130. | Jalal Tahir |
| 131. | Kamal Tahir |
| 132. | Govand Dizayi |
| 133. | BLANK |
| 134. | Azad Fathawllah |
| 135. | Jalal Toma |
| 136. | Abdeulkarim Zangana |
| 137. | Jamal Amin |
| 138. | Pishawa Sharif |
| 139. | Raied Romayha |
| 140. | Nedhal Romayha |
| 141. | Arkan Haji |
| 142. | Talal Hilantu |
| 143. | Mona Putrus |
| 144. | Jinan Abood |
| 145. | Zori Majid |
| 146. | BLANK |
| 147. | BLANK |
| 148. | Rony Korkes |
| 149. | BLANK |
| 150. | Hareth Shooni |
| 151. | Hoshang Omar |
| 152. | Ala Marogi |
| 153. | Aida Marougi |
| 154. | Sana Marougi |
| 155. | Afaf Marougi |
| 156. | Eba Banarji |
| 157. | Reiman Piromari |
| 158. | Kawar Zubair |
| 159. | Karouzh Zubair |
| 160. | BLANK |

EXHIBIT "A"          1/2/2009

Page 5

| 161. | Faridoon Ibrahim |
| 162. | Abdul Yasil |
| 163. | Hamdia Aziz |
| 164. | Rebwar Bustani |
| 165. | Sherwan Tahir |
| 166. | Nariman Kalabat |
| 167. | Majd Nazo |
| 168. | Robert Shamoo |
| 169. | Mazin M. Odisho |
| 170. | Morrif Malakha |
| 171. | Dean Sabir |
| 172. | Haj Sirajaddin Nakashabandi |
| 173. | Sarhang Sabir |
| 174. | Taha Alhabid |
| 175. | Azizd Aljabbar |
| 176. | Abdulrah Mulla |
| 177. | Hadi Salehi |
| 178. | Wael Jajo |
| 179. | Firas Matia |
| 180. | Feras Matia |
| 181. | Salim Aljumaaily |
| 182. | Alan Bakelori |
| 183. | Mona Fathalla |
| 184. | Rafid Jebraeil |
| 185. | Sally Shamoon |
| 186. | Junaina Abou |
| 187. | Beywar Barwari |
| 188. | Newar Mustafa |
| 189. | Dawood Ahmed |
| 190. | Sharkar Mohammad |
| 191. | Seman M. Juwaideh |
| 192. | Monair |
| 193. | Sarkou Mahmood |
| 194. | Sangar Mahmood |
| 195. | Hadar Akraee |
| 196. | Masoud Hasan |
| 197. | Nahir Georges |
| 198. | Sal Gardy |
| 199. | Safa Saleh |
| 200. | Mohammed Khillawi |

EXHIBIT "A"

Exhibit A

Page 37 of 99

EXHIBIT "A"        1/2/2009

Page 6

| 201. | Uday Alea |
| 202. | Abeer Alea |
| 203. | Amer Rayis |
| 204. | Nidhal Salman |
| 205. | Ali Zada |
| 206. | Reving Taha |
| 207. | Herrish Saeed |
| 208. | Ranj Ahmed |
| 209. | Ribar Taha |
| 210. | |
| 211. | Emad Mohammad |
| 212. | Siham P. Zoma |
| 213. | Reber Taha |
| 214. | Magid Terwonishe |
| 215. | Mahdi Terwanishy |
| 216. | Linda Shamon |
| 217. | Ghazwan Shamoun |
| 218. | Nashwan Gorgees |
| 219. | Zirak Amin |
| 220. | Jabar Khoshnaw |
| 221. | Zyad Khoshnaw |
| 222. | Zahir Khoshnaw |
| 223. | Metin Mohammed |
| 224. | Kovan Abdul |
| 225. | Hoger Saleh |
| 226. | Yousif I. Hanna |
| 227. | Shakhwan Shiro |
| 228. | Karin Shiro |
| 229. | Bahroez Rasheed |
| 230. | Shorash Suleiman |
| 231. | Ridar Suleiman |
| 232. | Ahmed Ramahy. |
| 233. | Bizhar Ameen |
| 234. | Mohammed Hamad |
| 235. | Ali Hamad |
| 236. | Naji Moshi |
| 237. | Abdulsalan Mulla |
| 238. | Mounir Maanmi |
| 239. | Warheel Khalid |
| 240. | Araz Khalid |

EXHIBIT "A"
Exhibit A

EXHIBIT "A"        1/2/2009

Page 7

| 241. | Ziad Jazrawi |
| 242. | Siras Juwaideh |
| 243. | Rashad Kattoula |
| 244. | Choli Mustafa |
| 245. | Hajar Abdulla |
| 246. | Nazar Ahmad |
| 247. | Huda Alameri |
| 248. | Qudemaker Mewlud |
| 249. | Buhrooz Mewlud |
| 250. | Rostum Mewlud |
| 251. | Aram Berzenji |
| 252. | Suleiman Kiryakos |
| 253. | Ahmed Ahmad |
| 254. | Zheer Tawficz |
| 255. | BLANK |
| 256. | Jamal Piyamari |
| 257. | Ahued Saedahmake |
| 258. | Karin Heidari |
| 259. | Dildar Yousif |
| 260. | Faris E. Shamon |
| 261. | Awaz Abbas |
| 262. | Bestoon Deloyi |
| 263. | Fenik Khoshnaw |
| 264. | Tony Korkes |
| 265. | BLANK |
| 266. | Dlovan Banavi |
| 267. | Botan Khoshnow |
| 268. | Mordan Akirayi |
| 269. | Warina Buni |
| 270. | Sardar Sindi |
| 271. | Karwav Sadi |
| 272. | Hassan Alassaly |
| 273. | Aklam Al-Nasrawi |
| 274. | Bassam Namo |
| 275. | Jawad Alaqrawi |
| 276. | Tony Y. Patros |
| 277. | Joan Doood |
| 278. | Sami Akraee |
| 279. | Ayad Date |
| 280. | Raad Kerlakoos |

EXHIBIT "A"

Exhibit A

Page 39 of 99

EXHIBIT "A"        1/2/2009

Page 8

| 281. | Rezan Khoshnow |
|------|----------------|
| 282. | Hanna Daloy |
| 283. | Muhammad Dosky |
| 284. | Ahmed Haji |
| 285. | Ribur Taha |
| 286. | Dahaz Weisu |
| 287. | Ary Ahmed |
| 288. | Samir Alsalehi |
| 289. | Saman Talabani |
| 290. | Nazar F. Beduhi |
| 291. | Haydar Karim |
| 292. | Thair Suwaideh |
| 293. | Sarmad Yousif |
| 294. | Sami Pauls |
| 295. | Noori Hermez |
| 296. | Azad Jaff |
| 297. | Mahmood Al-Maqshabandi |
| 298. | Suhaila Ibrahim |
| 299 | Delar Shamdeem |
| 300. | Andy Jarjis |
| 301. | Mark Younes |
| 302. | Sultana Yousif |
| 303. | Kamil Khalil |
| 304. | Salah Safo |
| 305. | Ahmed Kadhim |
| 306. | Sam Elsiedey |
| 307. | Ann Kakos |
| 308. | Sohaily Putris |
| 309. | Michael Shamoon |
| 310. | Ali Al-Azawy |
|  |  |

EXHIBIT "A"
Exhibit A
Page 40 of 99

**L3**
**communications**

**Titan Linguist Operations
& Technical Support**

## CAT I
## INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (this "Agreement") is made effective by and between L-3 Communications Linguist Operations and Technical Support Division (the 'Company'), and _____ (the "Independent Contractor"), having a mailing address of _____.

A. The Company desires to have the services of the Independent Contractor.
B. The Independent Contractor is willing to provide services for the Company.
C. The Independent Contractor is eligible to work in the United States of America.

Therefore, the parties agree as follows:

1.    SERVICES. The Independent Contractor shall provide to the Company the services described on the attached Exhibit A, which is made a part of the Agreement by this reference.

2.    BEST EFFORTS OF INDEPENDENT CONTRACTOR. The Independent Contractor agrees to perform faithfully, industriously, and to the best of the Independent Contractor's ability, experience, and talents, all of the duties that may be required by the express and implicit terms of the Agreement, to the reasonable satisfaction of the Company.

3.    COMPENSATION OF INDEPENDENT CONTRACTOR.

A.    As compensation for the services provided by the Independent Contractor under this Agreement, the Company will pay the Independent Contractor a pay rate of $20 per hour for an anticipated 12 hour work day to perform the duties set out in Exhibit A. In addition, linguists living in harsh field conditions (as determined by the contractor) for the duration of each exercise will receive up to an additional $1,000 stipend—to be determined by the Company lead manager—to compensate them for this additional hardship (i.e., MRE meals only, no showers, no running water, field latrines).

B.    The Company will give the Independent Contractor a one-time payment for each exercise performed, to be paid by check and mailed to the Independent Contractor's address listed above. The Company will make every effort to do this no later than thirty working days after the Independent Contractor invoice has been received at headquarters.

C.    The U.S. Government will provide all lodging and meals for the Independent Contractor during the period of performance of this agreement. Therefore, Per Diem payments are not authorized for this exercise as provided for under the U.S. Government's Joint Travel

**EXHIBIT "B"**
Exhibit A
Page 41 of 99

**L3**
communications
Titan Linguist Operations
& Technical Support

Regulations, unless the U.S. Government's failure to provide lodging and meals causes the Independent Contractor to have to pay for his/her own lodging and meals.

D.    The Company will issue the Independent Contractor an IRS tax form 1099 Miscellaneous no later than 30 January of the year following the year services were provided, as required by law.

E.    The Company will reimburse the Independent Contractor for reasonable and necessary expenses incidental to travel, when such travel is pre-authorized by the Company and is over 50 miles from his/her home of record, as authorized under the U.S. Government's Joint Travel Regulations. All expenses (i.e., taxi fares, parking, etc.) require a receipt. Travel expenses will be reimbursed in the Independent Contractor's payment.

4.    FAILURE TO PERFORM. If the Independent Contractor fails to appear for work, or fails to perform in good faith or to complete the duties set out in Exhibit A, the Company reserves the right to hold the Independent Contractor liable for reimbursement of all costs incurred by the Company for the Independent Contractor's employment including all travel costs and any administrative costs borne by the Company.

5.    EMPLOYMENT ELIGIBILITY VERIFICATION. The Independent Contractor shall provide documents that establish identity (driver's license or photo ID card) and copies of documents that establish U.S. employment eligibility (U.S. Social Security card, U.S. Passport, or appropriate INS Form/Certificate) prior to any work being performed or compensation is rendered for services in compliance with this agreement. For any documentation compliance issues or questions please contact: (703) 390-7614, ATTN: Mr. Kevin Callier.

6.    COMPLIANCE WITH COMPANY'S RULES. The Independent Contractor agrees to comply with all of the rules and regulations of the Company or those of the Company's client facility, including U.S. Government facilities.

7.    NO LIABILITY INSURANCE. **COMPANY SHALL NOT BE LIABLE FOR ANY INJURY TO, LOSS OR DAMAGE TO THE PROPERTY OF, OR DEATH SUFFERED BY, INDEPENDENT CONTRACTOR AS A RESULT OF PERFORMANCE HEREUNDER, UNLESS IT IS THE RESULT OF COMPANY'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT. INDEPENDENT CONTRACTOR IS ADVISED TO OBTAIN ADEQUATE INSURANCE COVERING INJURY, DEATH, OR PROPERTY LOSS OR DAMAGE AND IS HEREBY NOTIFIED THAT COMPANY HAS NOT INSURED INDEPENDENT CONTRACTOR.**

8.    RETURN OR DAMAGE OF PROPERTY.    Upon completion of services, the Independent Contractor shall deliver all property (including keys, records, notes, data, memoranda, models, and equipment) that is in the Independent Contractor's possession or under the Independent Contractor's control that is the Company's property or related to the Company's

**EXHIBIT "B"**
Exhibit A
Page 42 of 99



**communications**
Titan Linguist Operations
& Technical Support

business. Additionally, the Independent Contractor is responsible for any damage done to any accommodations.

9.      **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties.

10.     **SEVERABLILITY.** If any provisions of the Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of the Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

11.     **WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provisions of this Agreement shall not be construed as a waiver or limitation of that party's rights to subsequently enforce and compel strict compliance with every provision of this Agreement.

12.     **APPLICABLE LAW.** The laws of the Commonwealth of Virginia shall govern this Agreement.

Signed on [DATE] _____

L-3 Communications Linguist Operations          Independent Contractor agreed to and
And Technical Support Division                  accepted:

By: _____         By: _____

Printed Name: _____             Printed Name: _____

                                                Title:  Linguist Independent Contractor

                                                Home Phone: _____

                                                Cell Phone: _____

                                                Social Security #: _____

**L3**
**communications**

Titan Linguist Operations
& Technical Support

## EXHIBIT A
## DESCRIPTION OF SERVICES AND CONDITIONS

The Independent Contractor will perform role-play and interpretation/translation, using Arabic language/cultural skills, for Mission Rehearsal Exercises at Ft. Irwin, CA, Ft. Drum, NY, Twenty-Nine Palms, CA, Ft. Bragg, NC, Ft. Riley, KS, Ft. Sam Houston, TX and Ft. Stewart, GA at multiple and varying intervals scheduled by the Company and dependent upon the government's exercise schedule for the period commencing 10 June 2007 through 09 September 2007. The Independent Contractor agrees to follow and abide strictly by all directions provided by L-3 Communications Linguist Operations and Technical Support Division and U.S. Government exercise control personnel, to include strict adherence to any script.

- An additional four to eight (4-8) hours will be allowed and billable on each of two (2) travel days incurred by the consultant for each exercise.

- Transportation for the Independent Contractor from a designated pick-up/drop-off point at time of agreement to Ft. Irwin, Ft. Drum, Twenty-Nine Palms, Ft. Bragg, Ft. Riley, Ft. Sam Houston, and Ft. Stewart and back will be provided by L-3 Communications Linguist Operations and Technical Support Division. Independent Contractor is responsible for his/her own transportation from his/her domicile to/from the designated pick-up/drop-off point.

- **Lodging, accommodations, and food will be provided to the Independent Contractor by the U.S. Government for the period of performance of each exercise. Independent Contractors are not guaranteed access to private (single-occupancy) lodging facilities or accommodation of special dietary requirements. Independent Contractor acknowledges that government-provided meals may only comprise military Meals Ready to Eat (MREs) or equivalents. Independent Contractor acknowledges that government-provided lodging may only comprise military barracks or field tents. Independent Contractor is not authorized non-government provided lodging. Independent Contractor may be authorized to purchase non-government-provided food at his/her own expense.**

- The Company will provide transportation for the Independent Contractor from lodging and dining facilities to/from the work site.

- In the event that the U.S. Government fails to provide the Independent Contractor with lodging and meals as stipulated above, the Company may authorize reimbursement to the Independent Contractor for reasonable out-of-pocket lodging and meal expenses (Per Diem) using rates that are in accordance with both U.S. Government Joint Travel Regulation (JTR) and L-3 Communications Linguist Operations and Technical Support Division Travel Policy.

- In the event that the U.S. Government ends the exercise early, the total compensation referred to in paragraph 3.A. of this agreement will be prorated to support the U.S.

**EXHIBIT "B"**
Exhibit A



**communications**

Titan Linguist Operations
& Technical Support

Government's requirements (i.e., 12 hours per work day). The hourly pay rate is figured at $20 per hour. Therefore, one 12-hour workday equates to $240. Two 12-hour days equate to $480.

- In the event that the U.S. Government extends the exercise, the total compensation referred to in paragraph 3.A. of this agreement will be increased to support the U.S. Government's requirements (i.e., 12 hours per work day at $20 per hour).

**EXHIBIT B**

# SUMMONS 1ST AMENDED COMPLAINT
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
L3 COMMUNICATIONS CORPORATION, a Corporation, L3
COMMUNICATIONS HOLDINGS, INC., a Corporation, TITAN
TRANSLATORS, a Corporation and TCS COPORATION, a
Corporation and

Does 1-100, Inclusive.
**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
GEORGE HALLAK, an individual; and "Additional Parties
Attachment from is attached"; and

Roes 1-1000 inclusive.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2009 MAY -6 FM 3: 16

SAN DIEGO COUNTY, CA

You have 30 **CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO<br>250 E. Main Street | **CASE NUMBER:**<br>(Número del Caso): 37-2009-00065301<br>CU-NP-EC |

EL CAJON, CA  92020
EAST COUNTY DIVISION
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
DAN ZEIDMAN, SBN: 73276                    619-440-3232      619-440-7864
LAW OFFICES OF DAN ZEIDMAN
MICHELLE AFONT, ESQ. SBN: 165450
260 E.CHASE AVE., STE. 201, EL CAJON, CA   92020

| | | | |
|---|---|---|---|
| DATE:<br>(Fecha) | Clerk, by<br>(Secretario) | | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465


Legal
Solutions
℠ Plus

SUM-200(A)

| SHORT TITLE:  Hallak v. L3 Communications Corporation, et al., | CASE NUMBER:<br>37-2009-00065301 CU-NP-EC |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties (Check only one box.  Use a separate page for each type of party.):

[x] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

1    Zhangar Sofy
2    Khilat Mohammed Agid (R)
3    Dia Aldin
4    Amad Hana
5    Muna Thamer
6    Aladin Al-Jabiri
7    Mudalal Al-Jabiri
8    Latif Obaid
9    Abdul Razzook
10   Mourad Chihi
11   Lee Hanna
12   Hasan Khazel
13   Muhamad Shifa Ahmed
14   Fakhir Hakim (R)
15   Perwar Almissouri
16   Ayad Almissouri
17   Hafsa (Delene) Almissouri
18   Labieb Mussa (R)
19   Samyan Selevani (R)
20   Zaky Ahmed (R)
21   Sagvan Salih
22   Nariman Mohammad
23   BLANK
24   Azad Sadiq
25   Ali Ismail
26   BLANK
27   John Kalabat
28   Juliet Selim
29   Reikan Alebadi (R)
30   Diar Mohammed
31   Gazwan Alebadi (R)
32   BLANK
33   Nasser Salman
34   Wisam Hindi
35   Dhafir Yousif
36   BLANK
37   BLANK
38   Botan Hawlery
39   Kadhim Albumohammed
40   Reham Majeed
41   Jaafar Nasser
42   Samir Mona
43   Haitham Oraha (R)
44   Alfons Attia

Page 1 of 9
Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions
Plus

Exhibit B

SUM-200(A)

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 CU-NP-EC |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

```
45  Kosar Shiro
46  Suham Marrogi
47  Samy Mona
48  Kamil Yousif
49  Nabil Issa  (R)
50  George Hallak - Same as Captioned Plaintiff
51  Rian Hanna
52  BLANK
53  Sam Kashit (R)
54  Yasser Yalda
55  Serwa Barzangi
56  Showbo Barzangi
57  Fawzia Heidari
58  Nadia Shamoun
59  Esmael Obaid
60  Mukhles Gorges
61  Mark Sako
62  Andy Cholagh
63  Sarah Mewlud
64  Thamer Gorgees aka Nahir Georges (formerly # 197)
65  Mahir Gorges
66  Ahmed Kadhim (formerly #305 )   (R)
67  Hawar Yousif
68  Steve Zaya
69  Ibrahim Mulla
70  Salim Hannosh
71  Sirajaldin Shamsaldin
72  BLANK
73  Hejar Mayi
74  Breen Maii
75  Rebin Mustafa
76  Hojin Mustafa
77  Hividar Khendari
78  Issam Jajou
79  Istaifan Maroki
80  Shivan Almissouri
81  Ahlam Almissouri
82  Zeen Almissouri
83  Nabil Hassan aka Tony Valantino
84  Hamdi Hassan
85  Louis Shamoon
86  Hoshang Sabir
87  Farhang Sabir
88  Harman Sarky
```

Page  2  of  9
Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
Plus

Exhibit B

SUM-200(A)

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

```
 89  Sefin Zeki
 90  Emad Shaba
 91  Bashar Mallah
 92  Ismael Putrus
 93  Guran Faiq
 94  Aven Faiq
 95  Juan Faiq
 96  Saman Faki Mohammad
 97  Harman Peromari
 98  Muntaser Abouna
 99  Shivan Ameen aka Amin
100  Salam Tobia (R)
101  Nadra Jajou (R)
102  Nader Jajou (R)
103  Muhannad Jajo aka Muhand Jajou
104  Aram Said aka Aram Saei
105  Nabaz Khdir
106  Taha Hassan
107  BLANK
108  Salwa Salem
109  Evait Shamoon
110  Janan Shamoon (R)
111  Bassim Seman
112  Bernadit Seman
113  Latif Kassab
114  Eashou M. Markos
115  Alan Qadir aka Quidar
116  Samir Houssin Ismail
117  Mowafak Gaboory
118  Mehdi Salehi
119  Silove Barwari
120  Seeber Barwari
121  Talar Bustani
122  BLANK
123  Tara Bustani
124  Scalla Aziz
125  Halis Sarky
126  Revend Taha (R)
127  Mazin M. Oaisso (R)
128  Saad Shammas (R)
129  Jamal Tahir (R)
130  Jalal Tahir(R)
131  Kamal Tahir
132  Govand Dizayi
```

Page  3   of  9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
ⓟ Plus

Exhibit B
Page 49 of 99

SUM-200(A)

| SHORT TITLE: GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 cu-np-ec |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[x] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

```
133  Nadira Cholakh
134  Azad Fatthullah
135  Jalal Toma (R)
136  Abdeulkarim Zangana (R)
137  Jamal Amin  (R)
138  Pishawa Sharif (R)
139  Raied Romayha aka Rumia
140  Nedhal Romayha
141  Arkan Haji
142  Talal Hilantu
143  Mona Putrus
144  Janan Abood (R)
145  Majid Zori
146  BLANK
147  BLANK
148  Rony Korkes (R)
149  Honer Tahir
150  Hareth Shooni
151  Hoshang Omar
152  Ala Banarji aka Ala Marogi
153  Aida Marougi (R)
154  Sana Marougi
155  Afaf Marougi
156  Eba Banarji
157  Reiman Piromari
158  Kawar Zubair
159  Karouzh Zubair
160  BLANK
161  Faridoon Ibrahim (R)
162  Abdul Yasin aka Yasil
163  Hamdia Aziz
164  Rebwar Bustani
165  Sherwan Tahir
166  Nariman Kalabat
167  Majd Nazo
168  Robert Shamoo
169  Mazin M. Odisho
170  Morrif Malakha (R)
171  Dean Sabir (R)
172  Bushra Butres aka Haj Sirajaddin Nakashabandi
173  Sarhand Sabir (R)
174  Taha Alhabid R)
175  Azizd Aljabbar R)
176  Abdulrahman Mulla aka Abdulrah
```

Page 4 of 9

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal Solutions Plus

Exhibit B

Page 50 of 99

SUM-200(A)

| SHORT TITLE:  GEORGE HALLAR et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 CU-PA-EC |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box.  Use a separate page for each type of party.):

[X] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

```
177   Hadi Salehi
178   Wael Jajo
179   Firas Matti aka Matia (R)
180   Feras Matti aka Matia (R)
181   Salim Aljumaaily (R)
182   Alan Bakelori
183   Mona Fathalla
184   Rafid Jebraeil
185   Sally Shamoon
186   Junaina Abou
187   Beywar Barwari
188   Newar Mustafa
189   Dawood Ahmed
190   Sharkir  Mohammed aka Sharkar Mohammad
191   Senan M. Juwaideh aka Seman
192   Masoud Sulevani
193   Sarkou Mahmood
194   Sangar Mahmood
195   Hadar Akraee
196   Masoud Hasan
197   Haval Bedihi
198   Sal Gardy
199   Safaa Saleh aka Safa Saleh
200   Mohammed Khillawi
201   Uday Alea aka Adauy Alei (formerly  #108 as well)
202   Abeer Alea aka Abeer Alei (formerly  #109 as well)
203   Amir Rayis (R)
204   Nidhal Salman
205   Ali Zada (R)
206   Reving Taha
207   Herish Saeed
208   BLANK (SEE IRAQ ONLY CASE FOR RANJ AHMED)
209   Wathiq  Alaboudy
210   Rasheed Barzangi
211   Emad Mohammad (R)
212   Siham P. Zoma
213   Reber Taha (B)
214   Magid Terwonishe
215   Mahdi Terwanishy
216   Linda Shamon
217   Ghazwan Shamoun
218   Nashwan Gorgees
219   Zirak Amin
220   Jabar Khoshnaw
```

Page  5  of  9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
Plus

| SHORT TITLE: GEORGE HALLAN et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

```
221   Zyad Khoshnaw
222   Zahir Khoshnaw
223   Metin Mohammed
224   Kovan Abdul
225   Hoger Saleh
226   Yousif I. Hanna
227   Shakhwan Shiro
228   Karim Shiro aka Karin
229   Bahroz Rasheed aka Bahroez
230   Shorash Suleiman
231   Ridar Suleiman
232   Ahmed  Al-Ramahy aka Ramahy
233   Bizhar Ameen
234   Mohammed Hamad
235   Ali Hamad
236   Naji Moshi (R)
237   Abdulsalan Mulla
238   Mounir Maalmi aka Monair aka Mounir Maanmi (formerly #192 )
239   Warheel Khalid
240   Araz Khalid
241   Ziad Jazrawi (R)
242   Firas Juwaideh aka Siras
243   Rashad Kattoula
244   Choli Mustafa
245   Hajar Abdulla
246   Nazar Ahmed
247   Huda Alameri
248   Qudemaker Mewlud (R)
249   Buhrooz Mewlud (R)
250   Rostum Mewlud (R)
251   Aram Berzengi
252   Suleiman Kiryakos (R)
253   Ahmed Ahmad
254   Zheer Tawficz (R)
255   BLANK
256   Jamal Piyamari(R)
257   Ahued Saedahmake (R)
258   Karim Heidari aka Karin
259   Dildar Yousif
260   Faris E. Shamon
261   Awaz Abbas
262   Bestoon Deloyi
263   Fenik Khoshnaw
264   Tony Korkes
```

Page 6 of 9
Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal Solutions Plus

SUM-200(A)

| SHORT TITLE: GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 cu-np-ec |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

```
265 BLANK
266 Dlovan Banavi
267 Boton Khoshnaw
268 Mordan Akirayi (R)
269 Warina Buni
270 Sardar Sindi
271 Karwan Sadi aka Karwav
272 Hassan Alassaly
273 Ahlam Al-Nasrawi aka Aklam
274 Bassam Namo (R)
275 Jawad Alaqrawi (R)
276 Tony Y. Patros (R)
277 Joane Daood aka Joan
278 Sami Akraee
279 Ayad Pate aka Date
280 Raad Keriakoos aka Kerlakoos
281 Rezan Khoshnaw
282 Hana Daloy
283 Muhammad Dosky
284 Ahmed Haji
285 Ribur Taha (formerly #209)
286 Dahaz Weisy aka Weisu
287 Ary Ahmed
288 Samir Alsalehi
289 Saman Talabani
290 Nazar F. Beduhi
291 Haydar Karim
292 Thair Juwaideh aka Suwaideh
293 Sarmad Yousif
294 Sami Pauls (B)
295 Noori Hermez
296 Azad Jaff
297 BLANK
298 Suhaila Ibrahim
299 BLANK
300 Andy Jarjis
301 Mark Younes (R)
302 Sultana Yousif (R)
303 Kamil Khalil
304 Salah Safo
305 Abdul Alsaedi
306 Sam Elsiedey
307 Ann Kakos
308 Sohaily Putris
```

Page 7 of 9

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal Solutions Ca Plus

Exhibit B

SUM-200(A)

| SHORT TITLE:   GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 cu-np-ec |
|---|---|

**INSTRUCTIONS FOR USE**

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (*Check only one box. Use a separate page for each type of party.*):

[x] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
309 Michael Shamoon (R)
310 Ali Al-Azawy (R)
311 Imad Aljabi
312 Swara Deloyi (B)
313 BLANK
314 Isam Dawood
315 Ali Alsaeed
316 Binyamin Binyamin
317 Sabah Marcus
318 Adel Hanna
319 Duraed Gabrail
320 Samer Al-Saegh
321 Muna Dawood
322 BLANK
323 BLANK
324 Kahzad Sindi
325 Salim Rawdah
326 Rita Kharat
327 BLANK
328 BLANK
329 BLANK
330 BLANK
331 BLANK
332 BLANK
333 BLANK
334 BLANK
335 BLANK
336 BLANK
337 BLANK
338 BLANK
339 Tariq Missouri
340 BLANK
341 Salim Binave (R)
342 Farid Akou
343 BLANK
344 Yazi Sagmani
345 BLANK
346 BLANK
347 BLANK
348 Ibrahim Sabbagh
349 Mike Khazal
350 Ahmed Al-Absi
351 Dilovan Mallah (B)
352 BLANK
```

Page __8__ of __9__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal Solutions Plus

Exhibit B

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:  37-2009-00065301 cu-np-ec |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

353 Akram Alasady
354 BLANK
355 Sheveen Missouri
356 Mishiar Missouri
357 BLANK
358 Jason Astifu
359 Adil Rasoul
360 Shakhawan Hussain
361 Adnan Fejleh
362 Ayman Fejleh
363 Kinan Fattahi
364 Tavgah Barzangi (R)
365 Taghreed Bahro
366 Muayad Sofi
367 Dorayid Shamoun
368 Zaid Shamoun
369 Majid Shaia
370 Bassam Kalasho
371 Omar TcHalabi
372 Zirivan Mohammad
373 Omar Sherdah
374 Sardar Ramzi
375 Bayar Sofi-Haji
376 Admiral Mirza
377 Barkho Emmanwiel
378 BLANK
379 Rangebar Amedi
380 Hameed Dohuky (B)
381 Kuvan Firamari
382 Ayoub Ahmed (B)
383 Ali Al-Tamimi
384 Tarik Al-Malki
385 Mahdi Al-Maliki
386 Hassan Al-Ghizzi
387 Bishar Sindy
388 Zaidoun Jawdat Nashi
389 Tony Rammo (R)
390 Nada Rammo (R)
391 Hivi Saleh (R)

   *Any apparent misspelling between a name on the original plaintiff list (in the original Attachment) and a name on the present plaintiff list is merely a misspelling, and the same person is the same plaintiff on both lists with that same plaintiff number.  The only places where this is different is where it is specifically indicated otherwise, e.g., #64, #66, #83, #152, #172, #201, #202, etc.

Page  9  of  9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal Solutions Plus

Exhibit B

1
DAN ZEIDMAN, Esq. (State Bar No. 73276)
MICHELLE L. AFONT, Esq. (SBN 165450)
2
LAW OFFICES OF DAN ZEIDMAN
260 E. Chase Avenue, Suite 201
3
P.O. Box 1238
El Cajon, CA   92020
4
(619) 440-3232
5
Attorneys for Plaintiffs
6

7

8

9
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
        FOR THE COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

11

37-2009-00065301-CU-NT-5e

12
GEORGE      HALLAK,    an   )   Case No.  2009653-01
individual,         and     )
13
Additional      Parties     )
Attachment    form    is    )
14
attached as "A",            )   FIRST AMENDED COMPLAINT
                            )   FOR DAMAGES FOR:
15
        Plaintiffs,         )
                            )   1.    VIOLATIONS OF WAGE & HOUR LAWS
16
vs.                         )         (State & Federal)
                            )   2.    FRAUD with punitive damages
17
L3 COMMUNICATIONS           )   3.    CONVERSION   with   punitive
CORPORATION, a              )         damages
18
corporation,                )   4.    VIOLATIONS  OF  CALIFORNIA
L3 COMMUNICATIONS           )         BUSINESS & PROFESSIONS CODE
19
HOLDINGS, INC.,             )         SECTIONS 17200, et.seq.
a corporation,              )   5.    BREACH OF COVENANT OF GOOD
20
TITAN TRANSLATORS, a        )         FAITH AND FAIR DEALING with
corporation, and TCS        )         punitive damages
21
COPORATION, a               )
corporation, and            )   Including interest, costs, & attorney fees
22
DOES 1 to 100,              )
inclusive,                  )   [Same Causes of Action as Original Complaint but
23
                            )   "Additional Parties Attachment" List is Changed]
        Defendants.
24

Exhibit B
Page 56 of 99

**Plaintiffs allege the following:**

### GENERAL ALLEGATIONS
(Against All Defendants)

1. This is a claim for compensation brought against plaintiffs' employers pursuant to California Labor Code §§ 218 and 1194, and § 216(b) of the Fair Labor Standards Act [29 U.S.C. § 201 et seq., hereinafter referred to as the "Act"] for violations of state and federal wage and hour laws, as well as common law and/or statutory fraud/deceit, conversion, and violations of Cal. B & P Code Sections.  Plaintiffs are seeking to recover unpaid overtime and hourly wages, reimbursement of employee expenses, record keeping penalties, statutory waiting time penalties, compensatory damages for fraud/deceit and/or conversion, damages for violations of B & P Code, and punitive damages, pre-judgment interest and attorney fees and legal costs..

2. Defendants L3 Communications Corporation (hereinafter "L3"), L3 Communications Holdings, Inc. (hereinafter "L3H"),  Titan Corporation (hereinafter "Titan") and TCS Corporation (hereinafter "TCS") are, and at all times herein mentioned were, a business entity, believed to be corporations, but true form unknown, doing business in the County of San Diego, California.

3. Defendants Does 1-100, inclusive were at all times herein doing business in the County of San Diego, California.

4. The employment which is the subject of this action was entered into in the County of San Diego, State of California and partly performed therein. Plaintiffs certify that venue lies within this judicial district.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants, DOES 1 through 100, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believes and therefore alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages thereby to plaintiffs as herein alleged.

6. At all times herein mentioned, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

7. All named Defendants and DOES 1 through 100, inclusive, employed plaintiffs during the years approximately 2004 through  2007.  All Defendants employed plaintiffs in a very special and unique role as more described below.

8. The gravamen of the employment is best described as follows:

    a.  Defendants and each of them contracted, as private contractors, with the United States of America to supply Iraqi born civilians to act as Iraqi Nationals during the training of U.S. Army soldiers and U.S. Marine Corps marines in the United States before going to Iraq to

fight the War on Terror.

b. Said Iraqi civilians, all of the Plaintiffs herein, had as their job to act as if they were IN Iraqi, breathing, sleeping, eating, working, and living AS IF they were actually in Iraq, in order to give the soldiers and marines as identical Iraqi environment, culture, and living conditions as if they all were in Iraq, even though this training was to be performed on United States military reservations in the United States, such as Ft. Irwin, CA and Twenty-nine Palms, CA.

c. During their rotations for 3-week periods, Plaintiffs were confined to their living areas, could not wander off post or off base at will, and were literally "on the job" 24 hours every day, 7 days a week. Because in Iraq there would be no distinction among the real Iraqi Nationals as far as their living their lives 24 a day, so too were the Plaintiffs, in acting as if they were IN Iraq, were to live Iraqi lives 24 hours a day as if they were actually living in Iraq. This concept was a very important part of their jobs in helping to train the soldiers and marines of life in Iraq, Iraqi culture, and what they faced once they were deployed to the "real" Iraq.

d. In fact, oftentimes Plaintiffs would be rousted from their beds in the middle of the night as if the Plaintiffs were members of a terrorist household.

e. The Plaintiffs acting as translators also had to be available 24 hours a day, and were in fact required to assist the soldiers and marines in said mock exercises, such as the raiding of mock terrorist homes.

f. Defendants had the sole right to tell the Plaintiffs exactly how to do their jobs. The Defendants gave the Plaintiffs scenarios, and the Plaintiffs were required to abide by those scenarios. The Plaintiffs had no right to change the scenarios. Virtually every minute of every day while Plaintiffs were on rotations, their lives were controlled by the Defendants. It even got to the point whereby the Plaintiffs were told by the Defendants when and where to shower, for example. As another example, there were mandatory meetings every morning, and if anyone was absent from any meeting, that person would be literally punished by the Defendants.

g. In doing their jobs, even though Plaintiffs signed what was furnished by the Defendants and what the Defendants called an "independent contractor" contract, Plaintiffs were in fact in no way independent contractors, but instead were employees of Defendants by the specialness and uniqueness of their jobs, as well as the sensitivity of their jobs insofar as national security is concerned, such that they in every way acted as employees of Defendants rather than independent contractors.

h. Insofar as said independent contractor contract purported to make Plaintiffs "independent contractors" instead of "employees" of Defendants, and insofar as said contract was an oppressive contract against Plaintiffs (for example Virginia Law instead of California Law to apply), said contract was a fraud and a sham and oppressive, having nothing to do with reality on the job and/or the location of the job, and therefore was a nullity in said particulars since it deceived and defrauded and oppressed Plaintiffs. (A copy of an example of said contract is attached hereto as Exhibit "B".)

i. With regards to the lack of payment for wages and overtime alleged herein, all of said work was performed in the calendar year 2006 and 2007 and all of said actions by Defendants herein were intentional, and/or done with recklessly and without regard for the truth.

j. With regards to the fraud/deceit alleged herein, all of said actions by the Defendants of fraud/deceit were done within the past 3 years since the discovery of said fraud/deceit by the Plaintiffs.  Plus, said fraud/deceit continued as an ongoing and continuous  tortious action through 2006 and 2007.

k.. Defendants from time to time took wages from Plaintiffs for alleged misdeeds of Plaintiffs without just cause and/or a legal basis to do so, also showing the total power and control that Defendants had over Plaintiffs.

l. Each of the Plaintiffs had a "site manager" who was an employee of Defendants, and that site manager had virtually total control over how the Plaintiffs lived their lives 24 hours a day.

9. At all times herein mentioned defendants required, suffered or permitted the following terms and conditions of plaintiffs' employment:

a.. Defendants required plaintiffs to drive their own vehicles on interstate highways, and travel to Los Angeles and/or  Riverside and/or San Bernardino Counties from San Diego County on dates and times specified by Defendants;

b. Defendants failed to pay plaintiffs for all regular hours worked, i.e., Plaintiffs were on the job for 24 hours a day, but were only paid for 12 hours a day;

c. Defendants failed to pay plaintiffs for all overtime hours worked during the three years preceding the filing of this action in excess of eight in a day or forty in a week at the appropriate overtime rate of one and one-half times plaintiffs' regular wage rate for all hours worked in excess of eight in a day and forty in a week;

d. Defendants failed to pay plaintiffs for all hours worked in excess of eight in a day or forty in a week at overtime rates.

10. At all times herein mentioned defendants failed to pay plaintiffs for all their regular and overtime hours worked as described above.

11. At all times herein-mentioned defendants failed to maintain wage and hour records regarding plaintiffs' employment as required by law. [California Labor Code §§ 226 and 1174(d) and subparagraph 7 of the applicable IWC Wage Order, 8 Cal. Code Regs. 11000 et seq.]

## FIRST CAUSE OF ACTION

### (Failure to Compensate Plaintiffs for All Hours Worked – Against All Defendants)

12. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 11, inclusive, above.

13. Defendants failed to pay plaintiffs at the contracted for wages for all the hours actually worked. Defendants' failure to pay said compensation to plaintiffs was a violation of California Labor Code §§ 510(a), 558 and 1198, and wage orders promulgated by the Industrial Welfare Commission and published in the California Code of Regulations at 8 Cal. Code Regs. §§ 11010 et seq., as well as the Act.

14. Plaintiffs are accordingly entitled to receive compensation at the applicable contracted rates, including time and one half for overtime as alleged herein, in effect at the time in an amount according to proof, e.g., for the 12 hours worked while Plaintiffs were working a 24-hour shift for 7 days a week during their rotations, as noted above.

15. Plaintiffs are entitled by statute to reasonable attorney fees [California Labor Code §§ 218.5 and 1194(a); 29 U.S.C. § 216(b)], and pre-judgment interest at the legal rate of 10% [California Labor Code § 218.6] as a direct and legal result of defendants' failure to pay minimum wage compensation.

16. Plaintiffs are entitled to statutory waiting time penalties [California Labor Code §§ 201, 202 and 203] as a direct and legal result of defendants' willful failure to pay all unpaid compensation immediately upon the termination of their employment. Plaintiffs are also entitled to liquidated damages in an amount equal to the wages owed. [29 U.S.C. § 216(b); California Labor Code § 1194.2.] Plaintiffs are further entitled to receive a penalty assessment in the amount of $50 for the first pay period in which they were underpaid, and $100 for each successive pay period that they were underpaid. [California Labor Code § 558.]

## SECOND CAUSE OF ACTION

### (Non-Payment of Overtime – Against All Defendants)

17. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 16, inclusive, above.

18. Defendants' failure to pay overtime compensation to plaintiffs was a violation of California Labor Code § 510(a) and wage orders promulgated by the Industrial Welfare Commission and published in the California Code of Regulations at 8 Cal. Code Regs. §§ 11010 et seq., as well as the Act.

19. Plaintiffs are accordingly entitled to receive compensation at one and one-half times their regular rate of pay for the work described above in an amount according to proof.

20. Plaintiffs are entitled by statute to reasonable attorney fees [California Labor Code § 1194(a); 29 U.S.C. § 216(b)], and pre-judgment interest at the legal rate of 10% [California Labor Code § 218.6] as a direct and legal result of defendants' failure to pay overtime compensation.

21. Plaintiffs are entitled to statutory waiting time penalties [California Labor Code §§ 201, 202 and 203] as a direct and legal result of defendants' willful failure to pay overtime compensation immediately upon the termination of their employment. Plaintiffs are also entitled to liquidated damages in an amount equal to the wages owed. [29 U.S.C. § 216(b).] Plaintiffs are further entitled to receive a penalty assessment in the amount of $50 for the first

pay period in which they were underpaid, and $100 for each successive pay period that they were underpaid. [California Labor Code § 558.]

### THIRD CAUSE OF ACTION

#### (Conversion – Against All Defendants)

22. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 21, inclusive, above.

23. Plaintiffs had a property ownership right in their wages that vested as soon as they performed their work for defendants.

24. Defendants converted plaintiffs' wages by intentionally and wrongfully failing and refusing to pay plaintiffs' their required wages. Defendants converted said wages intentionally to harm Plaintiffs, i.e., maliciously, and/or recklessly and without regard for the truth.

25. Plaintiffs have been damaged by defendants' conversion of their wages in the amount of the wages and expenses withheld, along with all attorney fees and costs incurred in recovering said property.

26. Plaintiffs have further sustained general damage in an amount according to proof because of defendants' tortious conversion of their wages.

27. The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiffs' rights under California Civil Code § 3294 and in violation of the public policy of California. Specifically defendants intentionally withheld plaintiffs' wages, and therefore are responsible for punitive damages according to proof at trial.

### FOURTH CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing – Against All Defendants)

28. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, above.

29. The defendants' contract with plaintiffs (sample Exhibit "B") contained an implied covenant of good faith and fair dealing by which defendants promised to deal fairly and in good faith with plaintiffs with regard to defendants' performance of their obligations under the contract, including the prompt and full payment of all wages. Plaintiffs are informed and believe that defendants sought to wrongfully withhold a portion of the wages due, and therefore tortuously breached the covenant.

30. Plaintiffs have been damaged in the amount of all wages and expenses owed in an amount according to proof.

31. Plaintiffs have furthered sustained general damage in an amount according to proof.

32. Defendants breached said covenant with oppression and/or malice and therefore are responsible for punitive damages according to proof at trial.

## FIFTH CAUSE OF ACTION

(Violation of Business and Professions Code § 17200 et seq. – Against All Defendants)

33. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 32, inclusive, above.

34. Defendants' repeated violation of said statutes and regulations during the three years preceding the filing of this action was unfair and/or unlawful and/or fraudulent and therefore constituted an unlawful business practice prohibited by California Business & Professions Code §§ 17200 et seq., and California Civil Code §§ 43, 51.7, 51.9, 1708 and 1708.5. Defendants gained an unfair business advantage by means of these practices and gained an unfair competitive advantage with respect to competing businesses, which adhered to lawful norms of business conduct. Defendants have therefore been unjustly enriched and plaintiffs have been systematically harmed.

35. Plaintiffs are entitled to all relief available under Business and Professions Code § 17200, et seq., including punitive damages according to proof.

1

2                          **SIXTH CAUSE OF ACTION**

3    **(Penalties Assessed Under California Labor Code §2699 –Against All Defendants)**

4

5    36. Plaintiff restates and incorporates herein by reference each and every allegation

6    contained in paragraphs 1 through 35, inclusive, above.

7

8    37. Defendants' failure to pay plaintiff their full wages in a timely manner and reimburse

9    them for their gas/mileage expenses constituted violations of California Labor Code §§ 216,

10   225.5, 226, 558, and applicable wage orders [8 Cal. Code Regs. § 11010 et seq.] Defendants are

11   accordingly subject to civil penalties of $50.00 for the first pay period during which any of these

12   violations occurred, and $100.00 for each subsequent pay period that a violation occurred.

13

14   38. Defendants are further subject to civil penalties for their failure to maintain

15   employment records as alleged above. [California Labor Code §§ 226.3 and 1174.5.]

16

17   39. California Labor Code § 2699 empowers plaintiffs to recover said penalties and

18   retain 25% of the recovery, with the balance payable to the State of California. Plaintiffs are

19   further entitled to recover their attorney fees and costs from defendants incurred in the

20   prosecution of said recovery of penalties.

21

22   40. Plaintiffs have given written notice by certified mailed to the Labor and Workforce

23   Development Agency and the defendants of defendants' violations of the Labor Code as

24   specified above. Plaintiffs have either been notified by the Labor and Workforce Development

1    Agency that it does not intend to investigate the alleged violations, or the Labor and Workforce

2    Development Agency has failed to give notice of its intentions within the time specified in Labor

3    Code § 2699.3. Plaintiffs are accordingly entitled to pursue this civil action under Labor Code

4    § 2699.

5

6                          **SEVENTH CAUSE OF ACTION**

7    (Fraud and/or Deceit for Sham Contract Purporting to be Independent Contractor Contract,

8    Failure to Pay Wages, and/or Failure to Pay Overtime)

9

10   41. Plaintiff restates and incorporates herein by reference each and evey allegation contained

11   in paragraphs 1 through 40, inclusive, above.

12

13   42. Defendants committed fraud and/or deceit when they required Plaintiffs to sign a sham

14   contract (example Exhibit "B") purporting to be an "independent contractor" contract, when

15   Defendants KNEW, ane/or with a reckless disregard for the truth failed to know, that the jobs

16   of Plaintiffs would legally place them in a position of "employee" and not "independent

17

18   43. Part of Defendants' purpose in fraudulently leading Plaintiffs to believe they were

19   independent contractors, when Defendants KNEW they were really employees in actions and

20   job requirements, was so that Defendants could not only defraud Plaintiffs out of their rightful

21   wages and/or overtime, but also to save money so as to illegally not pay withholding taxes and/or

22   social security taxes and/or state disability insurance and/or workers compensation insurance.

23

24

44.  In so doing as alleged, Defendants did in fact defraud and/or deceive Plaintiffs from receiving wages and/or overtime as well as other benefits of employment as employees, and Plaintiffs have been damaged thereby in reliance on the intentional misrepresentations (fraud and/or deceit) of Defendants according to proof at trial.

45. In so doing as alleged, Defendants defrauded and/or deceived Plaintiffs with oppression and/or malice, such that puntive damages should be awarded for said fraud, oppression, and/or malice.

46. In so doing as alleged, Plaintiffs have been damaged by compensatory damages including emotional distress and the like.

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them, as follows:

1.  Damages for non-payment of regular and overtime compensation each according to proof;  Waiting time penalties in the amount of thirty days' pay each;

2.  Civil penalties in an amount according to proof for defendants' violations of the California Labor Code, including but not limited to §§ 216, 225.5, 226, 558;

3. Compensatory and general damages for all Causes of Action.

4.  Compensatory and general damages for conversion and breach of the implied covenant of good faith and fair dealing and fraud/deceit in an amount according to proof;

5.  Punitive damages as alleged herein;

6. Reasonable attorney fees;

7. Pre-judgment interest;

8. Costs of suit.

Exhibit B
Page 70 of 99

9. Liquidated damages in an amount equal to the unpaid wages due;

10. Such other and further relief as the court may deem proper.

Dated:  May 6, 2009

LAW OFFICE OF DAN ZEIDMAN

By: _____
     Dan Zeidman, Esq.
     Attorneys for Plaintiffs

**SUM-200(A)**

| SHORT TITLE:  Hallak v. L3 Communications Corporation, et al., | CASE NUMBER:<br>37-2009-00065301 CU-NP-EC |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

| | |
|---|---|
| 1 | Zhangar Sofy |
| 2 | Khilat Mohammed Agid (R) |
| 3 | Dia Aldin |
| 4 | Amad Hana |
| 5 | Muna Thamer |
| 6 | Aladin Al-Jabiri |
| 7 | Mudalal Al-Jabiri |
| 8 | Latif Obaid |
| 9 | Abdul Razzook |
| 10 | Mourad Chihi |
| 11 | Lee Hanna |
| 12 | Hasan Khazel |
| 13 | Muhamad Shifa Ahmed |
| 14 | Fakhir Hakim (R) |
| 15 | Perwar Almissouri |
| 16 | Ayad Almissouri |
| 17 | Hafsa (Delene) Almissouri |
| 18 | Labieb Mussa (R) |
| 19 | Samyan Selevani (R) |
| 20 | Zaky Ahmed (R) |
| 21 | Sagvan Salih |
| 22 | Nariman Mohammad |
| 23 | BLANK |
| 24 | Azad Sadiq |
| 25 | Ali Ismail |
| 26 | BLANK |
| 27 | John Kalabat |
| 28 | Juliet Selim |
| 29 | Reikan Alebadi (R) |
| 30 | Diar Mohammed |
| 31 | Gazwan Alebadi (R) |
| 32 | BLANK |
| 33 | Nasser Salman |
| 34 | Wisam Hindi |
| 35 | Dhafir Yousif |
| 36 | BLANK |
| 37 | BLANK |
| 38 | Botan Hawlery |
| 39 | Kadhim Albumohammed |
| 40 | Reham Majeed |
| 41 | Jaafar Nasser |
| 42 | Samir Mona |
| 43 | Haitham Oraha (R) |
| 44 | Alfons Attia |

Page 1 of 9

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal Solutions Plus

Exhibit B

SUM-200(A)

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 CU-NP-EC |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

```
45   Kosar Shiro
46   Suham Marrogi
47   Samy Mona
48   Kamil Yousif
49   Nabil Issa   (R)
50   George Hallak - Same as Captioned Plaintiff
51   Rian Hanna
52   BLANK
53   Sam Kashit (R)
54   Yasser Yalda
55   Serwa Barzangi
56   Showbo Barzangi
57   Fawzia Heidari
58   Nadia Shamoun
59   Esmael Obaid
60   Mukhles Gorges
61   Mark Sako
62   Andy Cholagh
63   Sarah Mewlud
64   Thamer Gorgees aka Nahir Georges (formerly # 197)
65   Mahir Gorges
66   Ahmed Kadhim (formerly #305 )    (R)
67   Hawar Yousif
68   Steve Zaya
69   Ibrahim Mulla
70   Salim Hannosh
71   Sirajaldin Shamsaldin
72   BLANK
73   Hejar Mayi
74   Breen Maii
75   Rebin Mustafa
76   Hojin Mustafa
77   Hividar Khendari
78   Issam Jajou
79   Istaifan Maroki
80   Shivan Almissouri
81   Ahlam Almissouri
82   Zeen Almissouri
83   Nabil Hassan aka Tony Valantino
84   Hamdi Hassan
85   Louis Shamoon
86   Hoshang Sabir
87   Farhang Sabir
88   Harman Sarky
```

Page  2  of  9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
Plus

Exhibit B

SUM-200(A)

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties (Check only one box.  Use a separate page for each type of party.):

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

```
 89  Sefin Zeki
 90  Emad Shaba
 91  Bashar Mallah
 92  Ismael Putrus
 93  Guran Faiq
 94  Aven Faiq
 95  Juan Faiq
 96  Saman Faki Mohammad
 97  Harman Peromari
 98  Muntaser Abouna
 99  Shivan Ameen aka Amin
100  Salam Tobia (R)
101  Nadra Jajou (R)
102  Nader Jajou (R)
103  Muhannad Jajo aka Muhand Jajou
104  Aram Said aka Aram Saei
105  Nabaz Khdir
106  Taha Hassan
107  BLANK
108  Salwa Salem
109  Evait Shamoon
110  Janan Shamoon (R)
111  Bassim Seman
112  Bernadit Seman
113  Latif Kassab
114  Eashou M. Markos
115  Alan Qadir aka Quidar
116  Samir Houssin Ismail
117  Mowafak Gaboory
118  Mehdi Salehi
119  Silove Barwari
120  Seeber Barwari
121  Talar Bustani
122  BLANK
123  Tara Bustani
124  Scalla Aziz
125  Halis Sarky
126  Revend Taha (R)
127  Mazin M. Oaisso (R)
128  Saad Shammas (R)
129  Jamal Tahir (R)
130  Jalal Tahir(R)
131  Kamal Tahir
132  Govand Dizayi
```

Page  3   of  9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions
Plus

Exhibit B

**SUM-200(A)**

| SHORT TITLE: GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 cu-np-ec |
| --- | --- |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[x] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
133  Nadira Cholakh
134  Azad Fatthullah
135  Jalal Toma (R)
136  Abdeulkarim Zangana (R)
137  Jamal Amin  (R)
138  Pishawa Sharif (R)
139  Raied Romayha aka Rumia
140  Nedhal Romayha
141  Arkan Haji
142  Talal Hilantu
143  Mona Putrus
144  Janan Abood (R)
145  Majid Zori
146  BLANK
147  BLANK
148  Rony Korkes (R)
149  Honer Tahir
150  Hareth Shooni
151  Hoshang Omar
152  Ala Banarji aka Ala Marogi
153  Aida Marougi (R)
154  Sana Marougi
155  Afaf Marougi
156  Eba Banarji
157  Reiman Piromari
158  Kawar Zubair
159  Karouzh Zubair
160  BLANK
161  Faridoon Ibrahim (R)
162  Abdul Yasin aka Yasil
163  Hamdia Aziz
164  Rebwar Bustani
165  Sherwan Tahir
166  Nariman Kalabat
167  Majd Nazo
168  Robert Shamoo
169  Mazin M. Odisho
170  Morrif Malakha (R)
171  Dean Sabir (R)
172  Bushra Butres aka Haj Sirajaddin Nakashabandi
173  Sarhand Sabir (R)
174  Taha Alhabid R)
175  Azizd Aljabbar R)
176  Abdulrahman Mulla aka Abdulrah
```

Page 4 of 9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal Solutions Plus

SUM-200(A)

| SHORT TITLE: GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 CU-PA-EC |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
177   Hadi Salehi
178   Wael Jajo
179   Firas Matti aka Matia (R)
180   Feras Matti aka Matia (R)
181   Salim Aljumaaily (R)
182   Alan Bakelori
183   Mona Fathalla
184   Rafid Jebraeil
185   Sally Shamoon
186   Junaina Abou
187   Beywar Barwari
188   Newar Mustafa
189   Dawood Ahmed
190   Sharkir  Mohammed aka Sharkar Mohammad
191   Senan M. Juwaideh aka Seman
192   Masoud Sulevani
193   Sarkou Mahmood
194   Sangar Mahmood
195   Hadar Akraee
196   Masoud Hasan
197   Haval Bedihi
198   Sal Gardy
199   Safaa Saleh aka Safa Saleh
200   Mohammed Khillawi
201   Uday Alea aka Adauy Alei (formerly  #108 as well)
202   Abeer Alea aka Abeer Alei (formerly  #109 as well)
203   Amir Rayis (R)
204   Nidhal Salman
205   Ali Zada (R)
206   Reving Taha
207   Herish Saeed
208   BLANK (SEE IRAQ ONLY CASE FOR RANJ AHMED)
209   Wathiq  Alaboudy
210   Rasheed Barzangi
211   Emad Mohammad (R)
212   Siham P. Zoma
213   Reber Taha (B)
214   Magid Terwonishe
215   Mahdi Terwanishy
216   Linda Shamon
217   Ghazwan Shamoun
218   Nashwan Gorgees
219   Zirak Amin
220   Jabar Khoshnaw
```

Page 5 of 9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons



Legal
Solutions
℞ Plus

Exhibit B

**SUM-200(A)**

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties (Check only one box.  Use a separate page for each type of party.):

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

```
221  Zyad Khoshnaw
222  Zahir Khoshnaw
223  Metin Mohammed
224  Kovan Abdul
225  Hoger Saleh
226  Yousif I. Hanna
227  Shakhwan Shiro
228  Karim Shiro aka Karin
229  Bahroz Rasheed aka Bahroez
230  Shorash Suleiman
231  Ridar Suleiman
232  Ahmed  Al-Ramahy aka Ramahy
233  Bizhar Ameen
234  Mohammed Hamad
235  Ali Hamad
236  Naji Moshi (R)
237  Abdulsalan Mulla
238  Mounir Maalmi aka Monair aka Mounir Maanmi (formerly #192 )
239  Warheel Khalid
240  Araz Khalid
241  Ziad Jazrawi (R)
242  Firas Juwaideh aka Siras
243  Rashad Kattoula
244  Choli Mustafa
245  Hajar Abdulla
246  Nazar Ahmed
247  Huda Alameri
248  Qudemaker Mewlud (R)
249  Buhrooz Mewlud (R)
250  Rostum Mewlud (R)
251  Aram Berzengi
252  Suleiman Kiryakos (R)
253  Ahmed Ahmad
254  Zheer Tawficz (R)
255  BLANK
256  Jamal Piyamari(R)
257  Ahued Saedahmake (R)
258  Karim Heidari aka Karin
259  Dildar Yousif
260  Faris E. Shamon
261  Awaz Abbas
262  Bestoon Deloyi
263  Fenik Khoshnaw
264  Tony Korkes
```

Page __6__ of __9__
Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions
Plus

**Exhibit B**

SUM-200(A)

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 cu-np-ec |
|---|---|

### INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

```
265 BLANK
266 Dlovan Banavi
267 Boton Khoshnaw
268 Mordan Akirayi (R)
269 Warina Buni
270 Sardar Sindi
271 Karwan Sadi aka Karwav
272 Hassan Alassaly
273 Ahlam Al-Nasrawi aka Aklam
274 Bassam Namo (R)
275 Jawad Alaqrawi (R)
276 Tony Y. Patros (R)
277 Joane Daood aka Joan
278 Sami Akraee
279 Ayad Pate aka Date
280 Raad Keriakoos aka Kerlakoos
281 Rezan Khoshnaw
282 Hana Daloy
283 Muhammad Dosky
284 Ahmed Haji
285 Ribur Taha (formerly #209)
286 Dahaz Weisy aka Weisu
287 Ary Ahmed
288 Samir Alsalehi
289 Saman Talabani
290 Nazar F. Beduhi
291 Haydar Karim
292 Thair Juwaideh aka Suwaideh
293 Sarmad Yousif
294 Sami Pauls (B)
295 Noori Hermez
296 Azad Jaff
297 BLANK
298 Suhaila Ibrahim
299 BLANK
300 Andy Jarjis
301 Mark Younes (R)
302 Sultana Yousif (R)
303 Kamil Khalil
304 Salah Safo
305 Abdul Alsaedi
306 Sam Elsiedey
307 Ann Kakos
308 Sohaily Putris
```

Page 7 of 9
Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons



Exhibit B

SUM-200(A)

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 cu-np-ec |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box.  Use a separate page for each type of party.):

[x] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
309 Michael Shamoon (R)
310 Ali Al-Azawy (R)
311 Imad Aljabi
312 Swara Deloyi (B)
313 BLANK
314 Isam Dawood
315 Ali Alsaeed
316 Binyamin Binyamin
317 Sabah Marcus
318 Adel Hanna
319 Duraed Gabrail
320 Samer Al-Saegh
321 Muna Dawood
322 BLANK
323 BLANK
324 Kahzad Sindi
325 Salim Rawdah
326 Rita Kharat
327 BLANK
328 BLANK
329 BLANK
330 BLANK
331 BLANK
332 BLANK
333 BLANK
334 BLANK
335 BLANK
336 BLANK
337 BLANK
338 BLANK
339 Tariq Missouri
340 BLANK
341 Salim Binave (R)
342 Farid Akou
343 BLANK
344 Yazi Sagmani
345 BLANK
346 BLANK
347 BLANK
348 Ibrahim Sabbagh
349 Mike Khazal
350 Ahmed Al-Absi
351 Dilovan Mallah (B)
352 BLANK
```

Page 8 of 9

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons


Legal
Solutions
Plus

Exhibit B

SUM-200(A)

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 cu-np-ec |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

353 Akram Alasady
354 BLANK
355 Shevecn Missouri
356 Mishiar Missouri
357 BLANK
358 Jason Astifu
359 Adil Rasoul
360 Shakhawan Hussain
361 Adnan Fejleh
362 Ayman Fejleh
363 Kinan Fattahi
364 Tavgah Barzangi (R)
365 Taghreed Bahro
366 Muayad Sofi
367 Dorayid Shamoun
368 Zaid Shamoun
369 Majid Shaia
370 Bassam Kalasho
371 Omar TcHalabi
372 Zirivan Mohammad
373 Omar Sherdah
374 Sardar Ramzi
375 Bayar Sofi-Haji
376 Admiral Mirza
377 Barkho Emmanwiel
378 BLANK
379 Rangebar Amedi
380 Hameed Dohuky (B)
381 Kuvan Piromari
382 Ayoub Ahmed (B)
383 Ali Al-Tamimi
384 Tarik Al-Malki
385 Mahdi Al-Maliki
386 Hassan Al-Ghizzi
387 Bishar Sindy
388 Zaidoun Jawdat Nashi
389 Tony Rammo (R)
390 Nada Rammo (R)
391 Hivi Saleh (R)

   *Any apparent misspelling between a name on the original plaintiff list (in the original Attachment) and a name on the present plaintiff list is merely a misspelling, and the same person is the same plaintiff on both lists with that same plaintiff number.  The only places where this is different is where it is specifically indicated otherwise, e.g., #64, #66, #83, #152, #172, #201, #202, etc.

Page __9__ of __9__
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



**L3**
communications
Titan Linguist Operations
& Technical Support

## CAT I
## INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (this "Agreement") is made effective by and between L-3 Communications Linguist Operations and Technical Support Division (the 'Company'), and _____ (the "Independent Contractor"), having a mailing address of _____

A. The Company desires to have the services of the Independent Contractor.
B. The Independent Contractor is willing to provide services for the Company.
C. The Independent Contractor is eligible to work in the United States of America.

Therefore, the parties agree as follows:

1.    SERVICES. The Independent Contractor shall provide to the Company the services described on the attached Exhibit A, which is made a part of the Agreement by this reference.

2.    BEST EFFORTS OF INDEPENDENT CONTRACTOR. The Independent Contractor agrees to perform faithfully, industriously, and to the best of the Independent Contractor's ability, experience, and talents, all of the duties that may be required by the express and implicit terms of the Agreement, to the reasonable satisfaction of the Company.

3.    COMPENSATION OF INDEPENDENT CONTRACTOR.

A.    As compensation for the services provided by the Independent Contractor under this Agreement, the Company will pay the Independent Contractor a pay rate of $20 per hour for an anticipated 12 hour work day to perform the duties set out in Exhibit A.  In addition, linguists living in harsh field conditions (as determined by the contractor) for the duration of each exercise will receive up to an additional $1,000 stipend—to be determined by the Company lead manager—to compensate them for this additional hardship (i.e., MRE meals only, no showers, no running water, field latrines).

B.    The Company will give the Independent Contractor a one-time payment for each exercise performed, to be paid by check and mailed to the Independent Contractor's address listed above. The Company will make every effort to do this no later than thirty working days after the Independent Contractor invoice has been received at headquarters.

C.    The U.S. Government will provide all lodging and meals for the Independent Contractor during the period of performance of this agreement.  Therefore, Per Diem payments are not authorized for this exercise as provided for under the U.S. Government's Joint Travel

**EXHIBIT "B"**
Exhibit B
Page 81 of 99

**L3**

communications

Titan Linguist Operations
& Technical Support

Regulations, unless the U.S. Government's failure to provide lodging and meals causes the Independent Contractor to have to pay for his/her own lodging and meals.

D.     The Company will issue the Independent Contractor an IRS tax form 1099 Miscellaneous no later than 30 January of the year following the year services were provided, as required by law.

E.     The Company will reimburse the Independent Contractor for reasonable and necessary expenses incidental to travel, when such travel is pre-authorized by the Company and is over 50 miles from his/her home of record, as authorized under the U.S. Government's Joint Travel Regulations.  All expenses (i.e., taxi fares, parking, etc.) require a receipt.  Travel expenses will be reimbursed in the Independent Contractor's payment.

4.     FAILURE TO PERFORM.  If the Independent Contractor fails to appear for work, or fails to perform in good faith or to complete the duties set out in Exhibit A, the Company reserves the right to hold the Independent Contractor liable for reimbursement of all costs incurred by the Company for the Independent Contractor's employment including all travel costs and any administrative costs borne by the Company.

5.     EMPLOYMENT ELIGIBILITY VERIFICATION.  The Independent Contractor shall provide documents that establish identity (driver's license or photo ID card) and copies of documents that establish U.S. employment eligibility (U.S. Social Security card, U.S. Passport, or appropriate INS Form/Certificate) prior to any work being performed or compensation is rendered for services in compliance with this agreement.  For any documentation compliance issues or questions please contact: (703) 390-7614, ATTN: Mr. Kevin Callier.

6.     COMPLIANCE WITH COMPANY'S RULES.  The Independent Contractor agrees to comply with all of the rules and regulations of the Company or those of the Company's client facility, including U.S. Government facilities.

7.     NO LIABILITY INSURANCE.  COMPANY SHALL NOT BE LIABLE FOR ANY INJURY TO, LOSS OR DAMAGE TO THE PROPERTY OF, OR DEATH SUFFERED BY, INDEPENDENT CONTRACTOR AS A RESULT OF PERFORMANCE HEREUNDER, UNLESS IT IS THE RESULT OF COMPANY'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.  INDEPENDENT CONTRACTOR IS ADVISED TO OBTAIN ADEQUATE INSURANCE COVERING INJURY, DEATH, OR PROPERTY LOSS OR DAMAGE AND IS HEREBY NOTIFIED THAT COMPANY HAS NOT INSURED INDEPENDENT CONTRACTOR.

8.     RETURN OR DAMAGE OF PROPERTY.    Upon completion of services, the Independent Contractor shall deliver all property (including keys, records, notes, data, memoranda, models, and equipment) that is in the Independent Contractor's possession or under the Independent Contractor's control that is the Company's property or related to the Company's

**L3**

**communications**

Titan Linguist Operations
& Technical Support

business. Additionally, the Independent Contractor is responsible for any damage done to any accommodations.

9.    ENTIRE AGREEMENT. This Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties.

10.    SEVERABLILITY. If any provisions of the Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of the Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

11.    WAIVER OF CONTRACTUAL RIGHT. The failure of either party to enforce any provisions of this Agreement shall not be construed as a waiver or limitation of that party's rights to subsequently enforce and compel strict compliance with every provision of this Agreement.

12.    APPLICABLE LAW. The laws of the Commonwealth of Virginia shall govern this Agreement.


Signed on [DATE] _____

L-3 Communications Linguist Operations          Independent Contractor agreed to and
And Technical Support Division                  accepted:                 //


By: _____          By: _____


Printed Name:  _____          Printed Name:  _____.

                                        Title:  Linguist Independent Contractor

                                        Home Phone: _____

                                        Cell Phone: _____

                                        Social Security #: _____


**EXHIBIT "B"**

Exhibit B

Page 83 of 99

**L3**

communications

Titan Linguist Operations
& Technical Support

## EXHIBIT A
## DESCRIPTION OF SERVICES AND CONDITIONS

The Independent Contractor will perform role-play and interpretation/translation, using Arabic language/cultural skills, for Mission Rehearsal Exercises at Ft. Irwin, CA, Ft. Drum, NY, Twenty-Nine Palms, CA, Ft. Bragg, NC, Ft. Riley, KS, Ft. Sam Houston, TX and Ft. Stewart, GA at multiple and varying intervals scheduled by the Company and dependent upon the government's exercise schedule for the period commencing 10 June 2007 through 09 September 2007. The Independent Contractor agrees to follow and abide strictly by all directions provided by L-3 Communications Linguist Operations and Technical Support Division and U.S. Government exercise control personnel, to include strict adherence to any script.

- An additional four to eight (4-8) hours will be allowed and billable on each of two (2) travel days incurred by the consultant for each exercise.

- Transportation for the Independent Contractor from a designated pick-up/drop-off point at time of agreement to Ft. Irwin, Ft. Drum, Twenty-Nine Palms, Ft. Bragg, Ft. Riley, Ft. Sam Houston, and Ft. Stewart and back will be provided by L-3 Communications Linguist Operations and Technical Support Division. Independent Contractor is responsible for his/her own transportation from his/her domicile to/from the designated pick-up/drop-off point.

- Lodging, accommodations, and food will be provided to the Independent Contractor by the U.S. Government for the period of performance of each exercise. **Independent Contractors are not guaranteed access to private (single-occupancy) lodging facilities or accommodation of special dietary requirements. Independent Contractor acknowledges that government-provided meals may only comprise military Meals Ready to Eat (MREs) or equivalents. Independent Contractor acknowledges that government-provided lodging may only comprise military barracks or field tents. Independent Contractor is not authorized non-government provided lodging. Independent Contractor may be authorized to purchase non-government-provided food at his/her own expense.**

- The Company will provide transportation for the Independent Contractor from lodging and dining facilities to/from the work site.

- In the event that the U.S. Government fails to provide the Independent Contractor with lodging and meals as stipulated above, the Company may authorize reimbursement to the Independent Contractor for reasonable out-of-pocket lodging and meal expenses (Per Diem) using rates that are in accordance with both U.S. Government Joint Travel Regulation (JTR) and L-3 Communications Linguist Operations and Technical Support Division Travel Policy.

- In the event that the U.S. Government ends the exercise early, the total compensation referred to in paragraph 3.A. of this agreement will be prorated to support the U.S.

**L3**
**communications**
Titan Linguist Operations
& Technical Support

Government's requirements (i.e., 12 hours per work day).   The hourly pay rate is figured at $20 per hour.  Therefore, one 12-hour workday equates to $240.  Two 12-hour days equate to $480.

▪  In the event that the U.S. Government extends the exercise, the total compensation referred to in paragraph 3.A. of this agreement will be increased to support the U.S. Government's requirements (i.e., 12 hours per work day at $20 per hour).

**EXHIBIT "B"**
Exhibit B

**PROOF OF SERVICE**

**Case Name: Hallak v. L3 Communications, et al.**
**Superior Court of CA, County of San Diego**
**Superior Court Case No.: 37-2009-00065301-cu-np-ec**

I, Debra Giarrusso, the undersigned, declare that: I am over the age of eighteen years and not a party to this action; I am employed in the County of San Diego, California; where the mailing occurs; and my business address is 260 East Chase Avenue, Suite 201, El Cajon, California 92020.

I further declare that I am readily familiar with the business' practices for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.

I further declare that I am readily familiar with the business' practices for preparing and sending facsimile documents pursuant to which practice the facsimile will be sent from a facsimile machine in our office to the facsimile machine in the designated office this same day in the ordinary course of business. On May 6, 2009, I caused to be served the following document(s), described as:

Summons On First Amended Complaint; First Amended Complaint for Damages for: 1. Violations of Wage & Hour Laws (State & Federal); 2. Fraud with Punitive Damages; 3. Conversion with Punitive Damages; 4. Violations of California Business & Professions Code Sections 17200, et. Seq. 5. Breach of Covenant of Good Faith and Fair Dealing with Punitive Damages on the parties in this action

[ x ]     (BY MAIL) I then sealed each envelope and, with the postage  thereon fully prepaid either deposited each in the United States Postal Service or placed each for collection and mailing on May 6, 2009, at El Cajon, California,   following ordinary business practices, addressed to:

Nicholas P. Connon
Connon Wood Scheidemantle LLP
35 Union Street, Suite C
Pasadena, CA    91103

Ryan McCortney
650 Town Center Drive
Costa Mesa, CA    92626

Dale Larabee
2120 Fourth Avenue
San Diego, CA    92101

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 6, 2009, at El Cajon, California.

Debra Giarrusso

**EXHIBIT C**

# EXHIBIT C

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| DAN ZEIDMAN, SBN: 73276<br>LAW OFFICES OF DAN ZEIDMAN<br>MICHELLE PRINCIPATO, ESQ. SBN: 165450<br>260 E. CHASE AVE., STE. 201<br>EL CAJON, CA   92020<br>TELEPHONE NO.:  619-440-3232    FAX NO.:  619-440-7864<br>ATTORNEY FOR *(Name)*:  Plaintiffs, George Hallak et al. | F I L E D<br>CASE<br>2009 JAN -2  PM 3: 48<br>CLERK<br>SAN DIEGO COUNTY, CA |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS: ~~330 WEST BROADWAY~~ 250 E. MW Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: ~~SAN DIEGO, CA   92101~~ Elcason , CA 9220 |
| BRANCH NAME: ~~CENTRAL DIVISION~~ East County Division |

| CASE NAME:   GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2009-00065301-CU-NP-EC |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–5 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | types (41) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [x] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [x] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

**2.** This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Type of remedies sought *(check all that apply)*:
a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive

**4.** Number of causes of action *(specify)*:

**5.** This case [ ] is  [x] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 2 , 2009

DAN ZEIDMAN, SBN: 73276
_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET**<br>Exhibit C | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 3.220, 3.400-3.403;<br>Standards of Judicial Administration, § 18 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 250 East Main Street |
| MAILING ADDRESS: | 250 East Main Street |
| CITY AND ZIP CODE: | El Cajon, CA 92020 |
| BRANCH NAME: | East County |
| TELEPHONE NUMBER: | (619) 456-4266 |

PLAINTIFF(S) / PETITIONER(S):    George Hallak

DEFENDANT(S) / RESPONDENT(S): L3 Communications Corporation et.al.

HALLAK VS. L3 COMMUNICATIONS CORPORATION

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2009-00065301-CU-NP-EC |
|---|---|

Judge:  Eddie C Sturgeon                           Department: E-14

**COMPLAINT/PETITION FILED: 01/02/2009**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

Exhibit C

Page 88 of 99

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:          250 East Main Street
MAILING ADDRESS:        250 East Main Street
CITY AND ZIP CODE:        El Cajon, CA 92020
BRANCH NAME:              East County
TELEPHONE NUMBER: (619) 456-4286

| PLAINTIFF(S) / PETITIONER(S): | George Hallak et.al. |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | L3 Communications Corporation et.al. |

HALLAK VS. L3 COMMUNICATIONS CORPORATION

| **NOTICE OF HEARING** | CASE NUMBER: 37-2009-00065301-CU-NP-EC |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| OSC - Failure to File Certificate of Service | 05/15/2009 | 11:00 am | E-14 | Eddie C Sturgeon |

The hearing will be cancelled if BOTH of the following occur 10 days prior to the hearing date: 1) File the above document; and 2) Stipulate to and pay a sanction in the amount of $50, payable to "San Diego Superior Court", WITH A COPY OF THIS NOTICE, in the IC department to which the case is assigned. If you are unable to comply with one or both of the above requirements, appearance at the hearing is mandatory. If more court time is required, additional sanctions may be imposed.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

East County
250 East Main Street
El Cajon, CA 92020

**SHORT TITLE:** Hallak vs. L3 Communications Corporation

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 37-2009-00065301-CU-NP-EC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at El Cajon, California, on 03/06/2009.

Clerk of the Court, by: _E. Farra-Parks_ , Deputy
                                              E. Farra-Parks

Dan Zeidman
P.O. Box 1238
El Cajon, CA 92020

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**                     Page: 2

Exhibit C

Page 90 of 99

**LAW OFFICES OF DAN ZEIDMAN**
260 E. CHASE AVENUE, SUITE 201

DAN ZEIDMAN
MICHELLE L. PRINCIPATO, Associate
----
Bentley A. Drnun, Paralegal

POST OFFICE BOX 1238

EL CAJON, CALIFORNIA 92022-1238

TELEPHONE: (619) 440-3232

FACSIMILE: (619) 440-7864

**February 4, 2009**

The Honorable Eddie C. Sturgeon
Judge of the Superior Court
Department 14
250 East Main Street
El Cajon, CA 92020

Re: Hallak, el al vs. L3 Communications Corporation, et al
Case No: 37-2009-00065301-CU-NP-EC

<u>NEED TIME TO SERVE PENDING SETTLEMENT NEGOTIATIONS</u>

Dear Judge Sturgeon:

I am writing you about a very unusual case I filed on January 2,
2009. You are the assigned IC Judge.

There are presently <u>310 NAMED PLAINTIFFS</u> in this civil complaint.
The gist of the lawsuit concerns the hiring of Iraqi American civilians
to teach our soldiers and marines at Ft. Irwin, California and Twenty-
nine Palms, California the culture of Iraq before deploying to Iraq.
About 70%-80% of my clients reside in the East County area, and
therefore their employment contracts were executed in East County. My
clients are made up of about 40% Chaldean and 60% Muslim (Sunni, Shia,
& Kurdish).

Without going into the merits of either side's case, the gravamen
of the lawsuit revolves around "employee" vs. "independent contractor"
issues, the concomitant overtime issues therefrom, and certain alleged
fraud allegations.

Yesterday, the attorney for L3, Nick Connon from Pasadena and L3's
Vice President & Senior Counsel from Alexandria, Virginia, Jeff Spears,
came to my office in El Cajon for our first meeting. My co-counsel,
Dale Larabee, and some of my staff were also present. I had already
promised Nick at his request that I would not serve the complaint
pending our meeting yesterday. (By the way, I found both Nick and Jeff
to be gentlemen and extremely professional in every way.)

Exhibit C

Page 91 of 99

February 4, 2009
Page 2


    After a very productive discussion of many issues, we collectively decided that serious settlement negotiations early-on might be productive.  I agreed to send them a thorough Settlement Demand Package within 45 days.

    Therefore, we are jointly asking that you allow us 90 additional days to serve the pleadings.  Starting from today, that would place the service date at no later than May 5, 2009.

    Thank you very much for your kind cooperation.


Sincerely,

Dan Zeidman


cc: Dale Larabee, Esq.
    Nick Connon, Esq.
DZ:dz


Exhibit C

Page 92 of 99

$0.420
US POSTAGE
FIRST-CLASS
0625000511S033
92020

LAW OFFICES OF DAN ZEIDMAN
260 E. Chase Avenue, #201
P.O. Box 1238
El Cajon, CA 92020

Judge Eddie Sturgeon
El Cajon Superior Court
Department 14
250 East Main Street
El Cajon, CA   92020

Exhibit C
Page 93 of 99

F I L E D
Clerk of the Superior Court

MAR 1 1 2009

By: E. Parra-Parks, Deputy

1

2

3

4

5

6

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8       FOR THE COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

9   GEORGE HALLAK, and all          )   Case No. 2009653-01
    plaintiffs named in Exhibit "A", )
10                                    )   ORDER ON REQUEST TO EXTEND THE
                                      )   SERVICE OF THE COMPLAINT
11          Plaintiffs,              )
                                      )
12   vs.                             )
                                      )
13   L3 COMMUNICATIONS               )
     CORPORATION, a corporation,     )   37-2009-00065301-CU-NP-EC
14   L3 COMMUNICATIONS               )
     HOLDINGS, INC., a corporation,  )
15   TITAN TRANSLATORS, a            )
     corporation,  and TCS           )
16   COPORATION, a corporation, and  )
     DOES 1 to 100, inclusive,       )
17                                    )
            Defendants.              )
18   ─────────────────────────────  )

19        GOOD CAUSE APPEARING THEREFOR, Plaintiffs' request to extend

20   the service of the Complaint, or the First Amended Complaint (if

21   filed), is hereby GRANTED.

22        Plaintiffs' have until May 5, 2009 to perfect service on the

23   Defendants.

24   Dated: 3-11-09              _____
                                 JUDGE OF THE SUPERIOR COURT

Exhibit C
Page 94 of 99

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:       250 East Main Street
MAILING ADDRESS:      250 East Main Street
CITY AND ZIP CODE:    El Cajon, CA 92020
BRANCH NAME:          East County
TELEPHONE NUMBER:     (619) 456-4266

| PLAINTIFF(S) / PETITIONER(S):   George Hallak et.al. |
| DEFENDANT(S) / RESPONDENT(S):   L3 Communications Corporation et.al. |

HALLAK VS. L3 COMMUNICATIONS CORPORATION

| NOTICE OF HEARING | CASE NUMBER: 37-2009-00065301-CU-NP-EC |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| OSC - Failure to File Certificate of Service | 05/15/2009 | 11:00 am | E-14 | Eddie C Sturgeon |

The hearing will be cancelled if BOTH of the following occur 10 days prior to the hearing date:  1) File the above document; and 2) Stipulate to and pay a sanction in the amount of $50, payable to "San Diego Superior Court", WITH A COPY OF THIS NOTICE, in the IC department to which the case is assigned.  If you are unable to comply with one or both of the above requirements, appearance at the hearing is mandatory.  If more court time is required, additional sanctions may be imposed.

SUPCT CIV-700 (Rev. 12-08)

**NOH - NOTICE OF HEARING**

Page: 1

Exhibit C

Page 95 of 99

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

East County
250 East Main Street
El Cajon, CA 92020

| | |
|---|---|
| **SHORT TITLE:** Hallak vs. L3 Communications Corporation | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** 37-2009-00065301-CU-NP-EC |

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at El Cajon, California, on 03/06/2009.

Clerk of the Court, by: _E. Parra-Parks_ _____ , Deputy
                                                   E. Parra-Parks

Dan Zeldman
P.O. Box 1238
El Cajon, CA 92020

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>DAN ZEIDMAN, SBN: 73276<br>LAW OFFICES OF DAN ZEIDMAN<br>MICHELLE PRINCIPATO, ESQ. SBN: 165450<br>260 E. CHASE AVE., STE. 201<br>EL CAJON, CA  92020<br>TELEPHONE NO.: 619-440-3232   FAX NO. *(Optional):*  619-440-7864<br>E-MAIL ADDRESS *(Optional):* dzlaw@cox.net<br>ATTORNEY FOR *(Name):* Plaintiffs, George Hallak and all Plain | **FOR COURT USE ONLY**<br><br>2009 MAY -6  PM 3: 17<br><br>SAN DIEGO COUNTY, CA |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO |
| STREET ADDRESS: 250 E. MAIN STREET |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: EL CAJON, CA |
| BRANCH NAME: EAST COUNTY DIVISION |

| |
|---|
| PLAINTIFF/PETITIONER: GEORGE HALLAK and all Plaintiffs named in Exhibit "A". |
| DEFENDANT/RESPONDENT: L3 COMMUNICATIONS CORPORATION, a Corporation, L3 COMMUNICATIONS HOLDINGS, INC., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | **CASE NUMBER:**<br>37-2009-00065301 - *CU. NP. EC* |

TO *(insert name of party being served):* TCS Corporation

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 6, 2009

Debra Giarrusso
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [ ] A copy of the summons and of the complaint.
2. [x] Other: *(specify):* Summons on First Amended Complaint; First Amended Complaint for Damages: 1. Violation of Wage & Hour Laws (State & Federal); 2. Fraud with punitive damages; 3. Conversion with punitive Damages; 4. Violations of CA Business & Professions Code Secons 17200, et. seq.; 5. Breach of Covenant of Good Faith and Fair Dealing with Punitive Damages.

*(To be completed by recipient):*
Date this form is signed: May ___, 2009

Ryan McCortney
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
                                                         Attorney for TCS Corporation

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus |

Code of Civil Procedure,<br>§§ 415.30, 417.10

Exhibit C
Page 97 of 99

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>DAN ZEIDMAN, SBN: 73276<br>LAW OFFICES OF DAN ZEIDMAN<br>MICHELLE PRINCIPATO, ESQ. SBN: 165450<br>260 E. CHASE AVE., STE. 201<br>EL CAJON, CA  92020<br>TELEPHONE NO.: 619-440-3232    FAX NO. *(Optional):*  619-440-7864<br>E-MAIL ADDRESS *(Optional):* dzlaw@cox.net<br>ATTORNEY FOR *(Name):* Plaintiffs, George Hallak and all Plain | **FOR COURT USE ONLY**<br><br>2009 MAY -6  PM 3: 18<br><br>SAN DIEGO COUNTY, CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 250 E. MAIN STREET
MAILING ADDRESS:
CITY AND ZIP CODE: EL CAJON, CA
BRANCH NAME: EAST COUNTY DIVISION

PLAINTIFF/PETITIONER: GEORGE HALLAK and all Plaintiffs named
in Exhibit "A".

DEFENDANT/RESPONDENT: L3 COMMUNICATIONS CORPORATION, a
Corporation, L3 COMMUNICATIONS HOLDINGS, INC., et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | **CASE NUMBER:**<br>37-2009-00065301-Cu-NP-Ec |
|---|---|

TO *(insert name of party being served):* L3 COMMUNICATIONS CORP; L3 HOLDING, INC. & TITAN TRANSLATORS

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: MAY  6  2009

DEBRA GIARRUSSO
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* Summons on First Amended Complaint; First Amended Complaint for Damages: 1. Violation of Wage & Hour Laws (State & Federal); 2. Fraud with punitive damages; 3. Conversion with punitive Damages; 4. Violations of CA Business & Professions Code Secons 17200, et. seq.; 5. Breach of Covenant of Good Faith and Fair Dealing with Punitive Damages.

*(To be completed by recipient):*
Date this form is signed: MAY     , 2009

NICHOLAS P. CONNON, ESQUIRE
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
L3 COMM. CORP; L3 COMM HOLD. INC; TITAN

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Legal<br>Solutions<br>ⓒ Plus |

Code of Civil Procedure,
§§ 415.30, 417.10

Exhibit C

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 35 East Union Street, Suite C, Pasadena, California 91103.

On June 4, 2009, I served true copies of the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

Dan Zeidman
260 E. Chase Ave., #201.
P.O. Box 1238
El Cajon, California 92022-1238

Ryan McCortney, Esq.
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive
Fourth Floor
Costa Mesa, CA 92626

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Connon Wood Scheidemantle LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am admitted to practice before this Court.

Executed on June 4, 2009, at Pasadena, California.

Kathleen M. Wood

BY FAX

**CIVIL COVER SHEET**

JS 44 (Rev. 12/07)

FILED

2009 JUN -4  PM 12: 06

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
George Hallak, an individual, and Additional Parties Attachment form is attached as "A"

**DEFENDANTS**
L3 Communications Corporation, L3 Communications Holdings, Titan Translators, LLC, Corporation and Does

(b) County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attachment "A"

Attorneys (If Known)
See Attachment "A"

**09 CV 1211 W   CAB**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act, 29 U.S.C. 201, et seq. and see Notice of Removal
Brief description of cause:
Plaintiffs claim overtime and other compensation

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE  Manual Real, Central District CA
DOCKET NUMBER  07-8406 R (JCx)

DATE  06/04/2009

SIGNATURE OF ATTORNEY OF RECORD
Kathleen M. Wood, Connon Wood Scheldemantle LLP

**FOR OFFICE USE ONLY**

RECEIPT #  001665   AMOUNT  $350   6/4/09 BH   APPLYING IFP   JUDGE   MAG. JUDGE



## CIVIL COVER SHEET ATTACHMENT "A" -- COUNSEL FOR PLAINTIFFS

LAW OFFICES OF DAN ZEIDMAN
Dan Zeidman, State Bar No. 73276
Michelle Principato, State Bar No. 165450
260 E. Chase Avenue, Suite 201
El Cajon, CA  92020
Telephone:  (619) 440-3232

Attorneys for Plaintiffs George Hallak, et al.

**CIVIL COVER SHEET ATTACHMENT "B" COUNSEL FOR DEFENDANTS**

CONNON WOOD SCHEIDEMANTLE LLP
Nicholas P. Connon, State Bar No. 150815
Kathleen M. Wood, State Bar No. 149916
35 East Union Street, Suite C
Pasadena, CA 91103
Telephone: (626) 389-3845
Facsimile: (626) 792-9304

GREENBURG TRAURIG LLP
Robert P. Charrow, State Bar No. 44962
John F. Scalia, State Bar No. 154560
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3100
Facsimile: (202) 331-3101

Attorneys for Defendants L-3 Communications Corporation, L-3 Communications Holdings, Inc., and L-3 Services, Inc. (erroneously sued herein as "Titan Translators")

SHEPPARD MULLIN RICHTER & HAMPTON LLP
RYAN MCCORTNEY, State Bar No. 132194
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

Attorneys for Defendant Thomas Computer Solutions, LLC (erroneously sued herein as "TCS Corporation")

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS001665
Cashier ID: bhartman
Transaction Date: 06/04/2009
Payer Name: PRO-COURIER
----------------------------------
CIVIL FILING FEE
 For: HALLAK V L3 COMMUNICATIONS
 Case/Party: D-CAS-3-09-CV-001211-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 11012
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```