CONNON WOOD SCHEIDEMANTLE LLP
NICHOLAS P. CONNON, State Bar No. 150815
nconnon@connonwood.com
KATHLEEN M. WOOD, State Bar No. 149916
kwood@connonwood.com
35 East Union Street, Suite C
Pasadena, California 91103
Telephone:    (626) 389-3845
Facsimile:    (626) 792-9304

GREENBERG TRAURIG LLP
Robert P. Charrow, State Bar No. 44962
Email: charrowr@gtlaw.com
John F. Scalia, State Bar No. 154560
Email: scaliaj@gtlaw.com
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone:    (202) 331-3100
Facsimile:    (202) 331-3101

Attorneys for L-3 Communications Corporation,
L-3 Communications Holdings, Inc., and L-3
Services, Inc. (erroneously sued herein as "Titan
Translator")

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HALLAK, an individual, and Additional Parties Attachment form is attached as "A", <br><br> Plaintiffs, <br><br> vs. <br><br> L-3 COMMUNICATIONS CORPORATION, a corporation, L-3 COMMUNICATIONS HOLDINGS, Inc., a corporation, TITAN TRANSLATORS, a corporation, and TCS CORPORATION, a corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. 09CV1211W CAB <br><br> **DECLARATION OF KATHLEEN M. WOOD IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT, PURSUANT TO FRCP 12(b)(6) AND 9(b)** <br><br> **[Notice of Motion; Memorandum of Points and Authorities; Request to Take Judicial Notice; Courtesy Copies of Statutory and Other Authorities; and [Proposed] Order; filed and lodged herewith]** <br><br> [Removed from San Diego Superior Court Case No. 37-2009-00065301-CU-NP-EC] <br><br> [NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)] <br><br> Judge:  The Hon. Thomas J. Whelan <br> Courtroom:  7 (Third Floor) <br> Date:  Sept. 14, 2009 <br> Time:  [No Oral Argument] |

**DECLARATION OF KATHLEEN M. WOOD**

I, Kathleen M. Wood, declare as follows:

1.      I am an attorney duly admitted to practice before this Court. I am a partner with Connon Wood Scheidemantle LLP, attorneys of record for Defendants L-3 Communications Corporation, L-3 Holdings, Inc., and L-3 Services, Inc. (erroneously sued herein as "Titan Translators"), in this action (collectively the "L-3 Defendants"). I make this declaration in support of the L-3 Defendants. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where otherwise indicated or stated upon information and belief.

2.      The L-3 Defendants were not served with the initial complaint in this action, entitled <u>George Hallak, an Individual, and additional parties attached, and Roes 1 through 1000 v. L3 Communications Corporation, a corporation, L3 Communications Holdings, Inc., a corporation, Titan Translators, a corporation, TCS Corporation [sic], a corporation, and DOES 1 though 100</u> filed on or about January 2, 2009, in the Superior Court of the State of California, County of San Diego, East County Division (El Cajon) and assigned Case No. 37-2009-00065301-CU-NP-EC (the "Complaint"). (A true and correct copy of the initial Complaint, was filed with this Court at the time of removal, on June 4, 2009.)

3.      On information and belief, Plaintiffs lodged or filed a First Amended Complaint with the state court (the "FAC") on or about May 6, 2009. Counsel for the L-3 Defendants signed and returned Acknowledgments of Service of the FAC, on June 1, 2009, for each of the L-3 Defendants. Attached hereto, for the Court's convenience, as "Exhibit A," is a true and correct copy of the FAC.

4.      Attached hereto, as "Exhibit B," is a true and correct copy of the registration of Defendant L-3 Services, Inc., found in the Central Contractor Registration, of the "Business Partner Network" for federal government contractors, at www.bpn.gov/CCRSearch/. The attached registration is found under DUNS No. 137785791 and CAGE No. 3K3NO. This posting is readily available and verifiable through the internet at the website indicated.

/ / /

1      I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3      Executed June 22, 2009, at Pasadena, California.

4

5

6                   Kathleen M. Wood

Declaration of Kathleen M. Wood In Support of Motion to Dismiss FAC

# Exhibit A

Exhibit A - 1 of 47

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>DAN ZEIDMAN, SBN: 73276<br>LAW OFFICES OF DAN ZEIDMAN<br>MICHELLE PRINCIPATO, ESQ. SBN: 165450<br>260 E. CHASE AVE., STE. 201<br>EL CAJON, CA 92020<br>TELEPHONE NO.: 619-440-3232 FAX NO. *(Optional):* 619-440-7864<br>E-MAIL ADDRESS *(Optional):* dzlaw@cox.net<br>ATTORNEY FOR *(Name):* Plaintiffs, George Hallak and all Plain | FOR COURT USE ONLY<br><br>2009 MAY -6 PM 3: 18<br><br>SAN DIEGO C ..... Y CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 250 E. MAIN STREET
MAILING ADDRESS:
CITY AND ZIP CODE: EL CAJON, CA
BRANCH NAME: EAST COUNTY DIVISION

PLAINTIFF/PETITIONER: GEORGE HALLAK and all Plaintiffs named
in Exhibit "A".

DEFENDANT/RESPONDENT: L3 COMMUNICATIONS CORPORATION, a
Corporation, L3 COMMUNICATIONS HOLDINGS, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2009-00065301 |
|---|---|

TO *(insert name of party being served):* L3 COMMUNICATIONS CORP; L3 HOLDING, INC. & TITAN TRANSLATORS

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: MAY 6 2009

DEBRA GIARRUSSO
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [ ] A copy of the summons and of the complaint.
2. [x] Other: *(specify):* Summons on First Amended Complaint; First Amended Complaint for Damages: 1. Violation of Wage & Hour Laws (State & Federal); 2. Fraud with punitive damages; 3. Conversion with punitive Damages; 4. Violations of CA Business & Professions Code Secons 17200, et. seq.; 5. Breach of Covenant of Good Faith and Fair Dealing with Punitive Damages.

*(To be completed by recipient):*
Date this form is signed: MAY , 2009

NICHOLAS P. CONNON, ESQUIRE
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    ▶    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
L3 COMM. CORP; L3 COMM HOLD. INC; TITAN
Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10 |


Legal
Solutions
& Plus

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DAN ZEIDMAN, SBN: 73276<br>LAW OFFICES OF DAN ZEIDMAN<br>MICHELLE PRINCIPATO, ESQ. SBN: 165450<br>260 E. CHASE AVE., STE. 201<br>EL CAJON, CA    92020<br>TELEPHONE NO.: 619-440-3232    FAX NO. *(Optional):*  619-440-7864<br>E-MAIL ADDRESS *(Optional):*  dzlaw@cox.net<br>ATTORNEY FOR *(Name):*  Plaintiffs, George Hallak and all Plain | 2009 MAY -6  PM 3: 17<br><br>SAN DIEGO CO. CA |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS: 250 E. MAIN STREET |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: EL CAJON, CA |
| BRANCH NAME: EAST COUNTY DIVISION |

| PLAINTIFF/PETITIONER: GEORGE HALLAK and all Plaintiffs named in Exhibit "A". |
|---|
| DEFENDANT/RESPONDENT: L3 COMMUNICATIONS CORPORATION, a Corporation, L3 COMMUNICATIONS HOLDINGS, INC., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2009-00065301 |
|---|---|

TO *(insert name of party being served):* TCS Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 6, 2009

Debra Giarrusso
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* Summons on First Amended Complaint; First Amended Complaint for Damages:  1.  Violation of Wage & Hour Laws (State & Federal); 2. Fraud with punitive damages; 3.  Conversion with punitive Damages; 4.  Violations of CA Business & Professions Code Secons 17200, et. seq.; 5. Breach of Covenant of Good Faith and Fair Dealing with Punitive Damages.

*(To be completed by recipient):*
Date this form is signed: May        , 2009

Ryan McCortney
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
Attorney for TCS Corporation

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

# SUMMONS
1ST AMENDED COMPLAINT
## (CITACIÓN JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

2009 MAY -6  FM 3: 16

SAN DIEGO CNTY. CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
L3 COMMUNICATIONS CORPORATION, a Corporation, L3
COMMUNICATIONS HOLDINGS, INC., a Corporation, TITAN
TRANSLATORS, a Corporation and TCS COPORATION, a
Corporation and

Does 1-100, Inclusive.
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GEORGE HALLAK, an individual; and "Additional Parties
Attachment from is attached"; and

Roes 1-1000 inclusive.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO
250 E. Main Street

**CASE NUMBER:**
*(Número del Caso):* 37-2009-00065301

CU-NP-EC

EL CAJON, CA   92020
EAST COUNTY DIVISION
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DAN ZEIDMAN, SBN: 73276                    619-440-3232      619-440-7864
LAW OFFICES OF DAN ZEIDMAN
MICHELLE AFONT, ESQ. SBN: 165450
260 E.CHASE AVE., STE. 201, EL CAJON, CA   92020
DATE:                              Clerk, by _____, Deputy
*(Fecha)*                           *(Secretario)*                         *(Adjunto)*
*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

| | |
|---|---|
| SHORT TITLE: Case 3:09-cv-01211-W-AB Communication Corporation, et al., | CASE NUMBER: 37-2009-00065301 CU-NP-EC |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[x] Plaintiff [ ] Defendant [ ] Cross-Complainant [ ] Cross-Defendant

```
1    Zhangar Sofy
2    Khilat Mohammed Agid (R)
3    Dia Aldin
4    Amad Hana
5    Muna Thamer
6    Aladin Al-Jabiri
7    Mudalal Al-Jabiri
8    Latif Obaid
9    Abdul Razzook
10   Mourad Chihi
11   Lee Hanna
12   Hasan Khazel
13   Muhamad Shifa Ahmed
14   Fakhir Hakim (R)
15   Perwar Almissouri
16   Ayad Almissouri
17   Hafsa (Delene) Almissouri
18   Labieb Mussa (R)
19   Samyan Selevani (R)
20   Zaky Ahmed (R)
21   Sagvan Salih
22   Nariman Mohammad
23   BLANK
24   Azad Sadiq
25   Ali Ismail
26   BLANK
27   John Kalabat
28   Juliet Selim
29   Reikan Alebadi (R)
30   Diar Mohammed
31   Gazwan Alebadi (R)
32   BLANK
33   Nasser Salman
34   Wisam Hindi
35   Dhafir Yousif
36   BLANK
37   BLANK
38   Botan Hawlery
39   Kadhim Albumohammed
40   Reham Majeed
41   Jaafar Nasser
42   Samir Mona
43   Haitham Oraha (R)
44   Alfons Attia
```

Page 1 of 9

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions
Plus

| SHORT TITLE: GEORGE HOLLAK vs. CAB CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 CU-NP-EC |
|---|---|

**INSTRUCTIONS FOR USE**

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ X ] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

```
45   Kosar Shiro
46   Suham Marrogi
47   Samy Mona
48   Kamil Yousif
49   Nabil Issa  (R)
50   George Hallak - Same as Captioned Plaintiff
51   Rian Hanna
52   BLANK
53   Sam Kashit (R)
54   Yasser Yalda
55   Serwa Barzangi
56   Showbo Barzangi
57   Fawzia Heidari
58   Nadia Shamoun
59   Esmael Obaid
60   Mukhles Gorges
61   Mark Sako
62   Andy Cholagh
63   Sarah Mewlud
64   Thamer Gorgees aka Nahir Georges (formerly # 197)
65   Mahir Gorges
66   Ahmed Kadhim (formerly #305 )    (R)
67   Hawar Yousif
68   Steve Zaya
69   Ibrahim Mulla
70   Salim Hannosh
71   Sirajaldin Shamsaldin
72   BLANK
73   Hejar Mayi
74   Breen Maii
75   Rebin Mustafa
76   Hojin Mustafa
77   Hividar Khendari
78   Issam Jajou
79   Istaifan Maroki
80   Shivan Almissouri
81   Ahlam Almissouri
82   Zeen Almissouri
83   Nabil Hassan aka Tony Valantino
84   Hamdi Hassan
85   Louis Shamoon
86   Hoshang Sabir
87   Farhang Sabir
88   Harman Sarky
```

Page 2 of 9

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
℠ Plus

| SHORT TITLE: GEORGE HADDAD, et al. v. COMMONICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
 89  Sefin Zeki
 90  Emad Shaba
 91  Bashar Mallah
 92  Ismael Putrus
 93  Guran Faiq
 94  Aven Faiq
 95  Juan Faiq
 96  Saman Faki Mohammad
 97  Harman Peromari
 98  Muntaser Abouna
 99  Shivan Ameen aka Amin
100  Salam Tobia (R)
101  Nadra Jajou (R)
102  Nader Jajou (R)
103  Muhannad Jajo aka Muhand Jajou
104  Aram Said aka Aram Saei
105  Nabaz Khdir
106  Taha Hassan
107  BLANK
108  Salwa Salem
109  Evait Shamoon
110  Janan Shamoon (R)
111  Bassim Seman
112  Bernadit Seman
113  Latif Kassab
114  Eashou M. Markos
115  Alan Qadir aka Quidar
116  Samir Houssin Ismail
117  Mowafak Gaboory
118  Mehdi Salehi
119  Silove Barwari
120  Seeber Barwari
121  Talar Bustani
122  BLANK
123  Tara Bustani
124  Scalla Aziz
125  Halis Sarky
126  Revend Taha (R)
127  Mazin M. Oaisso (R)
128  Saad Shammas (R)
129  Jamal Tahir (R)
130  Jalal Tahir(R)
131  Kamal Tahir
132  Govand Dizayi
```

Page __3__ of __9__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal Solutions Plus

| SHORT TITLE: CROSSEVHALIK-WCAB Document 23-2 Filed 06/22/09 Page 12 of 56 CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 cu-np-ec |

**INSTRUCTIONS FOR USE**

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[x] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
133   Nadira Cholakh
134   Azad Fatthullah
135   Jalal Toma (R)
136   Abdeulkarim Zangana (R)
137   Jamal Amin  (R)
138   Pishawa Sharif (R)
139   Raied Romayha aka Rumia
140   Nedhal Romayha
141   Arkan Haji
142   Talal Hilantu
143   Mona Putrus
144   Janan Abood (R)
145   Majid Zori
146   BLANK
147   BLANK
148   Rony Korkes (R)
149   Honer Tahir
150   Hareth Shooni
151   Hoshang Omar
152   Ala Banarji aka Ala Marogi
153   Aida Marougi (R)
154   Sana Marougi
155   Afaf Marougi
156   Eba Banarji
157   Reiman Piromari
158   Kawar Zubair
159   Karouzh Zubair
160   BLANK
161   Faridoon Ibrahim (R)
162   Abdul Yasin aka Yasil
163   Hamdia Aziz
164   Rebwar Bustani
165   Sherwan Tahir
166   Nariman Kalabat
167   Majd Nazo
168   Robert Shamoo
169   Mazin M. Odisho
170   Morrif Malakha (R)
171   Dean Sabir (R)
172   Bushra Butres aka Haj Sirajaddin Nakashabandi
173   Sarhand Sabir (R)
174   Taha Alhabid R)
175   Azizd Aljabbar R)
176   Abdulrahman Mulla aka Abdulrah
```

Page 4 of 9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions
Plus

SHORT TITLE: GEORGE HALLAK et al., v. L3 COMMUNICATIONS CORPORATION, et al.

CASE NUMBER: 37-2009-00065301 CU-PA-EC

Case 3:09-cv-01211-W-CAB Document 23-2 Filed 06/22/09 Page 13 of 56

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

```
177   Hadi Salehi
178   Wael Jajo
179   Firas Matti aka Matia (R)
180   Feras Matti aka Matia (R)
181   Salim Aljumaaily (R)
182   Alan Bakelori
183   Mona Fathalla
184   Rafid Jebraeil
185   Sally Shamoon
186   Junaina Abou
187   Beywar Barwari
188   Newar Mustafa
189   Dawood Ahmed
190   Sharkir Mohammed aka Sharkar Mohammad
191   Senan M. Juwaideh aka Seman
192   Masoud Sulevani
193   Sarkou Mahmood
194   Sangar Mahmood
195   Hadar Akraee
196   Masoud Hasan
197   Haval Bedihi
198   Sal Gardy
199   Safaa Saleh aka Safa Saleh
200   Mohammed Khillawi
201   Uday Alea aka Adauy Alei (formerly  #108 as well)
202   Abeer Alea aka Abeer Alei (formerly  #109 as well)
203   Amir Rayis (R)
204   Nidhal Salman
205   Ali Zada (R)
206   Reving Taha
207   Herish Saeed
208   BLANK (SEE IRAQ ONLY CASE FOR RANJ AHMED)
209   Wathiq  Alaboudy
210   Rasheed Barzangi
211   Emad Mohammad (R)
212   Siham P. Zoma
213   Reber Taha (B)
214   Magid Terwonishe
215   Mahdi Terwanishy
216   Linda Shamon
217   Ghazwan Shamoun
218   Nashwan Gorgees
219   Zirak Amin
220   Jabar Khoshnaw
```

Page 5 of 9

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**


Legal Solutions Plus

| SHORT TITLE: GEORGE HALLAK et al v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00085301 |
|---|---|

**INSTRUCTIONS FOR USE**

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
221  Zyad Khoshnaw
222  Zahir Khoshnaw
223  Metin Mohammed
224  Kovan Abdul
225  Hoger Saleh
226  Yousif I. Hanna
227  Shakhwan Shiro
228  Karim Shiro aka Karin
229  Bahroz Rasheed aka Bahroez
230  Shorash Suleiman
231  Ridar Suleiman
232  Ahmed  Al-Ramahy aka Ramahy
233  Bizhar Ameen
234  Mohammed Hamad
235  Ali Hamad
236  Naji Moshi (R)
237  Abdulsalan Mulla
238  Mounir Maalmi aka Monair aka Mounir Maanmi (formerly #192 )
239  Warheel Khalid
240  Araz Khalid
241  Ziad Jazrawi (R)
242  Firas Juwaideh aka Siras
243  Rashad Kattoula
244  Choli Mustafa
245  Hajar Abdulla
246  Nazar Ahmed
247  Huda Alameri
248  Qudemaker Mewlud (R)
249  Buhrooz Mewlud (R)
250  Rostum Mewlud (R)
251  Aram Berzengi
252  Suleiman Kiryakos (R)
253  Ahmed Ahmad
254  Zheer Tawficz (R)
255  BLANK
256  Jamal Piyamari(R)
257  Ahued Saedahmake (R)
258  Karim Heidari aka Karin
259  Dildar Yousif
260  Faris E. Shamon
261  Awaz Abbas
262  Bestoon Deloyi
263  Fenik Khoshnaw
264  Tony Korkes
```

Page __6__ of __9__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**


Legal Solutions Plus

| SHORT TITLE: GEORGE HANNA, et al. v COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 cu-np-ec |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

```
265 BLANK
266 Dlovan Banavi
267 Boton Khoshnaw
268 Mordan Akirayi (R)
269 Warina Buni
270 Sardar Sindi
271 Karwan Sadi aka Karwav
272 Hassan Alassaly
273 Ahlam Al-Nasrawi aka Aklam
274 Bassam Namo(R)
275 Jawad Alaqrawi (R)
276 Tony Y. Patros (R)
277 Joane Daood aka Joan
278 Sami Akraee
279 Ayad Pate aka Date
280 Raad Keriakoos aka Kerlakoos
281 Rezan Khoshnaw
282 Hana Daloy
283 Muhammad Dosky
284 Ahmed Haji
285 Ribur Taha (formerly #209)
286 Dahaz Weisy aka Weisu
287 Ary Ahmed
288 Samir Alsalehi
289 Saman Talabani
290 Nazar F. Beduhi
291 Haydar Karim
292 Thair Juwaideh aka Suwaideh
293 Sarmad Yousif
294 Sami Pauls (B)
295 Noori Hermez
296 Azad Jaff
297 BLANK
298 Suhaila Ibrahim
299 BLANK
300 Andy Jarjis
301 Mark Younes (R)
302 Sultana Yousif (R)
303 Kamil Khalil
304 Salah Safo
305 Abdul Alsaedi
306 Sam Elsiedey
307 Ann Kakos
308 Sohaily Putris
```

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal Solutions Plus

SHORT TITLE: GEORGE HALLAK et al v L3 COMMUNICATIONS CORPORATION, et al.

CASE NUMBER: 37-2009-00065301 cu-np-ec

SUM-200(A)

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[x] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
309 Michael Shamoon (R)
310 Ali Al-Azawy (R)
311 Imad Aljabi
312 Swara Deloyi (B)
313 BLANK
314 Isam Dawood
315 Ali Alsaeed
316 Binyamin Binyamin
317 Sabah Marcus
318 Adel Hanna
319 Duraed Gabrail
320 Samer Al-Saegh
321 Muna Dawood
322 BLANK
323 BLANK
324 Kahzad Sindi
325 Salim Rawdah
326 Rita Kharat
327 BLANK
328 BLANK
329 BLANK
330 BLANK
331 BLANK
332 BLANK
333 BLANK
334 BLANK
335 BLANK
336 BLANK
337 BLANK
338 BLANK
339 Tariq Missouri
340 BLANK
341 Salim Binave (R)
342 Farid Akou
343 BLANK
344 Yazi Sagmani
345 BLANK
346 BLANK
347 BLANK
348 Ibrahim Sabbagh
349 Mike Khazal
350 Ahmed Al-Absi
351 Dilovan Mallah (B)
352 BLANK
```

Page __8__ of __9__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**


Legal
Solutions
Plus

Exhibit A - 13 of 47

| SHORT TITLE: GEORGE HALLAK et al, L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 cu-np-ec |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

```
353 Akram Alasady
354 BLANK
355 Sheveen Missouri
356 Hishiar Missouri
357 BLANK
358 Jason Astifu
359 Adil Rasoul
360 Shakhawan Hussain
361 Adnan Fejleh
362 Ayman Fejleh
363 Kinan Fattahi
364 Tavgah Barzangi (R)
365 Taghreed Bahro
366 Muayad Sofi
367 Dorayid Shamoun
368 Zaid Shamoun
369 Majid Shaia
370 Bassam Kalasho
371 Omar TcHalabi
372 Zirivan Mohammad
373 Omar Sherdah
374 Sardar Ramzi
375 Bayar Sofi-Haji
376 Admiral Mirza
377 Barkho Emmanwiel
378 BLANK
379 Rangebar Amedi
380 Hameed Dohuky (B)
381 Kuvan Piromari
382 Ayoub Ahmed (B)
383 Ali Al-Tamimi
384 Tarik Al-Malki
385 Mahdi Al-Maliki
386 Hassan Al-Ghizzi
387 Bishar Sindy
388 Zaidoun Jawdat Nashi
389 Tony Rammo (R)
390 Nada Rammo (R)
391 Hivi Saleh (R)
```

*Any apparent misspelling between a name on the original plaintiff list (in the original Attachment) and a name on the present plaintiff list is merely a misspelling, and the same person is the same plaintiff on both lists with that same plaintiff number. The only places where this is different is where it is specifically indicated otherwise, e.g., #64, #66, #83, #152, #172, #201, #202, etc.

Page  9   of  9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons


Legal Solutions Plus

1  DAN ZEIDMAN, Esq. (State Bar No. 73276)
   MICHELLE L. AFONT, Esq. (SBN 165450)
2  LAW OFFICES OF DAN ZEIDMAN
   260 E. Chase Avenue, Suite 201
3  P.O. Box 1238
   El Cajon, CA    92020
4  (619) 440-3232

5  Attorneys for Plaintiffs

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

10

11                                         37-2009-00065301-CU-NP-Ec

12  GEORGE    HALLAK,    an   )   Case No.   2009653-01
    individual,    and   )
13  Additional   Parties   )
    Attachment   form   is   )
14  attached as "A",   )   FIRST AMENDED COMPLAINT
                        )   FOR DAMAGES FOR:
15       Plaintiffs,   )
                        )   1.    VIOLATIONS OF WAGE & HOUR LAWS
16  vs.   )          (State & Federal)
                        )   2.    FRAUD with punitive damages
17  L3 COMMUNICATIONS   )   3.    CONVERSION   with   punitive
    CORPORATION, a   )          damages
18  corporation,   )   4.    VIOLATIONS   OF   CALIFORNIA
    L3 COMMUNICATIONS   )          BUSINESS & PROFESSIONS CODE
19  HOLDINGS, INC.,   )          SECTIONS 17200, et.seq.
    a corporation,   )   5.    BREACH OF COVENANT OF GOOD
20  TITAN TRANSLATORS,   a   )          FAITH AND FAIR DEALING with
    corporation,   and TCS   )          punitive damages
21  COPORATION, a   )
    corporation, and   )   Including interest, costs, & attorney fees
22  DOES 1 to 100,   )
    inclusive,   )   [Same Causes of Action as Original Complaint but
23                        )   "Additional Parties Attachment" List is Changed]
         Defendants.   )
24  _____

Plaintiffs allege the following:

## GENERAL ALLEGATIONS
### (Against All Defendants)

1. This is a claim for compensation brought against plaintiffs' employers pursuant to California Labor Code §§ 218 and 1194, and § 216(b) of the Fair Labor Standards Act [29 U.S.C. § 201 et seq., hereinafter referred to as the "Act"] for violations of state and federal wage and hour laws, as well as common law and/or statutory fraud/deceit, conversion, and violations of Cal. B & P Code Sections. Plaintiffs are seeking to recover unpaid overtime and hourly wages, reimbursement of employee expenses, record keeping penalties, statutory waiting time penalties, compensatory damages for fraud/deceit and/or conversion, damages for violations of B & P Code, and punitive damages, pre-judgment interest and attorney fees and legal costs..

2. Defendants L3 Communications Corporation (hereinafter "L3"), L3 Communications Holdings, Inc. (hereinafter "L3H"), Titan Corporation (hereinafter "Titan") and TCS Corporation (hereinafter "TCS") are, and at all times herein mentioned were, a business entity, believed to be corporations, but true form unknown, doing business in the County of San Diego, California.

3. Defendants Does 1-100, inclusive were at all times herein doing business in the County of San Diego, California.

4. The employment which is the subject of this action was entered into in the County of San Diego, State of California and partly performed therein. Plaintiffs certify that venue lies within this judicial district.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants, DOES 1 through 100, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believes and therefore alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages thereby to plaintiffs as herein alleged.

6. At all times herein mentioned, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

7. All named Defendants and DOES 1 through 100, inclusive, employed plaintiffs during the years approximately 2004 through 2007. All Defendants employed plaintiffs in a very special and unique role as more described below.

8. The gravamen of the employment is best described as follows:

    a. Defendants and each of them contracted, as private contractors, with the United States of America to supply Iraqi born civilians to act as Iraqi Nationals during the training of U.S. Army soldiers and U.S. Marine Corps marines in the United States before going to Iraq to

1  fight the War on Terror.

2

3      b. Said Iraqi civilians, all of the Plaintiffs herein, had as their job to act as if they were

4  IN Iraqi, breathing, sleeping, eating, working, and living AS IF they were actually in Iraq, in

5  order to give the soldiers and marines as identical Iraqi environment, culture, and living

6  conditions as if they all were in Iraq, even though this training was to be performed on United

7  States military reservations in the United States, such as Ft. Irwin, CA and Twenty-nine Palms,

8  CA.

9

10     c. During their rotations for 3-week periods, Plaintiffs were confined to their living

11  areas, could not wander off post or off base at will, and were literally "on the job" 24 hours

12  every day, 7 days a week.  Because in Iraq there would be no distinction among the real Iraqi

13  Nationals as far as their living their lives 24 a day, so too were the Plaintiffs, in acting as if they

14  were IN Iraq, were to live Iraqi lives 24 hours a day as if they were actually living in Iraq.  This

15  concept was a very important part of their jobs in helping to train the soldiers and marines of

16  life in Iraq, Iraqi culture, and what they faced once they were deployed to the "real" Iraq.

17

18     d. In fact, oftentimes Plaintiffs would be rousted from their beds in the middle of the

19  night as if the Plaintiffs were members of a terrorist household.

20

21     e. The Plaintiffs acting as translators also had to be available 24 hours a day, and were

22  in fact required to assist the soldiers and marines in said mock exercises, such as the raiding of

23  mock terrorist homes.

24

f. Defendants had the sole right to tell the Plaintiffs exactly how to do their jobs. The Defendants gave the Plaintiffs scenarios, and the Plaintiffs were required to abide by those scenarios. The Plaintiffs had no right to change the scenarios. Virtually every minute of every day while Plaintiffs were on rotations, their lives were controlled by the Defendants. It even got to the point whereby the Plaintiffs were told by the Defendants when and where to shower, for example. As another example, there were mandatory meetings every morning, and if anyone was absent from any meeting, that person would be literally punished by the Defendants.

g. In doing their jobs, even though Plaintiffs signed what was furnished by the Defendants and what the Defendants called an "independent contractor" contract, Plaintiffs were in fact in no way independent contractors, but instead were employees of Defendants by the specialness and uniqueness of their jobs, as well as the sensitivity of their jobs insofar as national security is concerned, such that they in every way acted as employees of Defendants rather than independent contractors.

h. Insofar as said independent contractor contract purported to make Plaintiffs "independent contractors" instead of "employees" of Defendants, and insofar as said contract was an oppressive contract against Plaintiffs (for example Virginia Law instead of California Law to apply), said contract was a fraud and a sham and oppressive, having nothing to do with reality on the job and/or the location of the job, and therefore was a nullity in said particulars since it deceived and defrauded and oppressed  Plaintiffs.   (A copy of an example of said contract is attached hereto as Exhibit "B".)

1    i. With regards to the lack of payment for wages and overtime alleged herein, all of said

2    work was performed in the calendar year 2006 and 2007 and all of said actions by Defendants

3    herein were intentional, and/or done with recklessly and without regard for the truth.

4

5    j. With regards to the fraud/deceit alleged herein, all of said actions by the Defendants

6    of fraud/deceit were done within the past 3 years since the discovery of said fraud/deceit by the

7    Plaintiffs.  Plus, said fraud/deceit continued as an ongoing and continuous  tortious action

8    through 2006 and 2007.

9

10    k.. Defendants from time to time took wages from Plaintiffs for alleged misdeeds of

11    Plaintiffs without just cause and/or a legal basis to do so, also showing the total power and

12    control that Defendants had over Plaintiffs.

13

14    l. Each of the Plaintiffs had a "site manager" who was an employee of Defendants, and

15    that site manager had virtually total control over how the Plaintiffs lived their lives 24 hours a

16    day.

17

18    9. At all times herein mentioned defendants required, suffered or permitted the following

19    terms and conditions of plaintiffs' employment:

20

21    a.. Defendants required plaintiffs to drive their own vehicles on interstate highways,

22    and travel to Los Angeles and/or  Riverside and/or San Bernardino Counties from San Diego

23    County on dates and times specified by Defendants;

24

b. Defendants failed to pay plaintiffs for all regular hours worked, i.e., Plaintiffs were on the job for 24 hours a day, but were only paid for 12 hours a day;

c. Defendants failed to pay plaintiffs for all overtime hours worked during the three years preceding the filing of this action in excess of eight in a day or forty in a week at the appropriate overtime rate of one and one-half times plaintiffs' regular wage rate for all hours worked in excess of eight in a day and forty in a week;

d. Defendants failed to pay plaintiffs for all hours worked in excess of eight in a day or forty in a week at overtime rates.

10. At all times herein mentioned defendants failed to pay plaintiffs for all their regular and overtime hours worked as described above.

11. At all times herein-mentioned defendants failed to maintain wage and hour records regarding plaintiffs' employment as required by law. [California Labor Code §§ 226 and 1174(d) and subparagraph 7 of the applicable IWC Wage Order, 8 Cal. Code Regs. 11000 et seq.]

## FIRST CAUSE OF ACTION

### (Failure to Compensate Plaintiffs for All Hours Worked – Against All Defendants)

12. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 11, inclusive, above.

13. Defendants failed to pay plaintiffs at the contracted for wages for all the hours actually worked. Defendants' failure to pay said compensation to plaintiffs was a violation of California Labor Code §§ 510(a), 558 and 1198, and wage orders promulgated by the Industrial Welfare Commission and published in the California Code of Regulations at 8 Cal. Code Regs. §§ 11010 et seq., as well as the Act.

14. Plaintiffs are accordingly entitled to receive compensation at the applicable contracted rates, including time and one half for overtime as alleged herein, in effect at the time in an amount according to proof, e.g., for the 12 hours worked while Plainiffs were working a 24-hour shift for 7 days a week during their rotations, as noted above.

15. Plaintiffs are entitled by statute to reasonable attorney fees [California Labor Code §§ 218.5 and 1194(a); 29 U.S.C. § 216(b)], and pre-judgment interest at the legal rate of 10% [California Labor Code § 218.6] as a direct and legal result of defendants' failure to pay minimum wage compensation.

16. Plaintiffs are entitled to statutory waiting time penalties [California Labor Code §§ 201, 202 and 203] as a direct and legal result of defendants' willful failure to pay all unpaid compensation immediately upon the termination of their employment. Plaintiffs are also entitled to liquidated damages in an amount equal to the wages owed. [29 U.S.C. § 216(b); California Labor Code § 1194.2.] Plaintiffs are further entitled to receive a penalty assessment in the amount of $50 for the first pay period in which they were underpaid, and $100 for each successive pay period that they were underpaid. [California Labor Code § 558.]

## SECOND CAUSE OF ACTION

### (Non-Payment of Overtime – Against All Defendants)

17. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 16, inclusive, above.

18. Defendants' failure to pay overtime compensation to plaintiffs was a violation of California Labor Code § 510(a) and wage orders promulgated by the Industrial Welfare Commission and published in the California Code of Regulations at 8 Cal. Code Regs. §§ 11010 et seq., as well as the Act.

19. Plaintiffs are accordingly entitled to receive compensation at one and one-half times their regular rate of pay for the work described above in an amount according to proof.

20. Plaintiffs are entitled by statute to reasonable attorney fees [California Labor Code § 1194(a); 29 U.S.C. § 216(b)], and pre-judgment interest at the legal rate of 10% [California Labor Code § 218.6] as a direct and legal result of defendants' failure to pay overtime compensation.

21. Plaintiffs are entitled to statutory waiting time penalties [California Labor Code §§ 201, 202 and 203] as a direct and legal result of defendants' willful failure to pay overtime compensation immediately upon the termination of their employment. Plaintiffs are also entitled to liquidated damages in an amount equal to the wages owed. [29 U.S.C. § 216(b).] Plaintiffs are further entitled to receive a penalty assessment in the amount of $50 for the first

pay period in which they were underpaid, and $100 for each successive pay period that they

were underpaid. [California Labor Code § 558.]

## THIRD CAUSE OF ACTION

### (Conversion – Against All Defendants)

22. Plaintiffs restate and incorporate herein by reference each and every allegation

contained in paragraphs 1 through 21, inclusive, above.

23. Plaintiffs had a property ownership right in their wages that vested as soon as they

performed their work for defendants.

24. Defendants converted plaintiffs' wages by intentionally and wrongfully failing and

refusing to pay plaintiffs' their required wages. Defendants converted said wages intentionally

to harm Plaintiffs, i.e., maliciously, and/or recklessly and without regard for the truth.

25. Plaintiffs have been damaged by defendants' conversion of their wages in the

amount of the wages and expenses withheld, along with all attorney fees and costs incurred in

recovering said property.

26. Plaintiffs have further sustained general damage in an amount according to proof

because of defendants' tortious conversion of their wages.

27. The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiffs' rights under California Civil Code § 3294 and in violation of the public policy of California. Specifically defendants intentionally withheld plaintiffs' wages, and therefore are responsible for punitive damages according to proof at trial.

## FOURTH CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing – Against All Defendants)

28. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, above.

29. The defendants' contract with plaintiffs (sample Exhibit "B") contained an implied covenant of good faith and fair dealing by which defendants promised to deal fairly and in good faith with plaintiffs with regard to defendants' performance of their obligations under the contract, including the prompt and full payment of all wages. Plaintiffs are informed and believe that defendants sought to wrongfully withhold a portion of the wages due, and therefore tortuously breached the covenant.

30. Plaintiffs have been damaged in the amount of all wages and expenses owed in an amount according to proof.

31. Plaintiffs have furthered sustained general damage in an amount according to proof.

32. Defendants breached said covenant with oppression and/or malice and therefore are responsible for punitive damages according to proof at trial.

## FIFTH CAUSE OF ACTION

(Violation of Business and Professions Code § 17200 et seq. -- Against All Defendants)

33. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 32, inclusive, above.

34. Defendants' repeated violation of said statutes and regulations during the three years preceding the filing of this action was unfair and/or unlawful and/or fraudulent and therefore constituted an unlawful business practice prohibited by California Business & Professions Code §§ 17200 et seq., and California Civil Code §§ 43, 51.7, 51.9, 1708 and 1708.5. Defendants gained an unfair business advantage by means of these practices and gained an unfair competitive advantage with respect to competing businesses, which adhered to lawful norms of business conduct. Defendants have therefore been unjustly enriched and plaintiffs have been systematically harmed.

35. Plaintiffs are entitled to all relief available under Business and Professions Code § 17200, et seq., including punitive damages according to proof.

## SIXTH CAUSE OF ACTION

**(Penalties Assessed Under California Labor Code §2699 –Against All Defendants)**

36. Plaintiff restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, above.

37. Defendants' failure to pay plaintiff their full wages in a timely manner and reimburse them for their gas/mileage expenses constituted violations of California Labor Code §§ 216, 225.5, 226, 558, and applicable wage orders [8 Cal. Code Regs. § 11010 et seq.] Defendants are accordingly subject to civil penalties of $50.00 for the first pay period during which any of these violations occurred, and $100.00 for each subsequent pay period that a violation occurred.

38. Defendants are further subject to civil penalties for their failure to maintain employment records as alleged above. [California Labor Code §§ 226.3 and 1174.5.]

39. California Labor Code § 2699 empowers plaintiffs to recover said penalties and retain 25% of the recovery, with the balance payable to the State of California. Plaintiffs are further entitled to recover their attorney fees and costs from defendants incurred in the prosecution of said recovery of penalties.

40. Plaintiffs have given written notice by certified mailed to the Labor and Workforce Development Agency and the defendants of defendants' violations of the Labor Code as specified above. Plaintiffs have either been notified by the Labor and Workforce Development

1    Agency that it does not intend to investigate the alleged violations, or the Labor and Workforce

2    Development Agency has failed to give notice of its intentions within the time specified in Labor

3    Code § 2699.3. Plaintiffs are accordingly entitled to pursue this civil action under Labor Code

4    § 2699.

5

6                            **SEVENTH CAUSE OF ACTION**

7    **(Fraud and/or Deceit for Sham Contract Purporting to be Independent Contractor Contract,**

8    **Failure to Pay Wages, and/or Failure to Pay Overtime)**

9

10   41. Plaintiff restates and incorporates herein by reference each and evey allegation contained

11   in paragraphs 1 through 40, inclusive, above.

12

13   42. Defendants committed fraud and/or deceit when they required Plaintiffs to sign a sham

14   contract (example Exhibit "B") purporting to be an "independent contractor" contract, when

15   Defendants KNEW, ane/or with a reckless disregard for the truth failed to know, that the jobs

16   of Plaintiffs would legally place them in a position of "employee" and not "independent

17

18   43. Part of Defendants' purpose in fraudulently leading Plaintiffs to believe they were

19   independent contractors, when Defendants KNEW they were really employees in actions and

20   job requirements, was so that Defendants could not only defraud Plaintiffs out of their rightful

21   wages and/or overtime, but also to save money so as to illegally not pay withholding taxes and/or

22   social security taxes and/or state disability insurance and/or workers compensation insurance.

23

24

44. In so doing as alleged, Defendants did in fact defraud and/or deceive Plaintiffs from receiving wages and/or overtime as well as other benefits of employment as employees, and Plaintiffs have been damaged thereby in reliance on the intentional misrepresentations (fraud and/or deceit) of Defendants according to proof at trial.

45. In so doing as alleged, Defendants defrauded and/or deceived Plaintiffs with oppression and/or malice, such that puntive damages should be awarded for said fraud, oppression, and/or malice.

46. In so doing as alleged, Plaintiffs have been damaged by compensatory damages including emotional distress and the like.

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them, as follows:

1. Damages for non-payment of regular and overtime compensation each according to proof; Waiting time penalties in the amount of thirty days' pay each;

2. Civil penalties in an amount according to proof for defendants' violations of the California Labor Code, including but not limited to §§ 216, 225.5, 226, 558;

3. Compensatory and general damages for all Causes of Action.

4. Compensatory and general damages for conversion and breach of the implied covenant of good faith and fair dealing and fraud/deceit in an amount according to proof;

5. Punitive damages as alleged herein;

6. Reasonable attorney fees;

7. Pre-judgment interest;

8. Costs of suit.

9.  Liquidated damages in an amount equal to the unpaid wages due;

10. Such other and further relief as the court may deem proper.


Dated:   May 6, 2009


                              LAW OFFICE OF DAN ZEIDMAN




                         By: _____
                              Dan Zeidman, Esq.
                              Attorneys for Plaintiffs

| SHORT TITLE: Hallak v. L3 Communications Corporation, et al., | CASE NUMBER:<br>37-2009-00065301 CU-NP-EC |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

1    Zhangar Sofy
2    Khilat Mohammed Agid (R)
3    Dia Aldin
4    Amad Hana
5    Muna Thamer
6    Aladin Al-Jabiri
7    Mudalal Al-Jabiri
8    Latif Obaid
9    Abdul Razzook
10   Mourad Chihi
11   Lee Hanna
12   Hasan Khazel
13   Muhamad Shifa Ahmed
14   Fakhir Hakim (R)
15   Perwar Almissouri
16   Ayad Almissouri
17   Hafsa (Delene) Almissouri
18   Labieb Mussa (R)
19   Samyan Selevani (R)
20   Zaky Ahmed (R)
21   Sagvan Salih
22   Nariman Mohammad
23   BLANK
24   Azad Sadiq
25   Ali Ismail
26   BLANK
27   John Kalabat
28   Juliet Selim
29   Reikan Alebadi (R)
30   Diar Mohammed
31   Gazwan Alebadi (R)
32   BLANK
33   Nasser Salman
34   Wisam Hindi
35   Dhafir Yousif
36   BLANK
37   BLANK
38   Botan Hawlery
39   Kadhim Albumohammed
40   Reham Majeed
41   Jaafar Nasser
42   Samir Mona
43   Haitham Oraha (R)
44   Alfons Attia

Page  1   of  9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**


Legal
Solutions
Plus

Exhibit A - 32 of 47

| SHORT TITLE: GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 CU-NP-EC |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
45  Kosar Shiro
46  Suham Marrogi
47  Samy Mona
48  Kamil Yousif
49  Nabil Issa  (R)
50  George Hallak - Same as Captioned Plaintiff
51  Rian Hanna
52  BLANK
53  Sam Kashit (R)
54  Yasser Yalda
55  Serwa Barzangi
56  Showbo Barzangi
57  Fawzia Heidari
58  Nadia Shamoun
59  Esmael Obaid
60  Mukhles Gorges
61  Mark Sako
62  Andy Cholagh
63  Sarah Mewlud
64  Thamer Gorgees aka Nahir Georges (formerly # 197)
65  Mahir Gorges
66  Ahmed Kadhim (formerly #305 )   (R)
67  Hawar Yousif
68  Steve Zaya
69  Ibrahim Mulla
70  Salim Hannosh
71  Sirajaldin Shamsaldin
72  BLANK
73  Hejar Mayi
74  Breen Maii
75  Rebin Mustafa
76  Hojin Mustafa
77  Hividar Khendari
78  Issam Jajou
79  Istaifan Maroki
80  Shivan Almissouri
81  Ahlam Almissouri
82  Zeen Almissouri
83  Nabil Hassan aka Tony Valantino
84  Hamdi Hassan
85  Louis Shamoon
86  Hoshang Sabir
87  Farhang Sabir
88  Harman Sarky
```

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



**SUM-200(A)**

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff       [ ] Defendant       [ ] Cross-Complainant       [ ] Cross-Defendant

```
 89  Sefin Zeki
 90  Emad Shaba
 91  Bashar Mallah
 92  Ismael Putrus
 93  Guran Faiq
 94  Aven Faiq
 95  Juan Faiq
 96  Saman Faki Mohammad
 97  Harman Peromari
 98  Muntaser Abouna
 99  Shivan Ameen aka Amin
100  Salam Tobia (R)
101  Nadra Jajou (R)
102  Nader Jajou (R)
103  Muhannad Jajo aka Muhand Jajou
104  Aram Said aka Aram Saei
105  Nabaz Khdir
106  Taha Hassan
107  BLANK
108  Salwa Salem
109  Evait Shamoon
110  Janan Shamoon (R)
111  Bassim Seman
112  Bernadit Seman
113  Latif Kassab
114  Eashou M. Markos
115  Alan Qadir aka Quidar
116  Samir Houssin Ismail
117  Mowafak Gaboory
118  Mehdi Salehi
119  Silove Barwari
120  Seeber Barwari
121  Talar Bustani
122  BLANK
123  Tara Bustani
124  Scalla Aziz
125  Halis Sarky
126  Revend Taha (R)
127  Mazin M. Oaisso (R)
128  Saad Shammas (R)
129  Jamal Tahir (R)
130  Jalal Tahir(R)
131  Kamal Tahir
132  Govand Dizayi
```

Page __3__ of __9__

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**


Legal Solutions Plus

Exhibit A - 34 of 47

| SHORT TITLE: GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 cu-np-ec |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[ x ] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

```
133   Nadira Cholakh
134   Azad Fatthullah
135   Jalal Toma (R)
136   Abdeulkarim Zangana (R)
137   Jamal Amin  (R)
138   Pishawa Sharif (R)
139   Raied Romayha aka Rumia
140   Nedhal Romayha
141   Arkan Haji
142   Talal Hilantu
143   Mona Putrus
144   Janan Abood (R)
145   Majid Zori
146   BLANK
147   BLANK
148   Rony Korkes (R)
149   Honer Tahir
150   Hareth Shooni
151   Hoshang Omar
152   Ala Banarji aka Ala Marogi
153   Aida Marougi (R)
154   Sana Marougi
155   Afaf Marougi
156   Eba Banarji
157   Reiman Piromari
158   Kawar Zubair
159   Karouzh Zubair
160   BLANK
161   Faridoon Ibrahim (R)
162   Abdul Yasin aka Yasil
163   Hamdia Aziz
164   Rebwar Bustani
165   Sherwan Tahir
166   Nariman Kalabat
167   Majd Nazo
168   Robert Shamoo
169   Mazin M. Odisho
170   Morrif Malakha (R)
171   Dean Sabir (R)
172   Bushra Butres aka Haj Sirajaddin Nakashabandi
173   Sarhand Sabir (R)
174   Taha Alhabid R)
175   Azizd Aljabbar R)
176   Abdulrahman Mulla aka Abdulrah
```

Page <u>4</u> of <u>9</u>

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007] | **ADDITIONAL PARTIES ATTACHMENT**<br>**Attachment to Summons** | Legal<br>Solutions<br>℮ Plus |
|---|---|---|

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 CU-PA-EC |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

```
177  Hadi Salehi
178  Wael Jajo
179  Firas Matti aka Matia (R)
180  Feras Matti aka Matia (R)
181  Salim Aljumaaily (R)
182  Alan Bakelori
183  Mona Fathalla
184  Rafid Jebraeil
185  Sally Shamoon
186  Junaina Abou
187  Beywar Barwari
188  Newar Mustafa
189  Dawood Ahmed
190  Sharkir  Mohammed aka Sharkar Mohammad
191  Senan M. Juwaideh aka Seman
192  Masoud Sulevani
193  Sarkou Mahmood
194  Sangar Mahmood
195  Hadar Akraee
196  Masoud Hasan
197  Haval Bedihi
198  Sal Gardy
199  Safaa Saleh aka Safa Saleh
200  Mohammed Khillawi
201  Uday Alea aka Adauy Alei (formerly  #108 as well)
202  Abeer Alea aka Abeer Alei (formerly  #109 as well)
203  Amir Rayis (R)
204  Nidhal Salman
205  Ali Zada (R)
206  Reving Taha
207  Herish Saeed
208  BLANK (SEE IRAQ ONLY CASE FOR RANJ AHMED)
209  Wathiq  Alaboudy
210  Rasheed Barzangi
211  Emad Mohammad (R)
212  Siham P. Zoma
213  Reber Taha (B)
214  Magid Terwonishe
215  Mahdi Terwanishy
216  Linda Shamon
217  Ghazwan Shamoun
218  Nashwan Gorgees
219  Zirak Amin
220  Jabar Khoshnaw
```

Page  5    of  9
Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007] | **ADDITIONAL PARTIES ATTACHMENT**<br>Attachment to Summons | Legal<br>Solutions<br>Plus | Exhibit A - 36 of 47 |
|---|---|---|---|

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box.  Use a separate page for each type of party.):*

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
221   Zyad Khoshnaw
222   Zahir Khoshnaw
223   Metin Mohammed
224   Kovan Abdul
225   Hoger Saleh
226   Yousif I. Hanna
227   Shakhwan Shiro
228   Karim Shiro aka Karin
229   Bahroz Rasheed aka Bahroez
230   Shorash Suleiman
231   Ridar Suleiman
232   Ahmed  Al-Ramahy aka Ramahy
233   Bizhar Ameen
234   Mohammed Hamad
235   Ali Hamad
236   Naji Moshi (R)
237   Abdulsalan Mulla
238   Mounir Maalmi aka Monair aka Mounir Maanmi (formerly #192 )
239   Warheel Khalid
240   Araz Khalid
241   Ziad Jazrawi (R)
242   Firas Juwaideh aka Siras
243   Rashad Kattoula
244   Choli Mustafa
245   Hajar Abdulla
246   Nazar Ahmed
247   Huda Alameri
248   Qudemaker Mewlud (R)
249   Buhrooz Mewlud (R)
250   Rostum Mewlud (R)
251   Aram Berzengi
252   Suleiman Kiryakos (R)
253   Ahmed Ahmad
254   Zheer Tawficz (R)
255   BLANK
256   Jamal Piyamari(R)
257   Ahued Saedahmake (R)
258   Karim Heidari aka Karin
259   Dildar Yousif
260   Faris E. Shamon
261   Awaz Abbas
262   Bestoon Deloyi
263   Fenik Khoshnaw
264   Tony Korkes  ...
```

Page 6 of 9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions·
Plus

Exhibit A - 37 of 47

Page 40 of 56

| | |
|---|---|
| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER:<br>37-2009-00065301 cu-np-ec |

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

```
265 BLANK
266 Dlovan Banavi
267 Boton Khoshnaw
268 Mordan Akirayi (R)
269 Warina Buni
270 Sardar Sindi
271 Karwan Sadi aka Karwav
272 Hassan Alassaly
273 Ahlam Al-Nasrawi aka Aklam
274 Bassam Namo(R)
275 Jawad Alaqrawi (R)
276 Tony Y. Patros (R)
277 Joane Daood aka Joan
278 Sami Akraee
279 Ayad Pate aka Date
280 Raad Keriakoos aka Kerlakoos
281 Rezan Khoshnaw
282 Hana Daloy
283 Muhammad Dosky
284 Ahmed Haji
285 Ribur Taha (formerly #209)
286 Dahaz Weisy aka Weisu
287 Ary Ahmed
288 Samir Alsalehi
289 Saman Talabani
290 Nazar F. Beduhi
291 Haydar Karim
292 Thair Juwaideh aka Suwaideh
293 Sarmad Yousif
294 Sami Pauls (B)
295 Noori Hermez
296 Azad Jaff
297 BLANK
298 Suhaila Ibrahim
299 BLANK
300 Andy Jarjis
301 Mark Younes (R)
302 Sultana Yousif (R)
303 Kamil Khalil
304 Salah Safo
305 Abdul Alsaedi
306 Sam Elsiedey
307 Ann Kakos
308 Sohaily Putris
```

Page __7__ of __9__
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal Solutions Plus

Exhibit A - 38 of 47

| SHORT TITLE: GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 cu-np-ec |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

```
309 Michael Shamoon (R)
310 Ali Al-Azawy (R)
311 Imad Aljabi
312 Swara Deloyi (B)
313 BLANK
314 Isam Dawood
315 Ali Alsaeed
316 Binyamin Binyamin
317 Sabah Marcus
318 Adel Hanna
319 Duraed Gabrail
320 Samer Al-Saegh
321 Muna Dawood
322 BLANK
323 BLANK
324 Kahzad Sindi
325 Salim Rawdah
326 Rita Kharat
327 BLANK
328 BLANK
329 BLANK
330 BLANK
331 BLANK
332 BLANK
333 BLANK
334 BLANK
335 BLANK
336 BLANK
337 BLANK
338 BLANK
339 Tariq Missouri
340 BLANK
341 Salim Binave (R)
342 Farid Akou
343 BLANK
344 Yazi Sagmani
345 BLANK
346 BLANK
347 BLANK
348 Ibrahim Sabbagh
349 Mike Khazal
350 Ahmed Al-Absi
351 Dilovan Mallah (B)
352 BLANK
```

Page 8 of 9
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal Solutions Plus

Exhibit A - 39 of 47

| SHORT TITLE:  GEORGE HALLAK et al. v. L3 COMMUNICATIONS CORPORATION, et al. | CASE NUMBER: 37-2009-00065301 cu-np-ec |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties *(Check only one box.  Use a separate page for each type of party.)*:

[ x ] Plaintiff     [  ] Defendant     [  ] Cross-Complainant     [  ] Cross-Defendant

```
353 Akram Alasady
354 BLANK
355 Sheveen Missouri
356 Hishiar Missouri
357 BLANK
358 Jason Astifu
359 Adil Rasoul
360 Shakhawan Hussain
361 Adnan Fejleh
362 Ayman Fejleh
363 Kinan Fattahi
364 Tavgah Barzangi (R)
365 Taghreed Bahro
366 Muayad Sofi
367 Dorayid Shamoun
368 Zaid Shamoun
369 Majid Shaia
370 Bassam Kalasho
371 Omar TcHalabi
372 Zirivan Mohammad
373 Omar Sherdah
374 Sardar Ramzi
375 Bayar Sofi-Haji
376 Admiral Mirza
377 Barkho Emmanwiel
378 BLANK
379 Rangebar Amedi
380 Hameed Dohuky (B)
381 Kuvan Piromari
382 Ayoub Ahmed (B)
383 Ali Al-Tamimi
384 Tarik Al-Malki
385 Mahdi Al-Maliki
386 Hassan Al-Ghizzi
387 Bishar Sindy
388 Zaidoun Jawdat Nashi
389 Tony Rammo (R)
390 Nada Rammo (R)
391 Hivi Saleh (R)
```

*Any apparent misspelling between a name on the original plaintiff list (in the original Attachment) and a name on the present plaintiff list is merely a misspelling, and the same person is the same plaintiff on both lists with that same plaintiff number.  The only places where this is different is where it is specifically indicated otherwise, e.g., #64, #66, #83, #152, #172, #201, #202, etc.

Page 9     of 9

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal Solutions Plus

**L3**
communications
Titan Linguist Operations
& Technical Support

## CAT I
## INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (this "Agreement") is made effective by and between L-3 Communications Linguist Operations and Technical Support Division (the 'Company'), and

_____ (the "Independent Contractor"), having a mailing address of _____

A. The Company desires to have the services of the Independent Contractor.
B. The Independent Contractor is willing to provide services for the Company.
C. The Independent Contractor is eligible to work in the United States of America.

Therefore, the parties agree as follows:

1.    SERVICES. The Independent Contractor shall provide to the Company the services described on the attached Exhibit A, which is made a part of the Agreement by this reference.

2.    BEST EFFORTS OF INDEPENDENT CONTRACTOR. The Independent Contractor agrees to perform faithfully, industriously, and to the best of the Independent Contractor's ability, experience, and talents, all of the duties that may be required by the express and implicit terms of the Agreement, to the reasonable satisfaction of the Company.

3.    COMPENSATION OF INDEPENDENT CONTRACTOR.

A.    As compensation for the services provided by the Independent Contractor under this Agreement, the Company will pay the Independent Contractor a pay rate of $20 per hour for an anticipated 12 hour work day to perform the duties set out in Exhibit A.  In addition, linguists living in harsh field conditions (as determined by the contractor) for the duration of each exercise will receive up to an additional $1,000 stipend—to be determined by the Company lead manager—to compensate them for this additional hardship (i.e., MRE meals only, no showers, no running water, field latrines).

B.    The Company will give the Independent Contractor a one-time payment for each exercise performed, to be paid by check and mailed to the Independent Contractor's address listed above. The Company will make every effort to do this no later than thirty working days after the Independent Contractor invoice has been received at headquarters.

C.    The U.S. Government will provide all lodging and meals for the Independent Contractor during the period of performance of this agreement.  Therefore, Per Diem payments are not authorized for this exercise as provided for under the U.S. Government's Joint Travel

**EXHIBIT "B"**

communications

**Titan Linguist Operations
& Technical Support**

Regulations, unless the U.S. Government's failure to provide lodging and meals causes the Independent Contractor to have to pay for his/her own lodging and meals.

D.      The Company will issue the Independent Contractor an IRS tax form 1099 Miscellaneous no later than 30 January of the year following the year services were provided, as required by law.

E.      The Company will reimburse the Independent Contractor for reasonable and necessary expenses incidental to travel, <u>when such travel is pre-authorized by the Company and is over 50 miles from his/her home of record</u>, as authorized under the U.S. Government's Joint Travel Regulations. All expenses (i.e., taxi fares, parking, etc.) require a receipt. Travel expenses will be reimbursed in the Independent Contractor's payment.

4.      **FAILURE TO PERFORM.** If the Independent Contractor fails to appear for work, or fails to perform in good faith or to complete the duties set out in Exhibit A, the Company reserves the right to hold the Independent Contractor liable for reimbursement of all costs incurred by the Company for the Independent Contractor's employment including all travel costs and any administrative costs borne by the Company.

5.      **EMPLOYMENT ELIGIBILITY VERIFICATION.** The Independent Contractor shall provide documents that establish identity (driver's license or photo ID card) and copies of documents that establish U.S. employment eligibility (U.S. Social Security card, U.S. Passport, or appropriate INS Form/Certificate) prior to any work being performed or compensation is rendered for services in compliance with this agreement. For any documentation compliance issues or questions please contact: <u>(703) 390-7614, ATTN: Mr. Kevin Callier.</u>

6.      **COMPLIANCE WITH COMPANY'S RULES.** The Independent Contractor agrees to comply with all of the rules and regulations of the Company or those of the Company's client facility, including U.S. Government facilities.

7.      **NO LIABILITY INSURANCE. COMPANY SHALL NOT BE LIABLE FOR ANY INJURY TO, LOSS OR DAMAGE TO THE PROPERTY OF, OR DEATH SUFFERED BY, INDEPENDENT CONTRACTOR AS A RESULT OF PERFORMANCE HEREUNDER, UNLESS IT IS THE RESULT OF COMPANY'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT. INDEPENDENT CONTRACTOR IS ADVISED TO OBTAIN ADEQUATE INSURANCE COVERING INJURY, DEATH, OR PROPERTY LOSS OR DAMAGE AND IS HEREBY NOTIFIED THAT COMPANY HAS <u>NOT</u> INSURED INDEPENDENT CONTRACTOR.**

8.      **RETURN OR DAMAGE OF PROPERTY.** Upon completion of services, the Independent Contractor shall deliver all property (including keys, records, notes, data, memoranda, models, and equipment) that is in the Independent Contractor's possession or under the Independent Contractor's control that is the Company's property or related to the Company's

**EXHIBIT "B"**

communications
_____
**Titan Linguist Operations
& Technical Support**

business. Additionally, the Independent Contractor is responsible for any damage done to any accommodations.

9.     ENTIRE AGREEMENT. This Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties.

10.     SEVERABLILITY. If any provisions of the Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of the Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

11.     WAIVER OF CONTRACTUAL RIGHT. The failure of either party to enforce any provisions of this Agreement shall not be construed as a waiver or limitation of that party's rights to subsequently enforce and compel strict compliance with every provision of this Agreement.

12.     APPLICABLE LAW. The laws of the Commonwealth of Virginia shall govern this Agreement.


Signed on [DATE] _____

L-3 Communications Linguist Operations          <u>Independent Contractor agreed to and</u>
And Technical Support Division                          <u>accepted:</u>


By: _____          By: _____


Printed Name: _____          Printed Name: _____ .

                                                                Title:  <u>Linguist Independent Contractor</u>

                                                                Home Phone: _____

                                                                Cell Phone: _____

                                                                Social Security #: _____


**EXHIBIT "B"**                                    Exhibit A - 44 of 47

**communications**
Titan Linguist Operations
& Technical Support

## EXHIBIT A
## DESCRIPTION OF SERVICES AND CONDITIONS

The Independent Contractor will perform role-play and interpretation/translation, using Arabic language/cultural skills, for Mission Rehearsal Exercises at Ft. Irwin, CA, Ft. Drum, NY, Twenty-Nine Palms, CA, Ft. Bragg, NC, Ft. Riley, KS, Ft. Sam Houston, TX and Ft. Stewart, GA at multiple and varying intervals scheduled by the Company and dependent upon the government's exercise schedule for the period commencing 10 June 2007 through 09 September 2007. The Independent Contractor agrees to follow and abide strictly by all directions provided by L-3 Communications Linguist Operations and Technical Support Division and U.S. Government exercise control personnel, to include strict adherence to any script.

- An additional four to eight (4-8) hours will be allowed and billable on each of two (2) travel days incurred by the consultant for each exercise.

- Transportation for the Independent Contractor from a designated pick-up/drop-off point at time of agreement to Ft. Irwin, Ft. Drum, Twenty-Nine Palms, Ft. Bragg, Ft. Riley, Ft. Sam Houston, and Ft. Stewart and back will be provided by L-3 Communications Linguist Operations and Technical Support Division. Independent Contractor is responsible for his/her own transportation from his/her domicile to/from the designated pick-up/drop-off point.

- Lodging, accommodations, and food will be provided to the Independent Contractor by the U.S. Government for the period of performance of each exercise. **Independent Contractors are not guaranteed access to private (single-occupancy) lodging facilities or accommodation of special dietary requirements. Independent Contractor acknowledges that government-provided meals may only comprise military Meals Ready to Eat (MREs) or equivalents. Independent Contractor acknowledges that government-provided lodging may only comprise military barracks or field tents. Independent Contractor is not authorized non-government provided lodging. Independent Contractor may be authorized to purchase non-government-provided food at his/her own expense.**

- The Company will provide transportation for the Independent Contractor from lodging and dining facilities to/from the work site.

- In the event that the U.S. Government fails to provide the Independent Contractor with lodging and meals as stipulated above, the Company may authorize reimbursement to the Independent Contractor for reasonable out-of-pocket lodging and meal expenses (Per Diem) using rates that are in accordance with both U.S. Government Joint Travel Regulation (JTR) and L-3 Communications Linguist Operations and Technical Support Division Travel Policy.

- In the event that the U.S. Government ends the exercise early, the total compensation referred to in paragraph 3.A. of this agreement will be prorated to support the U.S.

### EXHIBIT "B"

**L3**
communications

Titan Linguist Operations
& Technical Support

Government's requirements (i.e., 12 hours per work day).   The hourly pay rate is figured at $20 per hour.  Therefore, one 12-hour workday equates to $240.  Two 12-hour days equate to $480.

■    In the event that the U.S. Government extends the exercise, the total compensation referred to in paragraph 3.A. of this agreement will be increased to support the U.S. Government's requirements (i.e., 12 hours per work day at $20 per hour).

**EXHIBIT "B"**

**PROOF OF SERVICE**

**Case Name: Hallak v. L3 Communications, et al.**
**Superior Court of CA, County of San Diego**
**Superior Court Case No.: 37-2009-00065301-cu-np-ec**

I, Debra Giarrusso, the undersigned, declare that: I am over the age of eighteen years and not a party to this action; I am employed in the County of San Diego, California; where the mailing occurs; and my business address is 260 East Chase Avenue, Suite 201, El Cajon, California 92020.

I further declare that I am readily familiar with the business' practices for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.

I further declare that I am readily familiar with the business' practices for preparing and sending facsimile documents pursuant to which practice the facsimile will be sent from a facsimile machine in our office to the facsimile machine in the designated office this same day in the ordinary course of business. On May 6, 2009, I caused to be served the following document(s), described as:

Summons On First Amended Complaint; First Amended Complaint for Damages for: 1. Violations of Wage & Hour Laws (State & Federal); 2.  Fraud with Punitive Damages; 3.  Conversion with Punitive Damages; 4.  Violations of California Business & Professions Code Sections 17200, et. Seq. 5. Breach of Covenant of Good Faith and Fair Dealing with Punitive Damages on the parties in this action

[ x ]     (BY MAIL) I then sealed each envelope and, with the postage   thereon fully prepaid either deposited each in the United States Postal Service or placed each for collection and mailing on May 6, 2009, at El Cajon, California,   following ordinary business practices, addressed to:

Nicholas P. Connon
Connon Wood Scheidemantle LLP
35 Union Street, Suite C
Pasadena, CA   91103

Ryan McCortney
650 Town Center Drive
Costa Mesa, CA   92626

Dale Larabee
2120 Fourth Avenue
San Diego, CA   92101

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 6, 2009, at El Cajon, California.

Debra Giarrusso

# Exhibit B

6/18/2009                                   CCR Search Results

Start New
Registration

# CCR Detail Search Results

Not to be used as certifications and representations. See ORCA for official
certification.

Update or
Renew
Registration

Search CCR

Dynamic
Small
Business
Search

Request
Access to
CCR Data

Security
Notice

**Current Registration Status:** Active in CCR; Registration valid until
01/12/2010.

**DUNS:** 137785791
**DUNS PLUS4:**
**CAGE/NCAGE:** 3K3N0
**Legal Business Name:** L-3 SERVICES, INC.
**Doing Business As (DBA):** TECHNCAL OPRTONS SUPPORT GROUP
**Division Name:** LINGUIST OPERATIONS & TECHNICAL
SUPPORT
**Division Number:**
**Company URL:** http://www.l3com.com

**Physical Street Address 1:** 1900 CAMPUS COMMONS DR STE 600
**Physical Street Address 2:**
**Physical City:** RESTON
**Physical State:** VA
**Physical Foreign Province:**
**Physical Zip/Postal Code:** 20191-1535
**Physical Country:** USA

**Mailing Name:** L-3 SERVICES, INC., LOTSD
**Mailing Street Address 1:** 1900 CAMPUS COMMONS DRIVE
**Mailing Street Address 2:** SUITE 600
**Mailing City:** RESTON
**Mailing State:** VA
**Mailing Foreign Province:**
**Mailing Zip/Postal Code:** 20191-1535
**Mailing Country:** USA

**Business Start Date:** 06/01/1981

## CORPORATE INFORMATION

### Type of Organization

Corporate Entity, Not Federal Tax Exempt
(State of Incorporation is DE)

6/18/2009                                    CCR Search Results

### Business Types/Grants

2X - For-Profit Organization
VN - Contracts

### DISASTER RESPONSE INFORMATION

#### Bonding Levels

**Construction Bonding Level, Per Contract (dollars):**

**Construction Bonding Level, Aggregate (dollars):**

**Service Bonding Level, Per Contract (dollars):**

**Service Bonding Level, Aggregate (dollars):**

#### Geographic Areas Served

No geographic areas specified

### GOODS / SERVICES

#### North American Industry Classification System (NAICS)

541330 - Engineering Services
541618 - Other Management Consulting Services
541690 - Other Scientific and Technical Consulting Services
541930 - Translation and Interpretation Services

#### Standard Industrial Classification (SIC)

7389 - BUSINESS SERVICES, NEC
8711 - ENGINEERING SERVICES
8742 - MANAGEMENT CONSULTING SERVICES

#### Product Service Codes (PSC)

---

#### Federal Supply Classification (FSC)

---

### SMALL BUSINESS TYPES

SDB, 8A and HubZone certifications come from the Small Business
Administration and are not editable by CCR vendors.

| Business Types | Expiration Date |
| --- | --- |

6/18/2009                                  CCR Search Results
                                      ---                    ---

| North American Industry Classification System (NAICS) | | | |
|---|---|---|---|
| The small business size status is derived from the receipts, number of employees, assets, barrels of oil, and/or megawatt hours entered by the vendor during the registration process. | | | |
| **NAICS Code** | **Description** | **Small Business** | **Emerging Small Business** |
| 541330 | Engineering Services | No | No |
| 541618 | Other Management Consulting Services | No | No |
| 541690 | Other Scientific and Technical Consulting Services | No | No |
| 541930 | Translation and Interpretation Services | No | No |

## CCR POINTS OF CONTACT

**Government Business Primary POC**

**Name:** BOB ST. ONGE

**Address Line 1:** 1900 CAMPUS COMMONS DRIVE

**Address Line 2:** SUITE 600

**City:** RESTON

**State:** VA

**Foreign Province:**

**Zip/Postal Code:** 20191-1535

**Country:** USA

**U.S. Phone:** 703-390-4625

**Non-U.S. Phone:**

**Fax:** 703-390-7690

**Government Business Alternate POC**

**Name:** GARY LEOPOLD

**Address Line 1:** 1900 CAMPUS COMMONS DRIVE

**Address Line 2:** SUITE 600

**City:** RESTON

**State:** VA

**Foreign Province:**

**Zip/Postal Code:** 20191-1535

**Country:** USA

**U.S. Phone:** 703-390-7620

**Non-U.S. Phone:**

**Fax:** 703-390-7690

**Past Performance Primary POC**

**Name:** GARY LEOPOLD

**Address Line 1:** 1900 CAMPUS COMMONS DRIVE

**Address Line 2:**

**City:** RESTON

**State:** VA

**Foreign Province:**

**Zip/Postal** 20191-1535

**Past Performance Alternate POC**

**Name:** DAVID BISHOP

**Address Line 1:** 1900 CAMPUS COMMONS DRIVE

**Address Line 2:** SUITE 600

**City:** RESTON

**State:** VA

**Foreign Province:**

**Zip/Postal** 20191-1535

www.bpn.gov/CCRSearch/Detail.aspx

Exhibit B - 4 of 5

3/4

6/18/2009                    CCR Search Results

| | |
|---|---|
| **Code:** | **Code:** |
| **Country:** USA | **Country:** USA |
| **U.S. Phone:** 703-390-7620 | **U.S. Phone:** 703-390-7620 |
| **Non-U.S. Phone:** | **Non-U.S. Phone:** |
| **Fax:** 703-390-7690 | **Fax:** 703-390-7690 |

| **Electronic Business Primary POC** | **Electronic Business Alternate POC** |
|---|---|
| **Name:** KAREN HOWE | **Name:** STEPHEN SIMMONS |
| **Address Line 1:** 1900 CAMPUS COMMONS DRIVE | **Address Line 1:** 1900 CAMPUS COMMONS DRIVE |
| **Address Line 2:** SUITE 600 | **Address Line 2:** SUITE 600 |
| **City:** RESTON | **City:** RESTON |
| **State:** VA | **State:** VA |
| **Foreign Province:** | **Foreign Province:** |
| **Zip/Postal Code:** 20191-1535 | **Zip/Postal Code:** 20191-1535 |
| **Country:** USA | **Country:** USA |
| **U.S. Phone:** 703-390-8372 | **U.S. Phone:** 703-390-7694 |
| **Non-U.S. Phone:** | **Non-U.S. Phone:** |
| **Fax:** 703-390-7690 | **Fax:** 703-390-7690 |

1

## CERTIFICATE OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and **not a party to this action**. I am
employed in the County of Los Angeles, State of California. My business address is 35 East

4

Union Street, Suite C, Pasadena, California 91103.

5

On June 22, 2009, I served true copies of the following document(s) described as
**DECLARATION OF KATHLEEN M. WOOD IN SUPPORT OF MOTION TO DISMISS**

6

**THE FIRST AMENDED COMPLAINT, PURSUANT TO FRCP 12(b)(6) AND 9(b)** on the
interested parties in this action as follows:

7

8

Dan Zeidman
Email: dzlaw@cox.net
Michelle L. Afont

Ryan McCortney, Esq.
Email: rmccortney@sheppardmullin.com
Matthew M. Sonne

9

Email: mlnplaw@cs.com
Law Offices of Dan Zeidman

Email: msonne@sheppardmullin.com
Sheppard Mullin Richter & Hampton LLP

10

260 E. Chase Ave., #201
P.O. Box 1238

650 Town Center Drive, Fourth Floor
Costa Mesa, California 92626

11

El Cajon, California  92022-1238
Telephone:  (619) 440-3232

Telephone: (714) 513-5100
Facsimile:  (714) 513-5130

12

Facsimile:  (619) 440-7864

13

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on Local Rule 5-3.3, I caused the
document(s) identified above to be filed through the CM/ECF System on the persons listed in the

14

Service List.  I did not receive, within a reasonable time after the filing, any electronic message or
other indication that the service was unsuccessful.

15

I declare under penalty of perjury under the laws of the United States of America that the

16

foregoing is true and correct and that I am admitted to practice before this Court.

17

Executed on June 22, 2009, at Pasadena, California.

18

19

/s/ Kathleen M. Wood

20

Kathleen M. Wood

21

22

23

24

25

26

27

28

09CV1211W CAB

Declaration of Kathleen M. Wood In Support of Motion to Dismiss FAC