DAN ZEIDMAN, Esq. SBN 73276
LAW OFFICES OF DAN ZEIDMAN
260 E. Chase Avenue; Suite 201
P.O. Box 1238
El Cajon, CA 92020
Tel. (619) 440-3232

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HALLAK, an individual, and Additional Parties Attachment form is attached as "A" <br><br> Plaintiff, <br><br> vs. <br><br> L3 COMMUNICATIONS CORPORATION, a corporation, L3 COMMUNICATIONS HOLDINGS, INC., a corporation, TITAN TRANSLATORS, a corporation, TCS CORPORATION, a corporation, and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No. 09cv1211 W CAB <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT FRCP 12 (b)(6) AND 9(b) and MOTION TO STRIKE PURSUANT FRCP 12(F)** <br><br> Judge: Hon. Thomas J Whelan <br> Courtroom: 7 (Third Floor) <br> Date: October 19, 2009 <br><br> **[NO ORAL ARGUMENT]** |

**TABLE OF CONTENTS**

Page No.

I.  INTRODUCTION............................................................................ 2

II.  LEGAL STANDARDS.................................................................. 4

    a.  Motion to Dismiss FRCP 12 (b)©........................................... 4

    b.  Motion to Dismiss FRCP 9(b)................................................ 5

    c.  Motion to Strike FRCP 12 (f)................................................ 6

III.  LEGAL ARGUMENT................................................................. 8

    A.   The Fair Labor Standards Act Law Applies
       to the purely "wage and hour claims"................................... 8

    B.  Some of Plaintiffs' California Tort causes of
       action may remain if Federal Enclave Law Applies............... 9

    C.  Some of the Plaintiffs' Tort causes of action
       may remain under Virginia Law,
       if Virginia Law Applies....................................................... 14

IV.  CONCLUSION............................................................................ 15

**TABLE OF AUTHORITIES**

FEDERAL CASES

UNITED STATES SUPREME COURT                          Page No.

Bell Atlantic Corp. V. Twonbly (U.S. 2007)
127 S. Ct. 1955, 1965............................        5

Mersnick v. US Protect Corp.
(N.D.Cal 2006) WL 3734396.......................  10, 11, 12

Paul v. United States (1963)
371 U.S. 245, 263-64............................        9

Paul Business Systems, Inc. V. Canon U.S.A.
(1990) 240 Va. 337, 342.........................       14


LOWER FEDERAL COURTS

Advanced Cardiovascular Systems Inc. v.
Scimed Life Systems, Inc. (Fed. Cir. 1993)
988 F,2d 1157, 1160.............................        4

Anderson v. Sara Lee Corp. (4th Cir. 2007)
508 F.3d 181....................................       12

Borsellino v. Goldman Sachs Group, Inc.
(7th Cir. 2007) 477 F.3d 502, 507...............        5

Breedlove v. Babou (N.D.N.Y. 2003)
296 F.Supp.2d 253, 274-75.......................        6

Canadian St. Regis Band of Mohawk Indiana
ex rel. Francis V. New York (N.D.N.Y. 2003)
278 F.Supp.2d 313, 325..........................        6

Chill v. General Elec. Co. (2nd Cir. 1996)
101 F.3d 263, 271072............................        6

ii

Craftmatic Securities Litigation v.
Kraftsow (3d. Cir 1989) 890 F.2d 628, 645....... 13

Fantasy Inc. V. Fogerty (9th Cir. 1993)
984 F.2d 1524, 1527............................. 6

Helicopter Textron Inc. (5th Cir. 2005)
417 F.3d 450, 454-55........................... 6

James Stewart & Co. v. Sadrakula (1940)
309 U.S.  94, 99................................. 10

Kaltenbach v. Richards (5th Cir. 2006)
464 F.3d 524, 526-527........................... 4

Montecino v. Spherion Crop. (C.D. Cal. 2006)
427 F. Aupp.2d 965, 966-67...................... 8

Nedlloyd Lines B.V. v. Superior Court (1992)
3 Cal. 4th 459, 464-65.......................... 14

Public Utility Dist. No. 1 of Grays
Harbor County Wash. V. IDACORP Inc.
(9th Cir. 2004) 379 F.3d 641.................... 5

Rockefeller Center Properties, Inc.
Securities Litigation (3d. Cir. 2002)
311 F.3d 198, 216............................... 5

SmileCare Dental Group v. Delta Dental
Plan of California, Inc. (9th Cir. 1996)
88 F.3d 780, 783, cert. Denied 519 U.S. 1028.... 4

State Cases (California)

Arzaga v. Villalba (1890) 85 Cal 191.................. 12

Gruber v. Pacific States Sav. & Loan Co.
(1939) 13 Cal2d........................................ 11

Stephan v. Superior Court (1920)
183 Cal.4th 459, 464-465............................... 12

Nedlloyd Lines B.V. v. Superior Court
(1992) 3 Cal4th 459, 464-465........................... 14

iii

**State Cases** (Virginia)

Buckeye Nat. Bank v. Huff $ Cook 114 Va. 1 (1912).......   14

Lloyd v. Smith 150 Va. 132 (1928).......................   14

Paul Business Systems, Inc. v. Canon USA
240 Va. 337 (1990)......................................   14

Shoemaker v. Cake 83 Va. 1 (1887).......................   14


**Federal Statutes**

29 U.S.C. 216 (FLSA)....................................    3


**Other Federal Authorities**

FRCP 8..................................................   12

FRCP 9..............................................5, 6, 13

FRCP 12.......................................1, 2, 4, 6, 7, 16


**State Stautes**

Cal. Labor Code Section 2699........................... 3,  9

Cal. B & P Code Section 17200.......................... 3, 11

1   DAN ZEIDMAN, Esq. SBN 73276
    LAW OFFICES OF DAN ZEIDMAN
2   260 E. Chase Avenue; Suite 201
    P.O. Box 1238
3   El Cajon, CA 92020
    Tel. (619) 440-3232
4

5   Attorneys for PLAINTIFFS

6

7
                        UNITED STATES DISTRICT COURT
8
                       SOUTHERN DISTRICT OF CALIFORNIA
9

10  GEORGE HALLAK, an            )     Case No. 09cv1211 W CAB
    individual, and             )
11  Additional Parties          )
    Attachment form is attached )     PLAINTIFFS' MEMORANDUM OF POINTS
    as "A"                       )     AND AUTHORITIES IN OPPOSITION TO
12                               )     MOTION   TO   DISMISS   THE   FIRST
          Plaintiff,            )     AMENDED COMPLAINT PURSUANT FRCP 12
13                               )     (b)(6)   AND   9(b)  and   MOTION   TO
    vs.                          )     STRIKE PURSUANT FRCP 12(F)
14                               )
    L3 COMMUNICATIONS            )     Judge: Hon. Thomas J Whelan
15  CORPORATION,a               )     Courtroom: 7 (Third Floor)
    corporation,                )     Date: October 19, 2009
    L3 COMMUNICATIONS            )
16  HOLDINGS, INC.,             )
    a corporation,              )
17  TITAN TRANSLATORS,  a       )
    corporation, TCS            )
    CORPORATION, a corporation, )          [NO ORAL ARGUMENT]
18  and                         )
    DOES 1 to 100,              )
19  inclusive,                  )
                                 )
          Defendants.           )
20  _____ )
                                 )
21                               )

22

23

                                    1

PLAINTIFFS by and through their Attorneys of record hereby submit the following Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss the First Amended Complaint pursuant Federal Rule of Civil Procedure (FRCP) 12(b)(6) and 9(b) and Motion to Strike pursuant FRCP 12(f). This brief opposes three motions filed by Defendants in this matter: (1) the Motion to Dismiss Pursuant FRCP 12(b)(6) and 9(b) filed by the L-3 Defendants[1], on June 22, 2009 as Document 23 in this matter; (2) Joinder Defendant Thomas Computer Solutions' (hereinafter "TCS") Memorandum of Points and Authorities in Support of the L-3 Defendants' Motion to Dismiss First Amended Complaint, filed June 29, 2009 as Document Number 29 in this matter, and Thomas Computer Solutions' Motion to Strike pursuant FRCP 12(f) filed June 29, 2009 as Document 25 in this matter.

## 1. INTRODUCTION

Plaintiffs are several hundred Iraqis residing in the United States who were hired by Defendants to "perform role play and interpretation / translation, using Arabic language/cultural skills for Mission Rehearsal Exercises[2]" at Fort Irwin, California, and Twenty-Nine Palms, California. Plaintiffs signed a contract with the L-3 defendants at the time of hire. This contract is named "CAT I - INDEPENDENT CONTRACTOR AGREEMENT" a blank copy of which is attached to the First Amended Complaint (hereinafter "FAC") as EXHIBIT B.

This is a very unique set of facts and circumstances, in many ways unprecedented. Plaintiffs were asked to role play as an Iraqi villager for three weeks at a time while in total seclusion on the US military base to which he or she was assigned. The idea was that the villages

---

[1] **Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant FRCP 12(b)(6) and 9(b) page 1 lines 4-5.**

[2] **First Amended Complaint (FAC) Exhibit B.**

would be so real that US soldiers and marines would feel a sense of deja vu when arriving in Iraq as part of the wartime effort. To that end, the role players were assigned specific roles; mayor, town council, translator, or "terrorist" to name just a few. Each role player ate, drank, lived, and breathed their role for three weeks at a time.

Role players were not free to leave the base. Role players were not free to communicate with the outside world. In short, the role players' freedoms were severely restricted while on rotation and virtually every aspect of the role players' life was controlled by their employers while on base.

Plaintiffs' FAC includes seven causes of action related to the CAT I contract. The FAC includes two types of claims, "wage and hour" claims focusing on the hours of pay and the rate of pay for the hours Plaintiffs performed pursuant the CAT I, and claims that address the way Plaintiffs and Defendants entered into the CAT I contract. Plaintiffs' exact causes of action are as follows: (1) failure to adequately compensate under Cal. Labor Code and 29 U.S.C. § 216 (b) (29 U.S.C. is also known as the Fair Labor Standards Act (hereinafter "FLSA")); (2) failure to pay overtime wages per Cal. Labor Code and the FLSA; (3) conversion by Defendants of wages that were rightfully Plaintiffs'; (4) breach of covenant of good faith and fair dealing; (5) violations of Cal. Bus. Pro. Code § 17200; (6) violations of Cal. Labor Code § 2699; and (7) Defendants' fraud in the inducement of Plaintiffs to enter the CAT I contracts.

The L-3 Defendants now bring a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and 9(b). Defendant Thomas Computer Solutions (hereinafter "TCS") likewise brings a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and 9(b). TCS also brings a Motion to Strike under Federal Rule of Civil Procedure 12(f).

As will be outlined more completely below, Plaintiffs concede that some of the arguments in Defendants' Motions to Dismiss and Motion to Strike are valid. Plaintiffs admit the result is that the causes of action that lay under California wage and hour law cannot remain, as well as California causes of action that are statutory in nature and did not exist as of 1940.

However, Defendants' motions do nothing to suggest that the operative facts pled with specificity in the FAC, do not give rise to wage and hour claims and tort claims as pled. Accordingly, Plaintiffs ask that this Court to deny Defendants motions as they relate to the tort claims and allow for the complaint to be amended with respect to the wage and hour claims.

II. <u>LEGAL STANDARDS</u>

a. <u>Motion to Dismiss FRPC 12(b)(6)</u>

Motions to dismiss pursuant FRCP 12(b)(6) test the legal sufficiency of a party's claims for relief. This rule allows a trial court to terminate lawsuits, "that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems Inc. v. Scimed Life Systems, Inc.* (Fed. Cir. 1993) 988 F.2d 1157, 1160. A claim challenged under this rule maybe dismissed because (a) it assets a legal theory that is not cognizable as a matter of law, or (b) it fails to allege sufficient facts to support an otherwise cognizable claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.* (9t1' Cir. 1996) 88 F.3d 780, 783, cert. denied 519 U.S. 1028

When a claim is challenged under this rule, the Court construes the pleadings liberally in the pleader's favor. *Kaltenbach v. Richards* (5r" Cir. 2006) 464 F.3d 524, 526-527. The court presumes

that the well pled allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleadings in the light most favorable to the non-moving party. No claim will be dismissed merely because the trial judge disbelieves the allegations or feels that recovery is remote or unlikely. *Bell Atlantic Corp v. Tin'ombly* (U.S. 2007) 127 S. Ct. 1955, 1965. Pleaders must allege enough facts to raise their claims beyond speculation; the claims must go from conceivable to plausible. *Bell Atlantic Corp. Supra* at 1974.

Finally, even if it is inclined to grant a Motion to Dismiss, a court will generally pen-nit the pleader an opportunity to amend unless an amendment would be futile. Even where the court doubts the pleading defects can be overcome, the federal policy favoring decisions on merits, rather than a on technicalities favors permitting a plaintiff leave to file an amended pleading prior to entry of Judgment, unless the exercise is plainly futile. *Public Utility Dist. No. 1 of Grays Harbor County Wash. v. IDA CORP Inc.* (9'" Cir. 2004) 379 F.3d 641

### b. Motion to Dismiss FRC 9(b)

FRCP 9(b) reflects a concept that a party must plead fraud with particularity so that any such claim is "responsible and supported, rather than defamatory extortionate." *Borsellino v. Goldman Sachs Group, Inc.* (7˚i Cir. 2007) 477 F.3d 502, 507. The amount of particularity, or specificity required for pleading fraud will differ from case to case, but it generally depends on the amount of access the pleader has to the specific facts, the complexity of the claims, the relationship of the parties, the context of the alleged fraud, and the amount of specificity necessary for the adverse party to prepare a responsive pleading. *See Rockefeller Center Properties, Inc. Securities Litigation* (3d. Cir. 2002) 311 F.3d 198, 216 (noting that the rigidity of the pleading requirements may be relaxed in

situations where requisite factual information is peculiarly within defendant's knowledge or control); *see also Craf matic Securities Litigation v. Kraftsox'* (3d. Cir 1989) 890 F.2d 628, 645 ([I]n the case of corporate fraud, plaintiff cannot be expected to have personal knowledge of the details of corporate internal affairs).

Like motions to dismiss under FRCP 12(b)(6), a plaintiff should be granted leave to amend should the motions to dismiss under FRCP 9(b) be granted by the court. *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.* (5r1' Cir. 2005) 417 F.3d 450, 454-55. Only where amendment is deemed futile should the court deny the pleader an opportunity to amend to overcome any defects in particularity. *Chill v. General Elec. Co.* (2" d Cir. 1996) 101 F.3d 263, 271072.

c. <u>Motion to Strike FRCP 12(f)</u>

As defendant Thomas Computer Solutions states in its Memorandum of Points and Authorities in Support of Motion to Strike, the main purpose of a FRCP 12(t) motion is to allow the Court to strike redundant, immaterial, and impertinent matter from a pleading such that the parties avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy Inc. v. Fogerty (9 î Cir. 1993) 984 F.2d 1524, 1527 (overruled on other grounds 510 U.S. 517).

In deciding a FRCP 12(f) Motion to Strike, Courts generally apply the same test used to decide a 12(b)(6) motion. *Breedlove v. Babou* (N.D.N.Y. 2003) 296 F.Supp.2d 253, 274-75. If disputed questions of facts or law as to the challenged material, the motion to strike must be denied. *Canadian St. Regis Band of MohawkIndiana ex rel. Francis v. New York* (N.D.N.Y. 2003) 278 F.Supp.2d 313, 325.

TCS's Motion to Strike pursuant FRCP 12(f) only seeks to strike causes of action brought by Plaintiffs under California laws including Cal. Labor Code, Cal. Bus. and Prof. Code, and California common law. As will be outlined below, Plaintiffs agree with Defendants that the FSLA covers their wage and hour claims. Either the Applicable Law provisions of the CAT I contracts[3] will govern, or Federal Enclave law will govern. In either case, California law will not apply to Plaintiffs wage and hour claims, and the FSLA will apply.

However, because TCS does not state in any of its moving papers that the CAT I Applicable Law section should apply to this dispute, and the L-3 defendants have stated in their moving papers that the CAT I Applicable Law section should apply[4], Plaintiffs cannot meaningfully respond to all of Defendants' arguments until Plaintiffs know what law will apply. Plaintiffs need to know whether the laws of the commonwealth of Virginia will apply to all causes of actions as against all defendants, whether the Federal Enclave law will apply to all claims as against all defendants, whether the laws of the Commonwealth of Virginia will apply to claims only with the L-3 defendants and Federal Enclave Law will apply against TCS, or some other result. As the case is just beginning and no discovery has commenced, Plaintiffs do not know whether the TCS defendants are denying the CAT I contract applies to the dispute between Plaintiffs and TCS. If the CAT I contract applies as between Plaintiffs and TCS, then all causes of action and remedies plead that come from California statutory and common laws will have to be removed from the complaint and Virginia causes of action added by amendment. However if CAT

---

[3] FAC Exhibit B paragraph 12.

[4] L-3 Defendants Motion of Points and Authorities in Support of Motion to Dismiss page 14 subsection III(C)

1  I does not apply and only the Federal Enclave law applies, some California common law may

2  apply.

3      Accordingly, Plaintiffs hold that the Motion to Strike is not ripe and that discovery needs

4  to be conducted so that Plaintiffs know what law is going to apply as between TCS and Plaintiffs.

5  If any doubt remains as to the potential later relevance of the contested allegations. the motion to

6  strike should be denied. *Montecino v. Spherion Corp.* (C.D. Cal. 2006) 427 F.Aupp.2d 965, 966-

7  67.

8              III. <u>LEGAL ARGUMENT</u>

9

10     A. <u>The Fair Labor Standards Act Law Applies to the purely "wage and hour claims"</u>

11

12     A main argument in Defendants' Motions to Dismiss and Motion to Strike is that the FAC

13  states causes of action for wage and hour violations under California law that this Court should

14  dismiss or strike for one of two reasons: (1) all work performed under the CAT I contract occurred

15  on the federal enclaves of Ft. Irwin or Twenty-Nine Palms, or (2) the CAT I contract contains an

16  "Applicable Law" clause which states that the laws of the Commonwealth of Virginia governs the

17  agreement.

18     Plaintiffs concede these points. Defendants' moving papers show that Ft. Irwin and

19  TwentyNine Palms are federal enclaves.[5] The L-3 Defendants concede in their moving papers that

20  the CAT I contracts all have "Applicable Law" clauses holding that the laws of the Commonwealth

21

22  _____

23  [5] L-3 Defendants Motion of Points and Authorities in Support of Motion to Dismiss page 13 lines 4-13, page 14 lines 8-15; Defendant Thomas Computer Solutions Memorandum of Points and Authorities Support of Motion to Dismiss gage 2 lines 18-2. page 3 line I

1  of Virginia govern the agreement.[6] Plaintiffs also concede that the state of Virginia has adopted the

2  FSLA as the applicable wage and hour law.[7]  Accordingly, Plaintiffs concede that if the laws of the

3  state of Virginia were found to apply to their claims or if the Federal Enclave doctrine applied, the

4  wage and hours claims brought in the FAC by petitioners are covered under the FSLA. *George v.*

5  *UXB International Inc.* (1996) WL 241624 (FS LA and not California wage and hour law applied

6  to Federal Enclave of Fort Ord, CA)

7

8  Accordingly, Plaintiffs request leave of this Court to amend causes of action one and

9  two of Plaintiffs' FAC to remove California wage and hour claims. Similarly, an amended FAC

10  will not contain cause of action six for Cal. Labor. Code §2699 violations.

11

12  B. <u>Some of Plaintiffs' California Tort causes of action may remain if Federal Enclave Law Applies</u>

13  Congress' power to exercise exclusive federal jurisdiction on federal land is enumerated in

14  Article I Section 8 of the United States Constitution, however where the United States acquires

15  land within a state's border with the consent of that state for any purpose in Art. I § 8 cl. 17,

16  (federal enclave) the federal government's jurisdiction is exclusive with three exceptions. First, the

17  state may continue to exercise jurisdiction expressly reserved by the state as a condition to its

18  consent, second state laws existing at the time the United States accepts jurisdiction remain

19  enforceable unless "abrogated" by federal law, and third exclusive federal jurisdiction may by

20  qualified in accordance with agreements reached by respective governments. *Paul v. United States*

21

22  [6]
    L-3 Defendants Motion of Points and Authorities in Support of Motion to Dismiss page 14 subsection III(C).

23  [7]
    L-3 Defendants Motion of Points and Authorities in Support of Motion to Dismiss page 16 lines 2-5.

1   (1963) 371 U.S. 245. 263-64; *Mersnick v. US Protect Corp* (N.D. Cal 2006) WL 3734396; *James*

2   *Stewart & Co. v. Sadrakula* (1940) 309 U.S. 94, 99.

3          As Plaintiffs have conceded above, their "wage and hour" claims are to be decided under

4   the FSLA. In addition to their wage and hour claims, however Plaintiffs' FAC contain several

5   other causes of action including conversion, fraud, breach of implied covenant of good faith and

6   fair dealing, and claims for unfair business practices. Defendants in their motions suggest that

7   none of plaintiff's non wage and hour claims should survive a motion to dismiss because (a) they

8   are preempted by federal wage and hour law or (b) the facts to do not support Plaintiff's claims.[8]

9   Both of these arguments fail at this stage in the litigation. As will be explored below, some of

10   Plaintiffs' non wage and hour claims survive. However, more importantly, it is too early in the

11   litigation to determine if Plaintiffs' fraud and conversion claims are preempted by FSLA or if the

12   claims can also stand.

13          In *Mersnick v. US Protect Corp* the federal court addressed some of these issues in

14   Defendant US Protect Corp's FRCP I2(b)(6) Motion. *In Mersnick* Plaintiffs were contracted by

15   Defendant US Project Corporation, a private contractor, to provide security and investigative

16   services on Vandenberg Air Force Base, a federal enclave in California. Plaintiffs' claims

17   included wage and hour claims, and other claims under Cal. Labor Code, as well as claims for

18

19   ─────────────

    [8]

20   For example the L-3 Defendants state in their Motion to Dismiss that although the CAT I contract is called "CAT I Independent Contractor Agreement" *(see exhibit B FAC)* the language in the CAT I contract. "The Company desires to have

21   the services of the Independent Contractor...[t]he Independent Contractor is willing to provide services for the company," cannot be the material fact element of a fraud complaint because it a mere expression of opinion or

22   statement of future events. However defendant's statement that the independent contractor language is "mere expression of opinion" defeats defendant's own

23   argument, as whether something is a mere expression of opinion or something more is necessarily a question of fact for the finder of fact.

unjust enrichment, promissory estoppel, breach of contract, and claims under Cal. Bus. Code §

17200. Pursuant Defendant's 12(b)(6) motion, the Federal Court dismissed the *Mersnick*

Plaintiffs' claims under Cal. Labor code holding that these claims were preempted by the FSLA.

*Mersnick supra* @ pgs 10 -13. However, the Court *in Mersnick* refused to dismiss several of

Plaintiffs' other claims under California common law and ultimately gave leave for Plaintiff to

amend claims including breach of contract.

    In addressing Plaintiff's claims for unjust enrichment, the *Mersnick* court held that an

unjust enrichment claim was not barred by the Federal Enclave Doctrine as unjust enrichment was

a cause of action that existed at the time Vandenberg Air Force Base became a Federal Enclave.

*Mersnick supra* @ pgs 13-14. Similarly, the *Mersnick* court refused to dismiss Plaintiffs

promissory estopple claim holding that (1) promissory estopple existed in California common law

at the time Vandenberg Air Force Base came into existence and (2) "Defendant's argument that

plaintiff's reliance is unreasonable is an issue of fact, not an issue this court can resolve in a

motion to dismiss for failure to state a claim." *Mersnick supra* @ pg 14. The court did however

dismiss Plaintiffs claims for violations of Cal. Bus. Prof. Code § 17200, as the court found that the

FSLA claims preempted that California statutory claim.

    Similarly in the instant case, Plaintiffs claims for fraud and conversion are not preempted

by the Federal Enclave Doctrine as Fraud and Conversion were part of the California law at the time

Ft. Irwin and Twenty-Nine Palms became Federal Enclaves in 1940 and 1942 respectively.[9] *Gruber*

*v. Pacific Slates Sav. & Loan* Co.,(1939) 13 Cal.2d 144, 148 (defining conversion as any act of

---

[9] TCS Points and Authorities in Support of Motion to Strike page 2 lines 19-25

dominion wrongfully exerted over another's personal property in denial of or inconsistent with his

rights therein); *Arzaga v. Villalba* (1890) 85 Cal. 191 (Exemplary [punitive] damages may be

awarded in an action for the conversion of personal property, as well as in an action for the recovery

of the property itself); and *Stephan v. Superior Court in and for Los Angeles County* (1920) 183

Cal. 673 (An action for damages for fraud or deceit is a common-law action for damages tort).

Further, like the Plaintiffs in *Mersnick,* Plaintiffs in the instant case may maintain all claims against

Defendants, wage and hour and other claims, as long as Plaintiffs have meet the requirement of

FRCP 8. Also like the *Mersnick* Plaintiffs, it is too early in the litigation to say with certainty

whether Plaintiffs claims for conversion and fraud are preempted by FSLA or not.

Similarly, Defendant TCS in states in its Motion to Dismiss that Plaintiffs' claim for

conversion must be dismissed as FSLA provides the exclusive remedy for wage and hour claims.

Plaintiffs do not argue that FSLA is the exclusive remedy for wage and hour claims; however whether

a claim for conversion or fraud is merely duplicative of a wage and hour claim is necessarily a

question of fact, unable to be adjudicated at this stage in the proceeding. TCS cites as one support of

its argument that conversion is preempted by FSLA the case *Anderson v. Sara Lee Corp.* (4t1' Cir.

2007) 508 F.3d 181. In *Anderson* the Fourth Circuit did indeed ultimately reject those Plaintiffs' fraud

and conversion claims, however that decision was based on the specific facts of that case, not a

general rule that conversion or fraud claims when plead together with wage and hour claims are

always preempted by the wage and hour claims.

In *Anderson,* Plaintiffs were required to arrive at work early to change into a uniform and

then change out of the uniform and turn it in after work. These "dress and undress" periods were

unpaid by the employer. Plaintiffs in that case sued the employer claiming fraud, conversion,

negligence, unfair business practices, and breach of contract for the "wage and hour" violations. *Anderson supra I(A)*(B). The trial court dismissed the conversion claim when it determined that any misrepresentation of the FSLA was negligent and not intentional. *Anderson supra § H.* In the instant case, there is no evidence before the Court to show whether any misrepresentation was or was not negligent or intentional. Accordingly it is too early to dismiss Plaintiffs conversion claim.

More importantly however, the Fourth Circuit Court of Appeals disagreed with the trial court's decision to dismiss Plaintiffs fraud claim on Defendants FRCP I2(b)(6) motion. The Fourth circuit stated that Plaintiffs reliance on Defendants representation to pay all that was due to Plaintiff's per wage and hour laws, and Defendants subsequent failure to pay for the dress and undress period were sufficient to state a claim for fraud under North Carolina Law even under the heightened pleading standard required in FRCP 9(b). *Anderson § II(A).* It is true that after reviewing the facts of that case, the Fouth Circuit found that any and all damages of the plaintiffs were addressed by the FSLA and therefore it held that all other claims were preempted by the FSLA. However this case is very different from emplyees being forced to arrive to work a few minutes early and stay a few minutes after work to change a uniform as in *Anderson.* As stated above, Plaintiffs in this case were isolated deep on US Military bases for three weeks at time essentially without freedoms or liberties. Again, whether or not can state a case for conversion or fraud, cannot be decided at this preliminary junction. *See Craftmatic Securities Litigation v. Kraftsow* (3d. Cir 1989) 890 F.2d 628, 645 ([I]n the case of corporate fraud, plaintiff cannot be expected to have personal knowledge of the details of corporate internal affairs

Accordingly, Plaintiffs request this Court to deny Defendants motion with respect to Plaintiffs' third cause of action for Conversion, and Plaintiffs' seventh cause of action for fraud. In

1  the alternative, Plaintiffs ask this Court to grant leave to amended the complaint in order to remedy

2  any defects that may exist.

3      C.  <u>Some of Plaintiffs' Tort causes of action may effectively  remain under</u>

4  <u>Virginia Law, if Virginia Law Applies</u>

5      All of CAT I contracts have an applicable law clause stating that the laws of the

6  Commonwealth of Virginia shall govern this agreement.[10]  However, as stated above, TCS in its

7  Motion to Strike and Motion to Dismiss does not cite the CAT I contract or state that its application

8  of law clause applies. The L-3 defendants, on the other hand, acknowledge that under both California

9  and Virginia law, the express, written intention of parties to apply law of a certain jurisdiction will

10  be enforced. *Paul Business Systems, Inc. v. Canon U.S.A.* (1990) 240 Va. 337, 342; *Nedlloyd LinesB.*

11  *V. v. Superior Court* (1992) 3 Cal. 4°i 459, 464-65.

12      Furthermore, under the Federal Enclave Law as noted above, the Virginia Law may apply

13  If the CAT-1 contract's provision that Virginia Law will apply is eventually deemed to be valid, then

14  the law of Virginia as to fraud and/or conversion would be relevant, as of 1940 and 1942.  Indeed,

15  like the California Law, Virginia Law accepted fraud and conversion as causes of action BEFORE

16  1940 and 1942, when Ft. Irwin Twenty-nine Palms came into existence respectively.  (Please see

17  *Shoemaker v. Cake*, 83 Va. 1 (1887) and *Lloyd v. Smith*, 150 Va.132 (1928) for fraud and *Buckeye*

18  *Nat. Bank v. Huff & Cook*, 114 Va. 1 (1912) for conversion.) Of course, there also remains the

19  question as to whether or not Virginia Law applies if the entire contract was obtained by fraud at the

20  inception. These are complex legal issues that simply cannot be determined at the pleading stage.)

21

22

23    [10]  FAC Exhibit B Paragraph 12.

Accordingly, at this stage in the litigation, Plaintiffs' cannot be sure whether Virginia law will apply as between Plaintiffs and all Defendants, or only the L-3 Defendants, or whether Federal Enclave law will preempt. However, if Virginia law did apply, some of Plaintiff's non wage and hour claims could survive at this stage in the pleading.

IV. <u>CONCLUSION</u>

Although the main thrust of Plaintiff's claim is that Defendants did not pay full and fair wages as required under the applicable law, Plaintiffs also advance a theory that Defendants intentionally and wrongfully classified them as "independent contractors." Defendants are very sophisticated business entities. Plaintiffs are by and large relatively recent emigres to the United States. IRS publication 15 T pages 6-8, and publication 1779, clearly state who is and who is not an independent contractor. Plaintiffs' claims that Defendants did or should have known these rules and disregarded them for their own benefit must be allowed to continue past this beginning stage of the litigation. Plaintiffs must be given a chance to prove their case. Whether or not Defendants intentionally misclassified plaintiffs as independent contractors cannot be determined at this early stage of the litigation.

Accordingly, Plaintiffs ask this Court to deny Defendants Motions to Dismiss pursuant FRCP 12(b)(6) and (9) and TCS's Motion to Strike. In the alternative, Plaintiffs ask this Court for leave to amend the FAC in order to cure any defect that may exist in the pleadings.

Dated: October 5 , 2009          Respectfully submitted,
                                 LAW OFFICE OF DAN ZEIDMAN
                                 DAN ZEIDMAN


                                 By: _____
                                     Dan Zeidman, Esq.
                                     Email: dzlaw@cox.net
                                     Attorneys for Plaintiffs